ORIGINAL

CU 550

FILED
07 AUG -8 PM 1: 53
CLERK RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §§ 1983**

2  Name _BARNETT_          _BRIAN_          _KEITH_

3      (Last)                (First)           (Initial)

4  Prisoner Number _T-38323_

5  Institutional Address _125 ALDER STREET, P.O. BOX 1050 SOLEDAD, CA 93960-1050_

6

7            **UNITED STATES DISTRICT COURT**
          **NORTHERN DISTRICT OF CALIFORNIA**  E-filing

8

9  _BRIAN KEITH BARNETT_        C 07      4071
(Enter the full name of plaintiff in this action.)

10               vs.              Case No._____    **CW**
                           (To be provided by the Clerk of Court)

11  _ELOY MEDINA CCII, SALINAS VALLEY SP_ )

12  _MICHAEL EVANS, WARDEN SALINAS VALLEY SP_ )  **COMPLAINT UNDER THE**
                                      **CIVIL RIGHTS ACT,**

13  _D.A. TRAVERS, CDW (A) SALINAS VALLEY SP_ )  **Title 42 U.S.C § 1983**

14  _A. WILLIAMS CCII SALINAS VALLEY SP_ )             **(PR)**
(Enter the full name of the defendant(s) in this action)

15  _DEFENDANTS CONTINUED ON 1-A_ )

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.     Exhaustion of Administrative Remedies.

18      **[Note:** You must exhaust your administrative remedies before your claim can go

19      forward. The court will dismiss any unexhausted claims.]

20      A.    Place of present confinement _SALINAS VALLEY STATE PRISON_

21      B.    Is there a grievance procedure in this institution?

22            YES (X)    NO ( )

23      C.    Did you present the facts in your complaint for review through the grievance

24      procedure?

25            YES (X)    NO ( )

26      D.    If your answer is YES, list the appeal number and the date and result of the

27      appeal at each level of review. If you did not pursue a certain level of appeal,

28      explain why.

COMPLAINT                - 1 -

DEFENDANTS CONTINUED:

1  LT. N. WALKER, SALINAS VALLEY SP

2  CAPT. L.A. NIEGRON JR. (FC) SALINAS VALLEY SP

3  M.P. MOORE III (CDO) SALINAS VALLEY SP

4  LT. J.J. HUGHES SALINAS VALLEY SP

5  CAPT. GEORGE LEWIS (FC) SALINAS VALLEY SP

6  C/O (SGT.) A. SOTELO SALINAS VALLEY SP

7  C/O D. RUFFIN SALINAS VALLEY SP

8  C/O D. ROCHA SALINAS VALLEY SP

9  C/O E. PEREZ SALINAS VALLEY SP

10 C/O S. PICAZO SALINAS VALLEY SP

11 C/O J. SPAULDING SALINAS VALLEY SP

12 C/O D. SCHLITZ SALINAS VALLEY SP

13 SGT. L. WASHINGTON SALINAS VALLEY SP

14 LVN J. ZEIGUER SALINAS VALLEY SP

15 C/O SEVILLA           SALINAS VALLEY SP

16                       DEFENDANTS

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    1-A

1. Informal appeal _THE PLAINTIFF SOUGHT ON SEVERAL SEPARATE OCCAI-SIONS AND INSTANCES TO PRESENT RELEVANT ISSUE ON ADMINISTRA-TIVIE APPEAL AS DEMONSTRATED AT PAGES 2-A THROUGH 2-C_

2. First formal level _SEE PAGE 2-A THROUGH 2-C_

3. Second formal level _SEE PAGE 2-A THROUGH 2-C_

4. Third formal level _SEE PAGE 2-A THROUGH 2-C_

E.    Is the last level to which you appealed the highest level of appeal available to you?

       YES ( )    NO (X)

F.    If you did not present your claim for review through the grievance procedure, explain why. _THE PLAINTIFFS EFFORTS TO EXAUST ADMINISTRATIVE REMEDIES WERE OBSTRUCTED IN THE (5) FIVE INDIVIDUAL INSTANCES THE MATTERS WERE SOUGHT TO BE RAISED VIA THE CDC ADMINISTRATIVE APPEAL PROCESS (SEE 2-A-C)_

II.    Parties.

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

_BRIAN KEITH BARNETT, T-38323 FACILITY D8-110 ASU, SALINAS VALLEY STATE PRISON, 31625 HWY 101 M, POST OFFICE BOX 1050, SOLEDAD, CALIFORNIA 93960-1050_

B.    Write the full name of each defendant, his or her official position, and his or her place of employment.

COMPLAINT                                    - 2 -

1  THE PLAINTIFF ASSERTS THAT PURSUANT TO 42 U.S.C. §1997e SEVERAL SINCERE

2  EFFORTS WERE INITIATED IN WHICH THE PLAINTIFF SOUGHT TO EXAUST SEVERAL SUBSTANTIVE

3  ISSUES RELATIVE TO THE VIOLATION OF THE PLAINTIFF'S PROCEDURAL DUE PROCESS HEARING

4  RIGHTS AS ARE CLEARLY ESTABLISHED, DEFINED AND CODIFIED IN CALIFORNIA CODE OF

5  REGULATIONS TITLE 15. DIVISION 3. CHAPTER 1. RULES AND REGULATIONS OF THE DIR-

6  ECTOR (SECRETARY) OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILIT-

7  ATIONS ARTICLE 5. "INMATE DISCIPLINE" SECTIONS §§3310-3326. AND IN EACH INSTAN-

8  CE THE PLAINTIFFS EFFORTS PROVED TO BE AN EXERCISE IN FUTILITY AS DEMOSTRATED IN

9  THE REFERENCES FOLLOWING:

10  1. INMATE PAROLEE APPEAL LOG# SVSP D-06-00456 DATE SUBMITTED 01-10-06

11  IN WHICH THE PLAINTIFF WAS NOT TIMELY ISSUED CDC 115 RULES VIOLATION REPORT AND

12  CRIME INCIDENT REPORT RELATIVE TO A CLAIMED 06-24-05 "BATTERY ON STAFF/USE OF

13  PHYSICAL FORCE" LOG NO. FD 06-06-0045, CRIME INCIDENT REPORT LOG NO FD1-05-

14  06-0403 WHICH THE PLAINTIFF IN FACT WAS ABLE TO ONLY PUSH TO THE SECOND LEVEL IN

    WHICH HE WAS INTERVIEWED BY LT. R. BOCCELLA AFTER WHICH ELOY MEDINA CCII

    THEN ISSUED A SCREENING FORM SUGGESTING NUMEROUS AND SEPARATE ISSUES AND THEN

    CANCELLED THE APPEAL. ON 05-12-06 (ATTACHED SEPARATELY BOUND EXHIBIT "B")

15  2. INMATE PAROLEE APPEAL LOG# (NO LOG NUMBER ISSUED) DATE SUBMITTED JUNE 22, 2006

16  IN WHICH THE PLAINTIFF PRESENTED CORRECTIONAL STAFF/OFFICIALS A OPPORTUNITY TO ADDRESS

17  THE ONGOING VIOLATION OF HIS PROCEDURAL DUE PROCESS RIGHT IN THAT THE PLAINTIFF

    NEVER REQUESTED OR AUTHORIZED ANY POSTPONEMENT OF A HEARING ON THE CLAIMED 06-24

18  05 RULES VIOLATION REPORT FD-05-06-0045, CRIME INCIDENT REPORT LOG NO. FD1-05-06-

    0403 WHICH SCREENED OUT BY ELOY MEDINA CCII ON THE PREMISE THAT HE CLAIMED TO NOT

19  UNDERSTAND THE BASIS OF THE ADMINISTRATIVE APPEAL ON JUNE 26, 2006 AT WHICH POINT THE

    PLAINTIFF ON JUNE 28, 2006 SUBMITTED A MEMORANDUM TO ELOY MEDINA CCII POINTING OUT

20  THE SIMPLE FACT THAT HIS PROCEDURAL DUE PROCESS HEARING RIGHTS WERE BEING VIOLATED AND

    WENT ON TO CLEARLY EXPLAIN THE FACT AS WELL AS THE FACTS SURROUNDING THE ISSUE AND

    EVENTS. HOWEVER THE APPEAL WAS AGAIN ON JULY 3, 2006 REJECTED BY ELOY MEDINA CCII

    [EXHIBIT "C" SEPARATELY BOUND]

21  3. INMATE PAROLEE APPEAL LOG# (NO LOG NUMBER ISSUED) DATE SUBMITTED AUGUST

22  4, 2006 CITIZENS COMPLAINT ALLEGING MISCONDUCT BY DEPARTMENTAL STAFF IN

23  WHICH A CORRECTIONAL OFFICER APPROACHED THE PLAINTIFF AND INTENTIONALLY PRE-

    VARICATED WHEN ASKED IF HE WAS THE ASSIGNED INVESTIGATIVE EMPLOYEE ON CDC

24  RVR FD 05-06-0045 TO WHICH %J. SPAULDING ANSWERED IN THE AFFIRMATIVE

    CLAIMING TO BE SEEKING TO PICK UP A WRITTEN STATEMENT FROM THE PLAINTIFF A ACT

25  THAT WAS PREVIOUSLY ATTEMPTED BY A %HICKS WHO WHEN ASKED IF SHE WAS THE

    INVESTIGATIVE EMPLOYEE ANSWERED IN THE NEGATIVE AND INDICATED THAT SHE WAS

26  ASKED BY A % SCHLITZ TO PICK UP A WRITTEN STATEMENT FROM THE PLAINTIFF WHICH IS

    WHY THE PLAINTIFF ASKED %O. SPAULDING SEVERAL TIMES BEFORE PROVIDING THE

27  SAID WITH ANY OF THE PLAINTIFFS PREPARED INITIAL QUESTIONS OR WRITTEN STATEMENT

    UPON LATER BEING INFORMED BY %O. SPAULDING THAT HE WAS NOT IN FACT THE ASSIGNED

28  INVESTIGATIVE EMPLOYEE THE PLAINTIFF SUBMITTED THE ABOVE REFERENCED INMATE PAROLEE

COMPLAINT                              2-A

3. CONTINUED: APPEAL WHICH WAS SCREENED OUT ON AUGUST 7, 2006 BY ELOY MEDINA CCII ON THE PREMISE THAT "TO APPEAL AN RVR YOU MUST ATTACH A COMPLETE FINAL COPY W/IN 15 DAYS OF RECEIPT" TO WHICH THE PLAINTIFF RETURNED THE INMATE PAROLEE APPEAL THAT WAS RETURNED TO HIM ON AUGUST 21, 2006 TO THE APPEALS COORDINATOR ELOY MEDINA CCII ON AUGUST 23, 2006 WITH A MEMORANDUM ATTACHED STATING THAT THE SCREENING DECISION IS INACCURATE AS THE APPEAL WAS CLEARLY NOT APPEALING A RULES VIOLATION REPORT BUT WAS IN FACT A STAFF MISCONDUCT COMPLAINT TO WHICH ON AUGUST 24, 2006 ELOY MEDINA CCII CANCELLED THE RESUBMITTED APPEAL CLAIMING "PER 3084. 4 (d) (SEPARATELY BOUND EXHIBIT "D")

4. INMATE PAROLEE APPEAL LOG # (NO LOG NUMBER ISSUED) DATE SUBMITTED OCTOBER 15, 2006 THE PLAINTIFF RECEIVED ON OCTOBER 11, 2006 AN ALLEGED INVESTIGATIVE EMPLOYEE REPORT DATED OCTOBER 10, 2006 CLAIMING TO BE AUTHORED BY A C/O SEVILLA WHO ACCORDING TO THE WRITTEN REPORT WAS ASSIGNED AS THE INVESTIGATIVE EMPLOYEE FOR CDC RVR FD-05-06-0045 AND CLAIM IN THE REPORT THAT THE PLAINTIFF ALLEGEDLY STATED THAT HE HAD NO OBJECTIONS TO THE SAID SERVING IN THE CAPACITY OF INVESTIGATIVE EMPLOYEE. HOW- EVER THE PLAINTIFF NEVER AT ANY TIME SPOKE TO ANY C/O SEVILLA AND THE FACT AS STATED IN "3" ABOVE IS CLEAR AS TO WHOM THE PLAINTIFF PROVIDED INFORMATION AS STATED AND UPON RECEIVING THE FALSIFIED DOCUMENT THE PLAINTIFF PREPARE A STAFF MISCONDUCT COMPLAINT REGARDING THE MATTER WHICH ELOY MEDINA CCII SCREENED OUT CLAIMING IT TO BE A "DUPLICATE APPEAL, SAME ISSUE" "THIS IS ANOTHER APPEAL REGARDING FD-05-06-0045" WHICH FURTHER FRUSTRATED THE PLAINTIFF WHO AFTER RECEIVING THE ADMINISTRATIVE APPEAL ON NOVEMBER 8, 2006 THE PLAINTIFF WROTE A COVER LETTER EXPLAING THE PROBLEMS HE WAS HAVING TO THE SECRETARY OF CORRECTIONS TO WHICH ON JANUARY 26, 2007 THE 602 WAS RETURNED TO THE PLAINTIFF WITHOUT ANY CONSIDERATION AT ALL RENDERING AGAIN THE ADMINISTRATIVE APPEAL PROCESS AN EXERCISE IN FUTILITY. (SEPARATELY BOUND EXHIBIT "E")

5. INMATE PAROLEE APPEAL LOG # SVSP A-06-03432 DATE SUBMITTED NOVEMBER 3, 2006 UPON RECEIVING A CLAIMED FINAL COPY OF CDC RVR LOG NO. FD-05-06-0045 AS IT RELATES TO THE FRAUDULENTLY CLAIMED HEARING SAID TO BE HELD 6 DAYS AFTER THE BOGUS INVESTIGATIVE REPORT MATTER INDICATED IN 3+4 ABOVE ON OCTOBER 17, 2006 A LIEUTENANT N. WALKER CLAIMED TO BE THE HEARING OFFICER FOR CDC RVR FD-05-06-0045 AT WHICH POINT I ASKED THE SAID ABOUT THE WITNESSES I REQUESTED IN THE WRITTEN STATEMENT THAT I PROVIDED TO C/O SPAULDING ON 8-3-2006 WHEN HE LIED TO THE PLAINTIFF CLAIMING TO BE THE INVESTIGATIVE EMPLOYEE AS STATED IN 3+4 ABOVE, THE PLAINTIFF SPECIFICALLY REQUESTED THE FOLLOWING WITNESSES AT THE HEARING C/O A. SOTELO; C/O D. RUFFIN; C/O D. ROCHA; C/O E. PEREZ; C/O S. PICAZO; SGT. L. WASHINGTON AND LVN J. ZEIGLER AS THE PLAINTIFF WAS ENTITLED PURSUANT TO CCR TITLE 15. §3315(e) WHICH THE LIEUTENANT IGNORED I TRIED TO POINT OUT CLEAR INCONSISTANT FACTS TO THE LIEUTENANT HOWEVER THE SAID HAD NO INTENT TO HOLD A VALID HEARING AND DEMONSTRATED TO THE PLAINTIFF THAT HE WAS OBVIOUSLY OF A PRE-DETERM- INELIEF THAT THE PLAINTIFF WAS GUILTY AND EVEN REFUSED TO ACKNOWLEDGE THAT THE TWO CDC FORM 7219 MEDICAL REPORT OF INJURY OR UNUSUAL OCCURRENCE ATTRIBUTED TO LVN J. ZEIGLER DID NOT HAVE MATCHING HANDWRITING OR SIGNATURES TO VERIFY THAT THE ALLEGED INJURIES ALLEGED TO HAVE BEEN RECIEVED BY C/O A. SOTELLO WERE IN FACT EXAMINED BY HER AS THE PLAINTIFF SOUGHT TO POINT OUT THE OBVIOUS FORGERY OF THE DOCUMENT BUT THE LIEUTENANT REFUSED TO EVEN CONSIDER ANY OF THESE FACTS AND SIMPLY CONTINUED TO FILL OUT HIS FORM STATING THAT HE FOUND ME GUILTY YET AS STATED NO VALID HEARING HAD BEEN HELD.

COMPLAINT                                    2-B

THE PLAINTIFF IN SETTING FORTH THE FACTS STATED IN ITEMS 1 THROUGH 5 IT BECOME QUITE
CLEAR THAT ALL EFFORTS ON THE PLAINTIFFS PART TO PRESENT ISSUES RELATIVE TO HIS PRO-
CEDURAL DUE PROCESS HEARING RIGHTS HAVE BEEN MET WITH DELAY, OBSTRUCTION, REFUSAL
TO PROCESS, INVALID SCREENING AND CANCELLATION BY ELOY MEDINA CCII APPEALS COOR-
DINATOR EFFECTIVELY DENYING THE PLAINTIFF ACCESS TO THE ADMINISTRATIVE APPEALS PRO-
CESS BY RENDERING EFFORTS INTO AN EFFORT IN FUTILITY AND TURNING THE ESTABLISHED AND
CODIFIED PROCEDURES INTO AN ADMINISTRATIVE PROCESS THAT FAIL TO PROVIDE THE MINIMUM
ACCEPTABLE STANDARDS PROMULGATED PURSUANT TO 42 U.S.C. §1997 e (b) RESULTING IN
A UNFAIR AND INEFFECTIVE ADMINISTRATIVE PROCESS INSTITUTED BY ELOY MEDINA CCII
APPEALS COORDINATOR SALINAS VALLEY STATE PRISON AND ACQUISCED TO BY THE CHIEF
OF INMATE APPEALS AND THE SECRETARY WHEN THE MATTER WAS BROUGHT TO THEIR AT-
TENTION VIA WRITTEN COMMUNICATION.

<u>JURISDICTION AND VENUE</u>

THIS COURT HAS ORIGINAL JURISDICTION OVER SUBJECT MATTER OF ALL CIVIL ACTIONS
ARISING UNDER THE CONSTITUTION AND LAWS OF THE UNITED STATES AND THE PARTIES PURSUANT
TO 28 U.S.C. §§1331 "FEDERAL QUESTION" 1357 "INJURIES UNDER FEDERAL LAWS" 1367
"SUPPLEMENTAL JURISDICTION" IN THAT THE PLAINTIFF ASSERTS THAT THIS COURT HAVING ORIGI-
NAL JURISDICTION AND SUPPLEMENTAL JURISDICTION OVER ALL CLAIMS THAT ARE SO RELAT-
ED TO CLAIMS IN THIS ACTION THAT THEY FORM A PART OF THE SAME CASE OR CONTROVERSY
UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION THE PLAINTIFF FURTHER ASSERT
THAT ADDITIONAL VIOLATIONS OF RIGHTS OF PLAINTIFF PURSUANT TO 18 U.S.C. §241-242

VENUE IS PROPER IN THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28
U.S.C. § 1391(b), BECAUSE THE EVENTS GIVING RISE TO PLAINTIFF'S CLAIM OCCURRED IN
THIS DISTRICT.

COMPLAINT                    2-C

II PARTIES
B. PAGE 3 CONTINUED:

1  LIEUTENANT N. WALKER, FACILITY D LIEUTENANT SALINAS VALLEY S.P.
2  CAPTAIN L.A. NEGRON JR. FACILITY D CAPTAIN (A) SALINAS VALLEY S.P.
3  CHIEF DISCIPLINARY OFFICER M.P. MOORE III. SALINAS VALLEY SP.
4  LIEUTENANT J.J. HUGHES  ADMINISTRATIVE SEGREGATION LT. SALINAS VALLEY SP
5  CAPTAIN GEORGE LEWIS FACILITY D CAPTAIN SALINAS VALLEY S.P.
6  C/O (SGT.) A. SOTELO    D1 FLOOR #2  SALINAS VALLEY S.P.
7  C/O D. RUFFIN         D1 CONTROL  SALINAS VALLEY S.P.
8  C/O D. ROCHA         D1 S+E #2  SALINAS VALLEY S.P.
9  C/O E. PEREZ         D1 FLOOR #1  SALINAS VALLEY  S.P.
10 C/O S. PICAZO        D2 FLOOR #2  SALINAS VALLEY  S.P.
11 C/O J. SPAULDING              SALINAS VALLEY S.P.
12 C/O D. SCHLITZ              SALINAS VALLEY S.P.
13 SERGEANT L. WASHINGTON D1+D2 SERGEANT SALINAS VALLEY S.P.
14 LVN J. ZEIGLER              SALINAS VALLEY S.P. (DATE OF INCIDENT)
15 C/O SEVILLA              SALINAS VALLEY SP
16
17
18
19
20
21
22
23
24
25
26
27
28
                    2-D II B CONTINUED

1  ELOY MEDINA CCII APPEALS COORDINATOR, SALINAS VALLEY STATE PRISON
2  MICHAEL EVANS, WARDEN, SALINAS VALLEY STATE PRISON
3  D.A. TRAVERS, CHIEF DEPUTY WARDEN, SALINAS VALLEY STATE PRISON
4  A. WILLIAMS, CCII SALINAS VALLEY STATE PRISON          (CONTINUED)
                                                             # 2-D
5  III.    Statement of Claim.

6          State here as briefly as possible the facts of your case. Be sure to describe how each

7  defendant is involved and to include dates, when possible. Do not give any legal arguments or

8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9  separate numbered paragraph.

10  ON JUNE 24, 2005 THE PLAINTIFF WAS PHYSICALLY BEATEN BY CORRECTIONAL OFFICERS

11  A. SOTELO, D. ROCHA AND G. PICAZO IN FACILITY D BUILDING 1 ADMINISTRATIVE

12  SEGREGATION MINI-YARD TRIANGLE AFTER TRYING TO FORCE THE PLAINTIFF THROUGH

13  FORCE FEAR AND INTIMIDATION TO ENTER A CELL WITH A PRISONER WHO EXPRESSED

14  A INCOMPATABLE MENS REA AND THE PLAINTIFF AT THE TIME WAS CONCERNED ABOUT

15  THE SAID CORRECTIONAL STAFF SEEKING TO TRY AND SET HIM UP. TO BE HARMED. THE

16  SAID CORRECTIONAL STAFF PUNCHED AND KICKED THE PLAINTIFF WHERE UPON AT SOME

17  POINT CORRECTIONAL SERGEANT L. WASHINGTON ARRIVED ON THE SCENE AFTER C/O D. RUFFIN

18  ACTIVATED THE BUILDING ALARM FROM HIS OBSERVATORY PERCH IN THE D1-CONTROL BOOTH

19  THE PLAINTIFF WAS ALREADY IN MECHANICAL RESTRAINTS CUFFED BEHIND HIS BACK AND C/O D

20  RUFFIN HANDED A PAIR OF LEG SHACKLES AND A SPIT BAG AND AFTER THE MECHANICAL RES-

21  TRAINTS WERE APPLIED TO THE PLAINTIFFS ANKLES A CONTROL RING WAS APPLIED TO THE

22  PLAINTIFF WHERE UPON HE WAS PICKED UP AND CARRIED FROM THE TRIANGLE AT WHICH POINT
                                                     STATEMENT CONTINUED AT 3-A
23  IV.    Relief.

24         Your complaint cannot go forward unless you request specific relief. State briefly exactly

25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  COURT COST + EXPENSES, ACTUAL AND COMPENSATORY DAMAGES AS DETERMINED BY THE COURT, PUNITIVE DAMAGES

27  IN THE AMOUNT OF $150,000.00, DECLARATORY JUDGMENT AND THE PLAINTIFF REQUEST THE COURT TO GRANT

28  "SUCH OTHER RELIEF AS MAY APPEAR PLAINTIFF IS ENTITLED"

COMPLAINT                          - 3 -

III STATEMENT OF CLAIM CONT:

1  C/O ROCHA, C/O PICAZO WHO HELD THE PLAINTIFFS UPPER BODY AND C/O A. SOTELO LIFTED THE
2  LEGS OF THE PLAINTIFF BY GRASPING THE CHAIN INBETWEEN THE SHACKLES ON THE PLAINTIFFS
3  ANKLES WHEREUPON THE PLAINTIFFS HEAD WAS SLAMMED INTO THE TABLE JUST OUTSIDE
4  OF THE "A" SECTION DOORWAY. THE PLAINTIFF WAS THEN SLAMMED TO THE FLOOR JUST
5  OUTSIDE HOLDING CELL # I WHERE UPON LIEUTENANT J. J. HUGHES PRESENCE BECAME
6  APPARENT CAUSE THE STAFF ROCHA, PICAZO AND SOTELO QUIT TRYING TO HURT THE PLAINTIFF
7  AND STOOD HIM UP AND PLACED HIM INSIDE HOLDING CELL # I WHEREIN LVN J. ZEIGLER
8  AND LVN MOSS RESPONDED WITH C/O E. PEREZ WHO WAS SUPPOSED TO EXAMINE THE
9  PLAINTIFF FOR INJURIES HOWEVER NO SUCH EXAMINATION TOOK PLACE SO NO INJURYS WERE IN
10 FACT DOCUMENTED HOWEVER LIEUTENANT J.J. HUGHES DIRECTED C/O E. PEREZ TO VIDEO TAPE
11 THE PLAINTIFF BEING MOVED VIA A WHEELCHAIR FROM D I TO C8 WHERE THE PLAINTIFF
12 WAS THEN PLACED IN C8-227 SINCE THE PLAINTIFF WAS NOT EXAMINED BY LVN ZIEGLER
13 THE ACTUAL VISUAL EXTENT OF THE PLAINTIFFS INJURIES WOULD BE LIKELY CONTAINED IN THE
14 VIDEO RECORD WHICH WAS ACCORDING TO THE REPORT OF C/O E. PEREZ WAS TURNED OVER
15 TO SERGEANT L. WASHINGTON. TWO (2) MEDICAL REPORTS OF INJURY OR UNUSUAL OC-
16 CURRENCE (CDC 7219) WERE ACCORDING TO REPORTS PREPARED RELATIVE TO THE
17 INCIDENT BY LVN J. ZIEGLER ONE RELATIVE TO THE PLAINTIFF THAT LIST NO INJU-
18 RIES AND ONE RELATIVE TO C/O (SGT) A. SOTELO (BADGE # 62190) THAT ALLEGES THAT
19 HE SUPPOSEDLY HAD A INJURY FROM A HEAD BUTT YET THE (2) SIGNATURES AND WRITING
20 ON THE CDC 7219 FORMS DO NOT MATCH AND ARE OBVIOUSLY FABRICATED TO SHOW
21 ALLEGED NONE EXISTANT INJURIES TO JUSTIFY THE ACCUSATION THAT THE PLAINTIFF
22 ALLEGEDLY COMMITTED BATTERY ON C/O (SGT) A. SOTELO. PRISON REGULATIONS REQUIRE
23 THAT A RULES VIOLATION REPORT CDC 115, A CDC 115 A IN WHICH A PRISONER WHO
24 IS SUBJECTED TO A DISTRICT ATTORNEY REFERRAL IS MANDATORILY REQUIRED BY REGULATIONS
25 TO SIGN IN EVENT THAT HE REQUEST POSTPONEMENT OF THE ADMINISTRATIVE DISCIPLIN-
26 ARY HEARING AND THE PLAINTIFF WAS SUPPOSED TO RECEIVE A COMPLETE COPY OF THE
27 CRIME INCIDENT REPORT PACKAGE (FDI-05-06-0403) HOWEVER THIS PLAINTIFF
28 WAS NEVER EVEN SERVED WITH ANYTHING OR MADE AWARE OF THE ALLEGATION AND AS

3-A

III. STATEMENT OF CLAIM CONT:

1  WAS COMPELLED TO PREPARE A 602 INMATE PAROLEE APPEAL 6 MONTHS LATER WHEN HE
2  BECAME AWARE OF THE ALLEGATION (INMATE PAROLEE APPEAL LOG # SVSP D-06-00456
3  IN WHICH THE PLAINTIFF POINTED OUT CONTRARY TO THE LATER CLAIMS OF C/O SCHLITZ WHO
4  ACCORDING TO THE CDC 115 CLAIMS TO HAVE ISSUED THE CDC 115 ON 7/5/05 AT 0700
5  HOURS AND THAT IT SUPPOSEDLY CONTAINED THE CDC 7219's (MEDICAL REPORTS OF INJURY
6  OR UNUSUAL OCCURRANCE) AND PREHEARING 115 PACKET. THEN ON 8/16/05 THE CRIME
7  INCIDENT REPORT FDI-05-06-0403 WAS ALLEGEDLY SERVED ON THE PLAINTIFF WHIS IS
8  DISPUTED AND IS PROCEDURALLY EXTRAORDINARY.
9      THE PLAINTIFF WHEN HE SUBMITTED INMATE PAROLEE APPEAL SVSP D-06-00456
10  SPECIFICALLY REQUESTED THAT HE BE PROVIDED A COPY OF ALL RECORDS RELATIVE TO THE
11  MATTER (I.e. RULES VIOLATION REPORT CDC 115, RULES VIOLATION REPORT 115-A
12  RULES VIOLATION REPORT PART-C CONTINUATIONS. CRIME/INCIDENT REPORT CDC 837
13  PACKAGE, JUS 8715A ETC.) AND THAT HE BE AFFORDED ALL OF HIS DUE PROCESS HEAR-
14  ING RIGHTS AS ENTITLED PURSUANT TO CCR TITLE 15 SECTIONS §§ 3320, 3321, 3316 AND
15  3315 (Id AT ITEM B INMATE PAROLEE APPEAL SUBMITTED JANUARY 10, 2006 SVSP D
16  06-00456) WHICH RESULTED IN ON APRIL 14, 2006 C/O SCHLITZ WHO WAS THEN
17  ACCOMPANIED BY C/O LOPEZ THE FACILITY D8 FLOOR OFFICER (AT THAT TIME) BRING-
18  ING ME A INCOMPLETE COPY OF THE DOCUMENTS THE PLAINTIFF WAS ENTITLED. THE PLAIN-
19  WAS ALLEGEDLY INTERVIEWED BY A SERGEANT R. NAVA WHICH NEVER OCCURRED ON
20  MARCH 9, 2006 FOR THE FIRST LEVEL OF APPEAL REVIEW AS REFLECTED IN DOCUMENT-
21  ATION DATED MARCH 10, 2006 ATTRIBUTED TO LIEUTENANT N. WALKER FACILITY D
22  AND CAPTAIN GEORGE LEWIS FACILITY D HOWEVER THE PLAINTIFF NOT BEING SATIS-
23  FIED PURSUED THE MATTER TO THE SECOND LEVEL AFTER THE MATTER WAS SUPPOSEDLY
24  REVIEWED BY LIEUTENANT WALKER AND THEN REVIEWED BY THE DIVISION HEAD
25  D. A. TRAVERS, ASSOCIATE WARDEN ON MARCH 24, 2006 AND INMATE PAROLEE
26  APPEAL WAS THEN RETURNED TO THE PLAINTIFF ON APRIL 10, 2006. THE PLAINTIFF
27  AS IS HIS RIGHT WAS NOT SATISFIED WITH THE DECISION SET FORTH BY THE FIRST
28  LEVEL REVIEWER SPECIFICALLY SETTING FORTH A STATEMENT OF FACT AND BASIS OF

2

III STATEMENT OF CLAIM CONT:

1   OPPOSITION AND DISSATISFACTION AND RESUBMITTING THE APPEAL FOR FURTHER
2   PROCESSING AND REVIEW WHEREIN ON MAY 11, 2006 LIEUTENATE R. BOCCELLA
3   THE FACILITY D BUILDING'S 1, 2 & 8 AD-SEG LIEUTNANT INTERVIEWED THE PLAINTIFF
4   ACKNOWLEDGING THE PROCEDURAL ERRORS MADE BY CORRECTIONAL STAFF PROVIDING
5   THE PLAINTIFF WITH THE MISSING REPORT PAGES AND OTHER REQUESTED DOCUMENTS WHICH
6   INCLUDED A APRIL 6, 2006 CDC 128B GENERAL CHRONO "REJECTED BY THE D.A ON
7   3/30/2006" AND THEN THE LIEUTNANT SOUGHT TO ENCOURAGE THE PLAINTIFF TO
8   WITHDRAW THE APPEAL WHICH THE PLAINTIFF POINTED OUT THAT WHEN THE SECOND LEVEL
9   REVIEWERS RESPONSE IS PREPARED SETTING FORTH ALL THE FACTS AS INDICATED BY LT.
10  R. BOCCELLA RELATIVE THE MATTER AS WELL AS THE FACT THAT THE PLAINTIFF NEVER IN
11  FACT WAIVED ANY HEARING RIGHTS THE PLAINTIFF MAY STOP THE MATTER THEN BUT
12  DID NOT MAKE ANY VERBAL OR WRITTEN PROMISES TO DO SO WHICH APPEARED TO THEN
13  UPSET LT. R. BOCCELLA WHO RETURNED THE ADMINISTRATIVE APPEAL WITH THE SECO-
14  ND LEVEL REVIEWERS RESPONSE TO ELOY MEDINA CCII APPEALS COORDINATOR
15  WHO ON MAY 12, 2006 SCREENED OUT THE APPEAL AND CANCELLED IT ON THE
16  PREMISE THAT THE APPEAL CONTAINED NUMEROUS SEPARATE ISSUES, THAT THE APPEAL
17  IS APPEALING AN RULES VIOLATION REPORT BEFORE IT IS FULLY ADJUDICATED, THAT THE
18  APPEAL COMBINED STAFF COMPLAINT ISSUES WITH OTHER ISSUES AND THAT THE APPELL-
19  ANT ALLEGEDLY CHANGED THE APPEAL ISSUE AT EACH LEVEL. AND THEN CLAIMED THAT
20  THE APPELLANT FALSIFIED THE INMATE PAROLEE APPEAL 602. YET IF SUCH WAS IN
21  FACT THE CASE REGULATIONS REQUIRE THAT A RULES VIOLATION REPORT TO BE ISSUED
22  AND NO SUCH RULES VIOLATION REPORT WAS ISSUED SETTING FORTH THIS PLAINLY SPECIOUS
23  CLAIM.
24      ON JUNE 22, 2006 THE PLAINTIFF SUBMITTED ANOTHER ADMINISTRATIVE APPEAL
25  IN WHICH HE SPECIFICALLY POINTS OUT THAT HIS PROCEDURAL DUE PROCESS HEARING RIGHTS
26  WERE BEING VIOLATED AND THAT IT HAS BEEN A ONGOING PROBLEM USED TO JUSTIFY THE
27  PLAINTIFF BEING RETAINED IN THE ADMINISTRATIVE SEGREGATION UNIT RATHER THAN BEING
28  SENT ON TO A SECURITY HOUSING UNIT FACILITY AT ANOTHER PRISON OR BEING TRANS-

3

**III STATEMENT OF CLAIM CONT:**

1  FILLED TO ANOTHER PRISON GENERAL POPULATION. THE PLAINTIFF POINTED OUT THAT HE

2  NEVER FACTUALLY WAIVED ANY HEARING RIGHTS ON RVR FD 05-06-0045 CRIME

3  INCIDENT LOG NUMBER  SVP-FDI-05-06-0403 WHICH WAS ALLEGEDLY REFERRED TO

4  THE MONTEREY COUNTY DISTRICT ATTORNEY FOR PROSECUTION HOWEVER THE RECORD REFLECTS

5  THAT NO TRANSMITTAL OF ANY REFERRAL WAS MADE UNTIL SEPTEMBER 20, 2005 APPROX-

6  IMATELY (4) FOUR MONTHS AFTER THE DATE OF THE ALLEGED JUNE 24, 2005 INCIDENT. IT

7  IS CLEARLY SET FORTH IN THE REGULATIONS THAT THE ONLY WAY A ADMINISTRATIVE DISCI-

8  PLINARY HEARING IS POSTPONED IS WHEN THE INMATE SUBMITS A WRITTEN REQUEST TO

9  THE CHIEF DISCIPLINARY OFFICER OR SIGNS AND DATES THE CDC FORM 115-A OF THE

10  SERIOUS RULES VIOLATION REPORT REQUESTING POSTPONEMENT OF THE HEARING PENDING

11  THE OUTCOME OF THE REFERRAL. THE PLAINTIFF AS SET FORTH ABOVE NEVER POSTPONE ANY

12  SUCH HEARING AND WAS NOT FACTUALLY MADE AWARE OF THE CLAIMED RULE VIOLATION

13  REPORT TIL AFTER HE SUCCESSFULLY CHALLENGED THE FINDINGS OF GUILT ON THE JUNE 20,

14  2005 INCIDENT WHICH LEAD TO THE PLAINTIFF INITIALLY BEING PLACED IN THE AD-SEC

15  YET THE SIMPLE FACT IRRESPECTIVE OF THE CLAIMS OF CORRECTIONAL OFFICIALS WITH

16  REGARD TO THE ILLICIT POSTPONING OF THE HEARING, THE FACT IS THAT EVEN IF ONE

17  PRESUMED THAT A VALID POSTPONEMENT EXISTED, ON MARCH 30, 2006 THE DISTRICT

18  ATTORNEY FORMALLY ISSUED A REJECTION TO CORRECTIONAL OFFICIALS WHO ACCORDING

19  TO REGULATIONS ARE THEN MANDATED TO HOLD A HEARING WITHIN 30 DAYS OF THE

20  REJECTION   CCR TITLE 15 SECTION §3316(c)(1)(c)  HOWEVER AT THE TIME THAT THE

21  PLAINTIFFS JUNE 22, 2006 APPEAL WAS SUBMITTED FOR THE PURPOSES OF EXHAUSTION AS IS

22  SET FORTH BY 42 U.S.C. §1997e  ELOY MEDINA CCII APPEALS COORDINATOR SVSP

23  SCREENED THE APPEAL OUT CLAIMING TO NOT UNDERSTAND ALL THE LEGAL JARGON. AND

24  TO SIMPLY STATE THE PROBLEM AND REQUESTED ACTION DATED 6/26/06. ON JUNE 28,

25  2006 THE PLAINTIFF PREPARED A MEMORANDUM ADDRESSING THE FACT THAT THE SCREEN-

26  ING DECISION WAS INACCURATE AND SPECIFICALLY POINTED OUT THAT THE APPEAL WAS TO

27  POINT OUT THE VIOLATION OF THE PLAINTIFFS PROCEDURAL DUE PROCESS RIGHTS AND TO

28  HIGHLIGHT WHAT [SUPPOSED LEGAL JARGON] HE DID NOT UNDERSTAND SO THAT I COULD

4

## III STATEMENT OF CLAIM CONTINUED:

1  ATTEMPT TO EXPLAIN IT TO THE APPEALS COORDINATOR. HOWEVER THE APPEALS COORDI-
2  NATOR ELOY MEDINA CCII ON JULY 3, 2006 SENDS IT BACK TO THE PLAINTIFF IN
3  WHICH HE STATES "RECEIVED WITHOUT COMPLIANCE TO SCREENING FORM" SENDING IT
4  BACK TO THE PLAINTIFF JULY 20, 2006 ESSENTIALLY AND EFFECTIVELY DENYING THE PLAINTIFFS
5  RIGHT TO ADDRESS THAT PROCEDURAL DUE PROCESS ASPECT OF THE TOTAL ONGOING PROBLEM.
6      ON AUGUST 4, 2006 THE PLAINTIFF SOUGHT TO SUBMIT A CITIZENS COMPLAINT
7  RELATIVE TO STAFF MISCONDUCT IN THAT ON AUGUST 3, 2006 C/O J. SPAULDING APPROACHED
8  THE CELL THE PLAINTIFF IS HOUSED CLAIMING TO BE THE ASSIGNED INVESTIGATIVE EMPLOYEE
9  ON CDC RVR FD-05-06-0045. ON A PREVIOUS OCCASION A C/O HICKS HAD APPROACHED
10 THE PLAINTIFF ABOUT A WRITTEN STATEMENT ON THE MATTER CLAIMING THAT A C/O SCHLITZ
11 SENT HER AFTER I POINTED OUT THAT I HAD NOT SPOKEN WITH AN INVESTIGATIVE EM-
12 PLOYEE SO WHEN I ASKED HER IF SHE WAS ASSIGNED AS THE INVESTIGATIVE EMPLOYEE
13 AND SHE SAID NO AND STARTED SAYING THAT SHE WAS ONLY THERE TO PICK UP A WRITTEN
14 STATEMENT FOR C/O SCHLITZ MY SUSPICIONS BECOME PIQUED SO WHEN C/O SPAULDING
15 APPROACHED THE PLAINTIFF ABOUT THE MATTER THE PLAINTIFF ASKED HIM MULTIPLE TIMES
16 IF HE WAS THE ASSIGNED INVESTIGATIVE EMPLOYEE. AT HIS CONTINUED REPRESENT-
17 TATION THAT HE WAS THE INVESTIGATIVE EMPLOYEE THE PLAINTIFF THEN PROVIDED TO THE
18 SAID C/O J. SPAULDING LEGAL DOCUMENTS WHICH CONTAINED A WRITTEN STATEMENT. QUESTIONS
19 TO BE POSED TO WITNESSES PRIOR TO HEARING BY INVESTIGATIVE EMPLOYEE. WHICH ALSO
20 CONTAINED A COMPLETE LIST OF ALL WITNESSES REQUESTED AT THE HEARING. THAT EVEN-
21 ING THE PLAINTIFF NOTED THAT C/O J. SPAULDING WAS APPARENTLY WORKING A DOUBLE AND
22 SINCE HE HAD REPRESENTED TO THE PLAINTIFF THAT HE WAS HIS INVESTIGATIVE EM-
23 PLOYEE THE PLAINTIFF SOUGHT TO BRING A FACT TO HIS ATTENTION HE OMITTED THE MORNING
24 OF AUGUST 3, 2006 AT WHICH POINT C/O J. SPAULDING TELLS THE PLAINTIFF THAT HE IS
25 NOT IN FACT THE PLAINTIFFS INVESTIGATIVE EMPLOYEE THAT HE WAS ONLY DOING A
26 FAVOR FOR C/O SCHLITZ WHO HE CLAIMED WAS THE REAL INVESTIGATIVE EMPLOYEE. I
27 ACCORDINGLY BECAME UPSET ABOUT THE C/O BALDFACED LYING TO ME AND BROUGHT THE
28 MATTER TO THE ATTENTION OF SERGEANT METCALF WHO INDICATED THAT I SHOULD CALM

S

III STATEMENT OF CLAIM CONT:

1  DOWN AND PUT PEN TO PAPER REGARDING THE MATTER WHICH I DID BY SUBMITTING
2  THE AUGUST 4, 2006 INMATE PAROLEE APPEAL WHICH WAS ON AUGUST 7, 2006
3  SCREENED OUT BY ELOY MEDINA CCII ON THE PREMISE THAT THE APPEAL WAS NOT
4  COMPLETE STATING THAT FOR ME TO FILE A COMPLAINT ON THE ISSUE I MUST ATTACH
5  A COMPLETE COPY (FINAL COPY OF CDC RVR 115) WITHIN 15 DAYS OF RECEIPT AND
6  ON AUGUST 21, 2006 IT WAS RETURNED TO THE PLAINTIFF WHEREIN ON AUGUST 23, 2006
7  THE PLAINTIFF PREPARED A MEMORANDUM SETTING FORTH THAT ELOY MEDINA CCII SET
8  FORTH AN INACCURATE SCREENING DECISION IN THAT THE APPEAL WAS SIMPLY A STAFF
9  MISCONDUCT APPEAL ADDRESSING THAT ISSUE AND ONLY THAT ISSUE RELATIVE TO THE FACT
10 THAT C/O J. SPAULDING LIED TO ME I.E. §§ 3291 + 3391 (CAL CODE REG TITLE 15) TO
11 WHICH ELOY MEDINA CCII AS ANTICIPATED CANCELLED THE ADMINISTRATIVE APPEAL.
12     ON OCTOBER 11, 2006 A INVESTIGATIVE EMPLOYEE REPORT DATE OCTOBER 10, 2006
13 ALLEGEDLY AUTHORED BY A C/O SEVILLA WHO ACCORDING TO THE REPORT CLAIMS TO HAVE
14 BEEN ASSIGNED AS THE INVESTIGATIVE EMPLOYEE ON CDC RVR FD-05-06-0045
15 AND FURTHER CLAIMED TO HAVE INFORMED THE PLAINTIFF THAT (HE/SHE) WAS ASSIGNED
16 AND THAT THE PLAINTIFF ALLEGEDLY STATED THAT HE HAD NO OBJECTIONS TO C/O SEVILLA SER-
17 VING IN THE INVESTIGATIVE EMPLOYEE CAPACITY. THIS STATEMENT AS WELL AS THE
18 FRAUDULENT CLAIM THAT (HE/SHE) INTERVIEWED ALL STAFF AND INMATE BARNETT CON-
19 CERNING THE RULES VIOLATION REPORT AND CONTRARY TO THE SPECIFIC WITNESS LIST THAT
20 WAS PROVIDED TO C/O J. SPAULDING ON AUGUST 3, 2006 THE WITNESS LIST ALLEGEDLY
21 PREPARED BY C/O SEVILLA OMITS LYN J. ZEIGLER. THE PLAINTIFF ACCORDINGLY THEN
22 PREPARED A STAFF MISCONDUCT COMPLAINT AND SUBMITTED IT OCTOBER 16, 2006 WHICH
23 ON OCTOBER 24, 2006 WAS SCREENED OUT BY ELOY MEDINA CCII SUGGESTING THAT
24 THE APPEAL DUPLICATES ANOTHER APPEAL SAME ISSUE " THIS IS ANOTHER APPEAL REGARDING
25 FD 05-06-0045 THE PLAINTIFF BEING FRUSTRATED IN HIS RIGHTS TO APPEAL AT EVERY
26 TURN SENT THE APPEAL TO JAMES TILTON, SECRETARY OF THE CALIFORNIA DEPARTMENT
27 OF CORRECTIONS AND REHABILITATION WITH A COVER LETTER POINTING OUT THE IMPROPER
28 SCREENING PRACTICES OF ELOY MEDINA CCII AND ON JANUARY 25, 2007 IN RESPONSE

6

III STATEMENT OF CLAIM CONT:

1  TO THE PLAINTIFFS NOVEMBER 8, 2006 COMMUNICATION THE CHIEF OF THE INMATE
2  APPEALS BRANCH N. GRANNIS RETURNS THE DOCUMENTS TO THE PLAINTIFF TELLING HIM
3  THAT THE APPEAL MUST BE COMPLETED THROUGH THE SECOND LEVEL etc. HOWEVER THE
4  FACT OF THE OBSTRUCTIONIST PRACTICES OF ELOY MEDINA ccII APPEALS COORDINATOR
5  SALINAS VALLEY STATE PRISON WERE IGNORED REDIRING MY EFFORTS INTO AN EFFORT
6  IN FUTILITY.

7       ON OCTOBER 17, 2006 APPROXIMATELY 16 MONTHS AFTER CDC RVR FD-05-06-
8  0045 WAS CALLED FOR A HEARING THAT WAS PRESIDED OVER BY N. WALKER LIEUTENANT
9  THE VERY SAME LIEUTENANT WHO ALLEGEDLY AUTHORIZED THE MARCH 10, 2006 FIRST
10  LEVEL REVIEW ON INMATE PAROLEE APPEAL SVSP D-06-00456 WHICH RELATES TO
11  THE PLAINTIFFS ALLEGED "BATTERY ON STAFF" RULES VIOLATION REPORT FD-05-0045
12  WHICH ACCORDING TO 15 CCR §3320.(h) "STAFF WHO OBSERVED, REPORTED, CLASSIFIED, SUPPLIED
13  SUPPLIMENTAL REPORTS TO, OR INVESTIGATED THE ALLEGED RULE VIOLATION; WHO ASSISTED THE
14  INMATE IN PREPARING FOR THE HEARING; OR FOR ANY OTHER REASON HAVE A PREDETERMINED
15  BELIEF OF THE INMATE'S GUILT OR INNOCENCE SHALL NOT HEAR THE CHARGES OR BE PRES-
16  ENT DURING DELIBERATIONS TO DETERMINE GUILT OR INNOCENCE AND DISPOSITION OF THE
17  CHARGES" THE PLAINTIFF ACCORDINGLY PREPARED INMATE PAROLEE APPEAL SVSP D-
18  06-03432 IN WHICH HE POINTED OUT THAT WHEN LIEUTENANT N. WALKER CALLED
19  FOR THE PLAINTIFF TO BE BROUGHT BEFORE HIM TO HEAR CDC RVR FD-05-06-0045
20  THAT HE REQUESTED WITNESSES NONE OF WHICH WERE PRESENT, HE BROUGHT TO HIS
21  ATTENTION THE FACT THAT YO J. SPAULDING LIED TO HIM STATING HE WAS THE INVESTIGAT-
22  IVE EMPLOYEE AS WELL AS THE FACT THAT LIEUTENATE N. WALKER WAS PROCEDURALLY
23  BARRED FROM HEARING THE MATTER AS WELL AS NUMEROUS OTHER PROCEDURAL DUE PROCESS
24  PROBLEMS WITH THE DISCIPLINARY PROCEEDINGS LIEUTENANT N. WALKER IGNORRED ALL
25  OF THE FACTS I POINTED OUT AND GOT ANGRY AT MY BEING FULLY CONVERSANT WITH ALL
26  THE FACTS AND RELATIVE REGULATIONS STORMING OUT OF THE OFFICE DIRECTING FLOOR
27  STAFF TO RETURN THE PLAINTIFF TO HIS CELL THE PLAINTIFF THEN ON NOVEMBER 3, 2006
28  WAS DELIVERED THE FINAL COPY OF THE 115 WHERE IT IS QUITE CLEAR THAT IRRESPECTIVE

7

III. STATEMENT OF CLAIM CONT:

1  THE ATTEMPT TO CREATIVELY TRY TO CONCEAL RELEVANT FACT THAT THE PLAINTIFFS
2  PROCEDURAL DUE PROCESS RIGHTS WERE VIOLATE AND THE MATTER WAS REVIEWED BY
3  L.A. NEGRON JR. FACILITY CAPTAIN (A) AND M.P. MOORE III CHIEF DISCIPLINARY
4  OFFICER SALINAS VALLEY STATE PRISON WHO BASICALLY RUBBER STAMPED THE ACT-
5  ACTION EVEN THOUGH THE 10/10/06 CDC 115-C UN-NUMBERED STATES "INMATE BARNETT
6  REQUESTED THE FOLLOWING WITNESSES TO BE PRESENT AT THE DISCIPLINARY HEARING :
7  C/O A. SOTELO, C/O D. ROCHA, C/O S. PICAZO, Sgt L. WASHINGTON C/O R. PEREZ AND
8  C/O D. RUFFIN. THIS LIST OMITS LVN J. ZEIGLER HOWEVER IT IS INTERESTING TO NOTE
9  THAT LIEUTENANT N. WALKERS HEARING DOCUMENTS INDICATE THAT THE PLAINTIFF
10 REQUESTED LVN J. ZEIGLER'S PRESENCE AT THE HEARING HOWEVER LVN J. ZEIGLER
11 CONVENIENTLY NO LONGER WORKS FOR THE CDCR AND LOCATION ALLEGEDLY UNKNOWN
12 THEREFORE THE SHO (SENIOR HEARING OFFICER) N. WALKER DENIED THE PLAINTIFFS
13 REQUEST ALLEGEDLY HOWEVER NO COMMENT IS MADE AS TO THE OTHER WITNESSES
14 DOCUMENTS CLEARLY SHOW WERE REQUESTED THEN THERE IS ALSO THE FACT THAT
15 CORRECTIONAL SERGEANT L. WASHINGTON ON MAY 10, 2006 ALLEGEDLY WROTE
16 A SUPPLEMENTAL REPORT WHICH WAS SIGNED BY NON OTHER THAN C/O SCHLITZ
17 FOR SERGEANT WASHINGTON (11) ELEVEN MONTHS AFTER THE INCIDENT IN QUESTION
18 AS WELL AS THE FACT THAT LIEUTENANT J.J. HUGHES ON JUNE 30, 2005 PREPARED
19 A CRIME/INCIDENT REPORT PART A1-SUPPLEMENT FOR INCIDENT LOG NUMBER
20 SVP-FD1-05-06-0403 WHERE AS SHE WOULD STATE THAT C/O A. SOTELO DID NOT
21 USE ANY FORCE DURING THE INCIDENT WHICH EVEN THOUGH C/O A. SOTELO CHECKED
22 THE BOX ON CRIME/INCIDENT REPORT PART-C STAFF REPORT PAGE 1 "FORCE USED
23 BY YOU" "NONE" YET THE REPORT CLEARLY STATES OTHERWISE WITHIN THE MEAN-
24 ING OF 15 CCR § 3268 "USE OF FORCE"
25     DISCIPLINARY PROCEEDINGS REQUIRE THAT ALL DUE PROCESS SAFEGUARDS MUST
26 BE OBSERVED IN PRISON DISCIPLINARY PROCEEDINGS IN THAT DUE PROCESS ALSO APPLIES
27 TO THE MAINTAINING THE PLAINTIFF IN THE ADMINISTRATIVE SEGREGATION BASED ON
28 THE PREMISE THAT THE DISCIPLINARY PROCESS AND D.A. REFERRAL PROCESS WAS NOT

8

III STATEMENT OF CLAIM CONTINUED:

1  COMPLETE. DUE PROCESS THE PLAINTIFF ASSERTS BY ITSELF REQUIRE PRISON OFFICIALS
2  TO MAKE A FINDING OF GUILT IN A PROCEDURALLY PROPER MANNER BEFORE IMPOSING
3  PUNISHMENT FOR VIOLATION OF RULES. WHERE IN THE INSTANT MATTER THE DEFENDANTS
4  HAVE EMPLIMENTED POLICIES AND PRACTICES WHICH RUN CONTRARY TO STATE REGULATORY
5  AND PENAL PROVISIONS AS TO THE MANNER IN WHICH THE DISCIPLINARY PROCESS IS SUP-
6  POSED TO PROCEED THEREFORE VIOLATING BOTH STATE AND FEDERAL DUE PROCESS PROVI-
7  SIONS.
8     DUE PROCESS IMPOSES A LIMITED RIGHT TO CALL WITNESSES AND PRESENT
9  DOCUMENTARY EVIDENCE AT THE HEARING WHICH AS THE RECORD ON THE MATTER WILL
10 REFLECT IS THE DIRECT RESULT OF LIEUTENANT N. WALKERS DENIAL OF OR IGNOR-
11 RING THE WITNESSES REQUESTED THE PLAINTIFF FURTHER SHOULD HAVE HAD THE RIGHT
12 TO PRESENT OR POINT OUT IRREGULARITIES AND INCONSISTANT FACTS CONTAINED IN THE RULES
13 VIOLATION REPORT AND SUPPLIMENTAL REPORTS BY COMPELLING THE WITNESSES TO TESTIFY
14 AT THE HEARING.
15    THE SENIOR HEARING OFFICER LIEUTENANT N. WALKER DENIED THE PLAINTIFF
16 THE MOST BASIC DUE PROCESS RIGHT OF BEING HEARD AS HE REFUSED TO EVEN LISTEN
17 TO WHAT THE PLAINTIFF HAD TO SAY BY EVEN CONSIDERING IN GOOD FAITH THE SUBSTANCE
18 OF WHAT THE PLAINTIFF SOUGHT TO PRESENT IN HIS DEFENSE.
19    THE PLAINTIFF WAS NOT TIMELY PROVIDED THE REQUIRED NOTICE OF THE CHARGES
20 AGAINST HIM AND HIS RIGHT TO A TIMELY DISCIPLINARY HEARING ON THE MATTER WAS
21 FRAUDULENTLY TAKEN FROM HIM BY C/O SCHLITZ WHO FURTHER ORCHISTRATED
22 THE A FRAUDULENT DELAY IN THE PROCEEDINGS BY CHECKING THE BOX AUTHORIZING
23 POSTPONEMENT OF THE PROCEDINGS PLACING RTS IN THE SPACE THAT MANDATE
24 THE PLAINTIFFS SIGNATURE FOR ANY SUCH POSTPONEMENT TO BE VALID.
25    WHILE LIEUTENANT N. WALKER CLAIMED THAT LVN J. ZEIGLER NO LONGER WORKED
26 FOR THE DEPARTMENT OF CORRECTIONS THE DENIAL OF THE OTHER WITNESSES REQUESTED
27 WAS NOT EVEN ADDRESSED AND ALL OF THE ACTIONS THAT OCCURRED LEADING UP TO THE
28 FRAUDULENT HEARING WHICH INCLUDE BUT IS NOT LIMITED TO C/O SEVILLA FALSIFYING

## III STATEMENT OF CLAIM CONT:

1  THE INVESTIGATIVE EMPLOYEE REPORT AND C/O J. SPAULDING FALSELY REPRESENTING
2  TO THE PLAINTIFF THAT HE WAS THE ASSIGNED INVESTIGATIVE EMPLOYEE WHEN HE
3  KNEW HE FACTUALLY WAS NOT EFFECTIVELY PARTAKING IN WHAT APPEARS TO HAVE BEEN
4  A ONGOING CONSPIRACY TO DENY THE PLAINTIFF HIS PROCEDURAL DUE PROCESS HEARING
5  RIGHTS.

6     THE PLAINTIFF HAS REPEATEDLY ATTEMPTED TO APPEAL VARIOUS ISSUES RELATIVE TO THE
7  MATTERS RAISED IN THIS LAWSUIT HOWEVER AS SET FORTH IN ITEM F 2-A THROUGH 2C
8  THE ADMINISTRATIVE APPEALS HAVE BEEN SCREENED OUT. FRUSTRATED OR OTHERWISE CANCEL-
9  LED BY ELOY MEDINA CCII IN VIOLATION OF THE CDC POLICIES AND PROCEDURES AS ARE
10  CLEARLY SET FORTH IN THE CALIFORNIA CODE OF REGULATIONS TITLE 15.

11     THE PLAINTIFF HAS SOUGHT TO BRING THIS PROBLEM TO THE ATTENTION OF THE WAR-
12  DEN MICHAEL EVANS TO NO AVAIL AS WELL AS THE ATTENTION OF JAMES TILTON. SECRE-
13  TARY CDCR HOWEVER SUCH COMMUNICATIONS HAVE BEEN IGNORED AND SUCH DOCUMENTS
14  HAVE IN MOST CASES BEEN RETURNED TO THE PLAINTIFF WHOSE EFFORTS TO ADDRESS THE
15  MATTERS ADMINISTRATIVELY ARE A EFFORT IN FUTILITY AS THE PLAINTIFF SOUGHT TO POINT
16  OUT TO THE MONTEREY COUNTY SUPERIOR COURT IN PETITION FOR WRIT OF HABEAS CORPUS
17  HC 5345 FILED APRIL 19, 2006 LATER BEING DENIED AND REFILED IN THE SIXTH APPELLATE
18  DISTRICT COURT OF APPEALS FOR THE STATE OF CALIFORNIA FURTHER EMBOLDEN ELOY MEDINA
19  CCII SINCE THE PLAINTIFF WHEN HE SUBMITTED THE PETITION FOR WRIT OF HABEAS CORPUS
20  TO THE COURT OF APPEALS  (IN RE BRIAN KEITH BARNETT 6TH DIST. CT APP. NO. H030198)
21  WHICH WAS SUBMITTED TO THE SAID COURT FOR FILING MAY 18, 2006 AND DENIED ON
22  JUNE 1, 2006. WHICH RESULTED IN THE APPEALS COORDINATOR ELOY MEDINA CCII TO BECOME
23  SO FLIPPANT IN HIS ACTIVITIES THAT THE PLAINTIFF WENT ON AND SUBMITTED NOTICLE TO THE STATE
24  VIA THE STATE BOARD OF CONTROL OF HIS INTENT TO BRING THIS CIVIL ACTION  CLAIM 6564610
25  WHICH WAS ACCORDINGLY REJECTED ON FEBRUARY 22, 2007 PAVING THE WAY FOR THIS ACTION
26  BEING FILED AS THE DUE PROCESS PROBLEMS AND DUE PROCESS RELATED ISSUES WERE AND HAD
27  BEEN CONTINUOUSLY ONGOING CULMINATING IN THE SO CALLED HEARING IN WHICH THE
28  PLAINTIFF WAS NOT EVEN ALLOWED TO DEFEND HIMSELF AS A PREDETERMINATION OF GUILT HAD

III STATEMENT OF CLAIM CONT:

1  ALREADY BEEN DECIDED UPON.

2     THE PLAINTIFF AS STATED ON SEVERAL OCCASIONS SOUGHT TO BRING THE PROBLEMS
3  TO THE ATTENTION OF THE SECRETARY OF THE CDCR AND THE CHIEF OF THE INMATE AP-
4  PEALS BRANCH YET SUCH WOULD BE RETURNED PURPORTEDLY BECAUSE THE APPEAL WAS
5  REJECTED, WITHDRAWN OR CANCELLED.

6     BECAUSE THE DEFENDANTS HAVE REPEATEDLY SCREENED OUT THE PLAINTIFFS
7  ADMINISTRATIVE APPEALS, THE GRIEVANCE PROCEDURE AS REQUIRED PURSUANT TO 42
8  U.S.C. § 1997e HAS BEEN RENDERED UNAVAILABLE TO THE PLAINTIFF AND AS OF A
9  RESULT THE DEFENDANTS CAN NOT NOW CLAIM THAT THE PLAINTIFF HAS FAILED TO EX-
10 HIS ADMINISTRATIVE REMEDIES.

11    ON NOVEMBER 3, 2006 THE PLAINTIFF SUBMITTED A ADMINISTRATIVE APPEAL SVSP
12 D-06-03432 ON THE RULES VIOLATION REPORT FD-05-06-0045 DISCIPLINARY HEAR-
13 ING ELOY MEDINA CCII APPEALS COORDINATOR ASSIGNED THE MATTER TO HIMSELF
14 AS THE SECOND LEVEL REVIEWER WHO CAME TO FACILITY D BUILDING 8 AND HAD THE
15 FLOOR STAFF BRING ME TO THE OFFICE WHERE THE PLAINTIFF WAS SAT IN A CHAIR WHILE
16 ELOY MEDINA CCII APPEALS COORDINATOR STOOD OVER HIM TRYING TO INTIMIDATE THE
17 PLAINTIFF THEN HE DEMANDS THAT THE PLAINTIFF RECITE A CDC FILE NUMBER AS HIS
18 IDENTIFICATION WHICH HE KNEW WOULD NOT HAPPEN AS THE PLAINTIFF HISTORICALLY
19 AS MANY RECORDS WILL REFLECT ONLY IDENTIFYS HIMSELF BY HIS FULL NAME THAT
20 HIS MOTHER GAVE HIM AT BIRTH AND OTHERWISE WILL PROVIDE CORRECTIONAL STAFF
21 WITH THE PRISON IDENTIFICATION CARD WHICH HAS A PHOTO WHICH ALSO IRONICALLY
22 WAS HANGING ON A HOOK BELOW THE PLAINTIFFS CURRENT CELL HOUSING.

23    WHEN THE PLAINTIFF RECITED HIS FULL NAME ELOY MEDINA CCII SAID TO THE
24 ESCORTING OFFICER WERE DONE TAKE HIM BACK TO HIS CELL AND PROMPTLY SCREENED
25 OUT THE PLAINTIFFS ADMINISTRATIVE APPEAL STATING "APPEAL CANCELLED DUE TO
26 REFUSAL TO COOPERATE AND THE PLAINTIFF ALLEGEDLY SHOUTING PROFANITIES AT ELOY
27 MEDINA CCII WHO AS A CCII HAS THE RANK OF LIEUTENANT BUT ASSUMES THE DUTIES
28 OF THE CHIEF DEPUTY WARDEN THE SECOND RANKING OFFICER AT THE PRISON

1
2
3
4
5      I declare under penalty of perjury that the foregoing is true and correct.

6

7      Signed this ___27___ day of _JULY_____, 20_07_

8

9                                    _____

10                                          (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                        - 4 -

EXHIBIT "A"

PROOF OF THE PETITIONERS ATTEMPTS TO SEEK ADMIN-
ISTRATIVE RELIEF AND INMATE APPEALS BRANCHES
FEBRUARY 21, 2007 RESPONSE INMATE/PAROLEE APPEAL
SCREENING FORM DATED 11-15-2006 BY ELOY MEDINA
CCII APPEALS COORDINATOR SVSP INMATE/PAROLEE
APPEAL LOG. NO. SVSP D-06-03432, SVSP RYR
DATED JUNE 24, 2005 FINAL COPY LOG NO. FD-06-06-0045
TOTAL NUMBER OF PAGES 17 ALL.

EXHIBIT "A"

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION          ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



February 21, 2007

BARNETT, CDC #T-38323
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

Re: Institution Appeal Log #SVSP 06-03432 Disciplinary

Dear Mr. BARNETT:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals. The
form must be completed through the Second Level of Review on behalf of the
Warden or Parole Region Administrator. Your appeal was rejected, withdrawn or
cancelled. If you disagree with that decision, contact the Appeals Coordinator.
You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can
answer any questions you may have regarding the appeals process. Library staff
can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

Mr. James E. Tilton, Secretary
California Department of Corrections & Rehabilitation
1515 S Street, Suite 502
Sacramento, California 95814

December 5, 2006

RE: Continuing Obstruction of Administrative Appeal Rights
By Devising Procedural Requirements that are not valid
SVSP D 06-03432

Dear Mr. Secretary

        I am writing this letter and enclosing inmate parolee appeal in view of the seriousness
of the issue raised and the fact that was cancelled by Eloy Medina on the premise that I allegedly refused
to interview. In fact in January 2006 I filed a 602 appeal on the fact that the very same basic issue
relative to the violation of my procedural due process rights have been in issue for well over a year when
I never in fact waived any rights nor was I ever issued a CDC 115 until after I filed inmate parolee
appeal SVSP D 06-00456 which Eloy Medina CCII also cancelled.

        I have a whole stack of inmate parolee appeals from January til date which include but are
not limited to citizen complaints to hearing right violations all valid issues which when considered
in light of regulations and state/federal laws will bring discredit on the department. In fact
contrary to what's written in the hearing portion of the enclosed appeal cancelled by Eloy Medina
no hearing was held Lt. N. Walker did not call any of my requested witnesses and had his mind made
up to do as he was obviously instructed to do and find me guilty so they could quit making up excuses
to the CSR for keeping me locked down without being afforded a 115 hearing on the matter for
well over a year.

        So as I have been instructed to do under such circumstances, I am sending the appeal to your
office anyway so that you can review the matter since Eloy Medina CCII only intentions on 11-15-0
to purposely try to incite or manufacture an excuse to try and cover up all the major problems with
the enclosed appeal matter which will not go away no matter what as it is the product of a major cover
up and I have been bringing it to the attention of many people. Thank you for your consideration on this
matter and if you choose to not do anything I ask that you return my paperwork to me and I will
pursue the next course I have been instructed to pursue.

Very sincerely

Mr. Brian Keith Barnett
T-38323 Facility D8-110 ASU
Salinas Valley State Prison
Post Office Box 1050
Soledad, California 93960-1050

ENCL. Document SVSP D 06-03432

State of California                 **INMATE / PAROLEE APPEAL SCREENING FORM**                 Department of Corrections and Rehabilitation

CDCR-695

INMATE: Barnett_____    CDC #: T-38323_____    CDC HOUSING: D8-110_____

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

### YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue                         [ ] Limit of One Continuation Page May Be Attached
[ ] Do Not Combine Staff Complaints with Other Issues    [ ] Inappropriate Statements
[ ] Time Constraints Not Met                             [ ] Action / Decision Not Taken By CDCR
[ ] Cannot Submit On Behalf Of another Inmate            [ ] DRB Decisions Are Not Appealable
[ ] No Significant Adverse Effect Demonstrated           [ ] Appealing Action Not Yet Taken
[ ] Pointless Verbiage/Appeal is vague                   [ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Incomplete 602                                       [ ] Not A Request Form; Use CDCR-7362 – to access Medical
[ ] Attempting to Change Original Appeal Issue               Services, submit your request on a CDCR-Form 7362.
[ ] Not Authorized to Bypass Any Level                       If necessary, sign up for sick call.
[ ] Request for Interview; Not an Appeal                 [ ] Write your appeal in black or blue ink, this is a legal
[ ] Numerous and separate issues                             document and pencil/inks other than black or blue do
                                                             not copy legibly

### PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>
Comments:   You may write on back of this form to clarify or respond to the above.

Appeal cancelled due to refusal to cooperate;
shouting profanities toward reviewer.

~signature~
**Eloy Medina, CC-II**
**Appeals Coordinator**

DEC - 5 2006

Date: 11/15/06

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*  Please
return this form to the Appeals Coordinator with the necessary information attached.

**PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE**

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region          Log No.                Category
1. SVSPd                              1. 06-03432            1
                                             2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.          *RVR*        *FD 05-06-0045*

| NAME BARNETT, BRIAN KEITH | NUMBER T-38823 | ASSIGNMENT NONE | UNIT/ROOM NUMBER D8-110 ASU |
|---|---|---|---|
| | | WAS MANUFACTURED | |

A. Describe Problem: ON 10-17-2006 A BOGUS HEARING ON CDC 115 FD-05-06-0045 BY N. WALKER LIEUTENANT WHO DENIED THE APPELLANT HIS RIGHT DUE PROCESS HEARING RIGHTS WHICH INCLUDE 15 CCR §3315(e) WITNESSES WHICH THE APPELLANT(V) CLEARLY SET FORTH ON THE WRITTEN STATEMENT OF THE ACCUSED THAT WAS PROVIDED TO C/O J. SPAULDING ON 8-3-2006 WHICH LISTED C/O A. SOTELO, C/O D. RUFFIN, C/O D. ROCHA, C/O E. PEREZ, C/O S. PICAZO, SGT L. WASHINGTON AND LVN J. ZEIGLER NON OF WHICH AS THE RECORD WILL REFLECT WERE PRESENT AND THE APPELLANT NEVER WAIVED ANY PROCEDURAL DUE PROCESS HEARING RIGHT AS WAS CLEARLY ESTABLISHED IN INMATE/PAROLEE APPEAL SVSP D-06-00456 AMONG OTHER INAPPROPRIATE ACTS. WHEN I TRIED TO PRESENT FACTS TO LIEUTENANT WALKER BUT HE HAD A PRE-DETERMINE BELIEF AND WAS LIKELY INSTRUCTED TO IGNOR THE RELE-VANT FACTS AND NO CDC 115 WAS IN FACT SERVED ON THE APPELLANT UNTIL 8-14-2006

If you need more space, attach one additional sheet.

B. Action Requested: THAT THE FINDING BE VOIDED AND THE MATTER BE DISMISSED SINCE THERE IS NO WAY THAT I AM GOING TO BE PROVIDED A FAIR HEARING IN ANYTHING LESS THAN A FULL COMMITTEE AND ALL DOCUMENTATION AND EVIDENCE IS CAREFULLY REVIEWED AND PREPONDERED SO AS TO RECEIVE ITS APPROPRIATE WEIGHT

Inmate/Parolee Signature: _____          Date Submitted: 11-3-2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response:

~~BYPASS~~

RECD NOV 0 8 2006

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~          RECEIVED INMATE APPEALS BRANCH DEC 11 2006   A2-1

Signature: _____          Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed          CDC Appeal Number: _____
Board of Control form BC-1E, Inmate Claim

CANCELLED   refusal to interview

804 to Records: SP   Date: 7/5/04

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. FD |
|---|---|---|---|---|---|---|
| T-38323 | BARNETT | | 9/2/2009 | SVSP | | 05-06-0045 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | BATTERY ON STAFF/USE OF PHYSICAL FORCE | DELTA #1 | 06/24/05 | 2048 hours |

CIRCUMSTANCES

On 06/24/05, at approximately 2048 hours, I alone with Officer D. Rocha were escorting Inmate BARNETT form walk alone caige #9 into the Ad Seg mini-yard triangle. Inmate BARNETT was agitated stating "You aint putting me where ever you want." Two feet from the triangle Inmate BARNETT, threw his weight forward and let his legs out. Officer Rocha and I supported his weight taking control of his arms and shoulder, I was positioned on Inmate BARNETT right side and Officer Rocha was on his left side. Officer Rocha and I physically supported Inmate BARNETT's weight causing me to bend at the waist Inmate BARNETT threw his head to the right striking me in the left cheek. I activated my personal alarm device, Officer Rocha and Picazo forced Inmate BARNETT to the ground. Inmate BARNETT was yelling "I'm going to kill all of you". Inmate BARNETT was forced to the ground, he then kicked his legs and made his body stiff then contorted and tried toroll around in an attempt to make Officer Picazo and Rocha loose his grip. I saw Inmate BARNETT spit at Inmate BARNETT is not a participant in the Mental Health Services Delivery System.

(CONT ON CDC 115-C)

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| ▶ A. Sotelo, Correctional Officer | | 07/03/05 | D1 Floor Officer #2 | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| ▶ W. Coplen | 7-3-05 | DATE   N/A | LOC. | N/A |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE | B | 7/5/05 | ▶ CCII Hughes | ☐ HO ☒ SHO ☐ SC ☐ FC |
| ☒ SERIOUS | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | ▶ | 7/5/05 | 0700 | ① 7219's Pre-hearing 115 Packet / 115X ② DA memo ③ I.E. statement (7) |

| ☒ INCIDENT REPORT LOG NUMBER: SVP | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| FD1-05-06-0403 | ▶ | 8/16/05 | 1700 | ▶ ① ② Sotelo | 6/16/06 | 1700 |
| | | | | ③ 10/14/06 | 1630 | |

HEARING

**Plea:** Inmate BARNETT entered a plea of NOT GUILTY at this RVR Hearing.

**Findings:** Inmate BARNETT was found GUILTY of CCR §3005(c), specifically "Battery On Staff With Use Of Physical Force" a Division "B(1)" offense. This finding is based on the preponderance of evidence presented at the hearing which does substantiate the charge. The evidence presented at the hearing included: (Findings Con't See CCR 115-C)

**Disposition:** Inmate BARNETT was assessed 0 days forfeiture of credits due to loss of time constraints. Inmate BARNETT was counseled, warned, and reprimanded.

**Additional Disposition:** Inmate BARNETT was assessed 90 days loss of privileges to begin on 10/17/06 through 01/15/07. Loss of privileges includes: Ten Days Loss Of Yard Access (Start 10/17/06 and 10/28/06), Telephone, ¼ Canteen Draw, Quarterly Package and Special Purchase.

**Additional Disposition: Mitigation:** Recommended by Clinician Yes [ ] No [X]
SHO Agrees                    Yes [X] No [ ]

**Classification Referral:** Refer to ICC for Possible SHU.

| REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA | | | | |
|---|---|---|---|---|
| ACTION BY: (TYPED NAME) | | SIGNATURE | | DATE   TIME |
| N. Walker, Correctional Lieutenant | | ▶ | | 10/17/06   2100 |
| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | | DATE |
| ▶ L. A. Negron Jr., Facility Captain (A) | 10/27/06 | ▶ M. P. Moore III, CDO | | 11-1-06 |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | BY: (STAFF'S SIGNATURE) ▶ | | DATE   TIME   11/3/06   1700 |

CDC 115 (7/88)

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                     PAGE __1__ OF __3__

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-33321 | BARNETT | FD-05-06-0045 | SVSP | 10/17/06 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☒ HEARING | ☐ IE REPORT | ☐ OTHER_____ |

Hearing Date: 10/17/06.                Time: 1535 hours.               Any Postponement Explained: N/A.

**Inmate Plea and Statement:** Inmate BARNETT entered a plea of NOT GUILTY and declined to make a statement.

**Inmate's Health:** Inmate BARNETT claims to be in good health and prepared to proceed with the disciplinary process.

**MEDS:** Inmate BARNETT is a participant in the Mental Health Services Delivery System at the CCCMS level of care. Per Coleman vs. State of California agreement. An evaluation of the Mental Health Assessment was completed by Dr. Kelly on 09/08/06. The circumstances of the RVR does indicate that Inmate BARNETT exhibit any bizarre behavior that would raise concerns about his mental health. At the hearing, Inmate BARNETT did not demonstrate any strange, bizarre, or irrational behavior. Based on this and pursuant to recent changes approved by the U.S. District Court in Coleman vs. Wilson, a Mental Health Assessment was not initiated. Consequently, a Staff Assistant was not deemed necessary.

**A Mental Health Assessment was completed by Dr. Kelly on 09/08/05 and revealed the following information:**
Q1) Are there any Mental Health factors that would cause the Inmate to experience difficulty in understanding the disciplinary process and representing his interest in the hearing that would indicate the need for the assignment of a Staff Assistant?
A1) No.
Q2) In your opinion, did the Inmate's Mental disorder appear to contribute to the behavior that led to the RVR?
A2) No.
Q3) If the Inmate was found guilty of the offense, are there any Mental factors that the hearing Officer should consider in assessing the penalty.
A3) No.

**DUE PROCESS:**  Date of Discovery: 05/24/05.                Hearing started on: 10/17/06.
Initial RVR copy served on: 07/05/05.      CDCR-115-MH served on: 08/16/05.
Incident Package served on: 08/16/05.      I.E. served on: 10/11/06.
D.A. results issued date: D.A. Declined 04/06/06.   Last document served on: 10/11/06.

**D.A. Referral:** This matter was referred to the District Attorney for possible Felony Prosecution. On 04/06/06, the D.A. Declined prosecution.

**D.A. Postponement:** Inmate BARNETT did request the hearing be postponed, pending the outcome of the D.A. referral, as indicated on the CDCR-115A, dated 07/05/05.

**Time Constraints:** Were not met, however, hearing was conducted with no forfeiture of credits being assessed per 3320(a)(1). Hearing was not held within 30 days of the date the inmate was provided a copy of the D.A. result on 04/06/06. Inmate BARNETT acknowledged receiving all documents used for this hearing 24 hours prior to the hearing.

**TABE Score:** Inmate BARNETT TABE Reading Score was Above 4.0 as noted in the Central File. Inmate BARNETT read the RVR aloud and was able to demonstrate his understanding of the RVR and the disciplinary process through discussion with the SHO.

                                          N. Walker, Correctional Lieutenant

| (HEARING CON'T SEE CDCR-115C) | SIGNATURE OF WRITER | | DATE SIGNED 10/17/06 |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 11/3/06 | TIME SIGNED 1800 |

CDC 115-C (5/95)                                                          OSP 99 25082

STATE OF CALIFORNIA                                                                            DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                            PAGE 2 OF 3

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38322 | BARNETT | FD-05-06-0045 | SVSP | 10/17/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☒ HEARING   ☐ IE REPORT   ☐ OTHER_____

**Staff Assistant (SA):** Staff assistant was not assigned per CCR §3315 (d)(2)(A).

**Investigative Employee (IE):** Inmate BARNETT requested and does meet the criteria for assignment of an Investigative Employee. Correctional Officer Sevilla was assigned. Officer Sevilla interviewed Inmate BARNETT as part of the investigative process, gathered information from witnesses, asking each witness specific questions posed by Inmate BARNETT and follow up questions posed by I.E. for clarification purposes. Officer Sevilla prepared his report, to include his summation of the facts, and provided a copy of the report to Inmate BARNETT more than 24 hours prior to this hearing.

**Evidence Requested or Used:** There was no evidence requested or used.

**External/Outside Evidence:** N/A.                                    **Video Tape Evidence:** N/A.

**Witness Requested:** Inmate BARNETT requested LVN J. Zeigler as witness to be present at the hearing. SHO informed Inmate BARNETT LVN J. Zeigler no longer working for CDCR, location of is unknown; therefore SHO Denied Inmate BARNETT request.

**Witness Testimony at Hearing:** N/A.                                **Confidential Information:** N/A.

**Enemy Concerns:** There was no enemy concerns related with this disciplinary hearing.

**Findings:** Inmate BARNETT is found GUILTY as charged. This finding is based upon the following preponderance of evidence:

A) RVR Log #FD-05-06-0045, authored by Reporting Employee (R.E.) Correctional Officer A. Sotelo:

1) Correctional Officer's A. Sotelo and D. Rocha were eyewitnesses to Inmate BARNETT being agitated stating, "You ain't putting me where ever you want." Which indicated he was not willing to comply with staff orders.
2) About two (2) feet from the triangle, Inmate BARNETT deliberately threw his weight forward and legs out to obstruct the escorting Officers.
3) The resistance by Inmate BARNETT while he was escorted allowed him to throw his head to the right striking Officer A. Sotelo in the left cheek.
4) Officer's A. Sotelo and S. Picazzo witnessed Inmate BARNETT continued to resist staff after he was forced to the ground and yelled, "I'm going to kill all of you."
5) Officer's A. Sotelo and D. Rocha were eyewitnesses to Inmate BARNETT attempting to batter staff also with saliva (spit).

B) Supplemental Report authored by Correctional Sergeant L. Washington, which states in part:
"I responded to a Code 1 audible alarm in Facility 'D' Building #1 rotunda area. Upon my arrival, i observed Officers D. Rocha and A. Sotelo utilizing physical force to hold Inmate BARNETT (T-38322) on the ground. Inmate BARNETT was moving in a violent motion from side to side in an attempt to break free the Officers. At this time, I instructed Staff to place leg restraints on Inmate BARNETT due to his violent behavior and kicking towards staff. Inmate BARNETT began yelling, "You're going to have to kill me, why don't you just kill me." I gave Inmate BARNETT several verbal orders to stop resisting staff with negative results. Inmate BARNETT became very resistive and attempted to bring his legs towards his upper body, simultaneously he attempted to lower his hands, as if he was trying to move the

N. Walker, Correctional Lieutenant

| (HEARING CON'T SEE CDCR-115C) | SIGNATURE OF WRITER | | DATE SIGNED 10/17/06 |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 11/3/06 | TIME SIGNED 1800 |

CDC 115-C (5/95)                                                                            OSP 99 25082

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                      PAGE <u>3</u> OF <u>3</u>

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38322 | BARNETT | FD-05-06-0045 | SVSP | 10/17/06 |

☐ SUPPLEMENTAL  ☒ CONTINUATION OF: ☐ 115 CIRCUMSTANCES ☒ HEARING ☐ IE REPORT ☐ OTHER_____

handcuffs to the front of his body. Inmate BARNETT resisted staff for approximately 15 to 20 minutes on the ground.
I instructed Officers D. Rocha and S. Picazzo to escort Inmate BARNETT to the D-1 holding cell. Inmate BARNETT was
helped to his feet by Officers D. Rocha and S. Picazzo. As soon as Inmate BARNETT was helped to his feet Inmate BARNETT
attempted to break free from the escort by moving his body from side to side and lunging forward, towards the table
in front of Di-'A' Pod door. Inmate BARNETT began to strike his own forehead area on the table twice. Officers Rocha
and Picazzo physically forced Inmate BARNETT to the ground approximately 5 feet from the holding cell #1. I again
ordered Inmate BARNETT to stop resisting staff and to stop attempting to hurt himself by banging his head with negative
results. At this time, I instructed staff to place the retention ring on the handcuffs in order for them to safely
place Inmate BARNETT within the holding cell without injuring staff or the Inmate."
C) CDCR-7219's completed on this matter which indicates injuries consistent with that of battery on Correctional Officer
A. Sotelo.

D) The finding of Guilt was based on a compelling preponderance of evidence as provided.

**Appeal Rights:** Inmate BARNETT was advised of his rights to appeal per CCR section §3084.1 (a). Inmate BARNETT was
informed he would receive a copy of the completed RVR upon final review of the Chief Disciplinary Officer.

N. Walker, Correctional Lieutenant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 10/17/06 |

| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ | | 11/3/06 | 1800 |

CDC 115-C (5/95)                                                          OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT - PART C

PAGE 2 OF 2

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38323 | BARNETT | FD-05-06-0045 | SVSP | 06/24/05 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☒ 115 CIRCUMSTANCES   ☐ HEARING   ☐ IE REPORT   ☐ OTHER____

Officer Picazo missing him. I attempted to place a spit hood on Inmate BARNETT but because of the violent movement of Inmate BARNETT body I could not secure the spot hood properly. Officer Picazo and Rocha were giving continuous orders for Inmate BARNETT to calm down and stop resisting. After about 20 minutes Inmate BARNETT stop yelling and became more compliant. Officer Picazo and Rocha assisted Inmate BARNETT to his feet by his arms and shoulders as soon as Inmate BARNETT was on his feet he threw his weight forward and moved his body left and right. Officer Picazo and Rocha struggled to maintain control. Inmate BARNETT took about 3 step and struck his head on the table located just outside the mini yard triangle. Inmate BARNETT was yelling "kill me mother fucker, kill me" over and over again. Officer Picazo and Rocha regained control of Inmate BARNETT by his shoulders and to prevent him from striking his head or injuring himself, and forced him to the ground. SGT Washington ordered me to place the retention ring on Inmate BARNETT. I placed the retention ring on Inmate BARNETT. Inmate BARNETT continued to scream and act out. After about 30 seconds with SGT Washington giving Inmate BARNETT orders to calm down. Inmate BARNETT screaming and appeared to calm down. SGT Washington told Officer Picazo and Rocha to assist Inmate BARNETT to his feet and place him in a holding cell #1. Inmate BARNETT was placed in holding cell #1, he immediately started banging his head on the cage yelling "kill me" over and over again. I saw Inmate BARNETT bang his head on the cage at least 5 times I heard Inmate BARNETT say "If I ever get the chance I'll kill all of you". I reported the assault to SGT Washington and was given a 7219 by LVN Zygler and returned to work. Inmate BARNETT is not a Participant of the Mental Health Services Delivery System.

A. Sotelo, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 06/24/05 |

| COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED 7/ | TIME SIGNED |
|---|---|---|---|

CDC 115-C (5/95)

OSP 99 25082

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                    PAGE___OF___

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38323 | BARNETT | FD-05-06-0045 | SVSP | 06/24/05 |

| ☒ SUPPLEMENTAL | ☐ CONTINUATION OF: | ☐ 115 CIRCUMSTANCES | ☐ HEARING | ☐ IE REPORT | ☐ OTHER_____ |
|---|---|---|---|---|---|

On 06/04/05, at approximately 2048 hours, I responded to a Code 1 audible alarm in Facility 'D' Building #1 rotunda area. Upon my arrival, I observed Correctional Officers D. Rocha and A. Sotelo utilizing physical force to hold Inmate BARNETT (T-38323) (FCB3-231) on the ground. Inmate BARNETT was moving in a violent motion from side to side in an attempt to break free from the Officers. At this time, I instructed staff to place leg restraints on Inmate BARNETT due to his violent behavior and kicking towards staff. Inmate BARNETT began yelling "You're going to have to kill me, why don't you just kill me." I gave Inmate BARNETT several orders to stop resisting staff with negative results. Inmate BARNETT became very resistive and attempted to bring his legs towards his upper body, simultaneously he attempted to lower his hands, as if he was trying to move the handcuffs to the front of his body. Inmate BARNETT resisted staff for approximately 15 to 20 minutes on the ground. I instructed Officers D. Rocha and S. Picazo to escort Inmate BARNETT to the FDB1 holding cell. Inmate BARNETT was helped to his feet by Officers Rocha and Picazo. As soon as Inmate BARNETT was helped to his feet Inmate BARNETT attempted to break free from the escort by moving his body from side to side and lunging forward, towards the table in front of FDB1 'A' Pod door. Inmate BARNETT began to strike his own forehead area on the table twice. Officers Rocha and Picazo physically forced Inmate BARNETT to the ground approximately 5 feet from FDB1 holding cell #1. I again ordered Inmate BARNETT to stop resisting staff and to stop attempting to hurt himself by banging his head with negative results. At this time, I instructed staff to place the retention ring on the handcuffs in order for them to safely place Inmate BARNETT within the holding cell without injuring staff or the Inmate. While in FDB1 holding cell #1, Inmate BARNETT struck his head on the holding cell Plexiglas approximately 8 times. Because of Inmate BARNETT's bizarre behavior it was not safe to remove the retention ring at this time. Approximately 10 minutes later when Inmate BARNETT calmed down, I instructed Officer Picazo to remove the retention ring from the handcuffs of Inmate BARNETT without further incident. I called for 'D' medical staff to respond to Facility 'D' Building #1. Licensed Vocational Nurse J. Zeigler responded and attempted to complete a CDC 7219 Medical Report of Injury regarding Inmate BARNETT. Inmate BARNETT refused any medical assistance and refused to go to the Correctional Treatment Center for a medical evaluation. LVN Zeigler completed the CDC 7219 Medical Report noting Inmate BARNETT response and refusal. Officer A. Sotelo received bruising, redness and swelling to the left facial cheek area. A CDC 7219 Medical Report was completed by LVN Zeigler regarding Officer A. Sotelo. There were no additional staff injuries as a result of this incident. Inmate BARNETT was rehoused in Facility 'C' Building #8 without further incident. It should be noted Inmate BARNETT was originally brought to Facility 'D' Administrative Segregation by Facility 'B' yard staff. Upon arrival it was determined no available housing existed in Facility 'D' Building #2. Therefore, Inmate BARNETT was placed in walk-alone yard #9 in order to have access to water and bathroom facilities, while awaiting their arrival to pick up Inmate BARNETT and transfer Inmate BARNETT to available housing within Facility 'C' Building #8.

L. Washington Correctional Sergeant

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 5/10/06 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 5/10/06 | 2015 |

4 final copy to I/m                                          11/3/06          1800

CDC 115-C (5/95)                                                            OSP 99 25082

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38323 | BARNETT | FD-05-06-0045 | SVSP | 10/10/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER____

On 10/10/06, I was assigned as Investigative Employee for CDC-115, Log# FD-05-06-0045. I informed Inmate BARNETT of my assignment and that as Investigative Employee my duties were as a fact finder for the Senior Hearing Officer. Inmate BARNETT stated that he had no objections to my serving in this capacity.

**REPORTING EMPLOYEE'S STATEMENT:** On 08/21/06, I interviewed Correctional Officer A. Sotelo, regarding Inmate BARNETT disciplinary charges, and Officer Sotelo, made the following statement: "On 06/24/05, Correctional Officer Rocha and I were escorting Inmate BARNETT from walk alone #9, to the Triangle. BARNETT was already agitated. When we got about 2 feet from the triangle BARNETT resisted and there threw his head back striking me in the face (left Cheek). (See Report) He continued to resist. C/O Rocha and Picazo forced BARNETT to the ground. BARNETT attempted to spit on Picazo, but missed him. I attempted to place the spit mask, but could not secure the spit mask properly, due to violent movement. BARNETT did not calm down for approximately minutes.

**STAFF WITNESS STATEMENT:** On 08/02/06, I interviewed Correctional Officer Rocha, regarding the above disciplinary charges, and Officer Rocha made the following statement: "During an escort Inmate BARNETT became resistive and assaulted C/O Sotelo, by head butting him. (See Report)

**STAFF WITNESS STATEMENT:** On 08/02/06, I interviewed Correctional Officer Picazo, regarding the above disciplinary charges, and Officer Picazo made the following statement: On 06/24/05, Inmate BARNETT assaulted C/O Sotelo by bending over at the waist and then threw his head back striking him in the facial area. (See Report)

**STAFF WITNESS STATEMENT:** On 08/09/06, I interviewed Sergeant Washington, regarding the above disciplinary charges, and Sergeant Washington made the following statement: On 06/24/05, Inmate BARNETT assaulted Officer Sotelo and was forced to the ground. While on the ground he was moving around violently and resisting for approximately 20 minutes. Once he calmed down, he was assisted to his feet. BARNETT again became resistive and was forced to the ground. At this time, I ordered a retention ring be placed on BARNETT. BARNETT eventually calmed down and was escorted being video taped to C-Yard.

**STAFF WITNESS STATEMENT:** On 06/24/06, I responded to a personal alarm on D1-Mini yard and observed Inmate BARNETT being resistive against C/O's Rocha and Picazo. (See Report)

**STAFF WITNESS STATEMENT:** On 08/02/06, I interviewed Correctional Officer Ruffin, regarding the above disciplinary charges, and Officer Ruffin made the following statement: On 06/24/05, Inmate BARNETT became resistive by twisting and screaming. I activated my alarm and gave responding staff leg restraints and a spit hood.

**Inmate BARNETT requested the following witnesses to be present at the disciplinary hearing.**

(CON'T SEE ADDITIONAL 115 PART 'C')

Sevilla, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 10/11/06 |

| ☐ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 10/11/06 | 1500 |

X Gave copy to/m          11/3/06   180

CDC 115-C (5/95)                                                                    OSP 99 25082

STATE OF CALIFORNIA                                                                              DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                              PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38323 | BARNETT | FD-05-06-0045 | SVSP | 10/10/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING   ☒ IE REPORT   ☐ OTHER____

| NAME | POSITION | RDO'S |
|---|---|---|
| C/O A. Sotelo | | |
| C/O D. Rocha | | |
| C/O S. Picazo | | |
| C/O L. Washington | Sergeant | |
| C/O E. Perez | | |
| C/O D. Ruffin | | |

## Questions for Sergeant Sotelo

Q1) On 06/24/05, at or around 2048 hours a incident occurred in which you are indicated to be a primary responder involving a prisoner named BARNETT, do you have a independent recollection of the incident?
A1) Yes.
Q2) According to a report you and C/O D. Rocha were observed carrying BARNETT from walk alone cage #9, in facility D building #1, is that an accurate observation on the part of the witness?
A2) No.
Q3) According to the witness, after handcuffs were applied to BARNETT through the port in the cage door. Inmate BARNETT started walking towards the back of the cage, when you and C/O Rocha entered the cage both grabbing a hold of both his left and right arms. At which point BARNETT relaxed his support of his weight not deigning to cooperate ambulatory is that accurate?
A3) No, you became resistive.
Q4) Who instructed you to remove BARNETT from walk alone cage #9?
A4) Washington
Q5) According to your report you state that BARNETT'S weight caused you to bend at the waist was that forward bending while positioned on BARNETT right side?
A5) Yes.
Q6) On 06/24/06, you hand wrote a crime incident report Part 'C' Staff Report. Prior to signing the report did you review the accuracy of your report prior to signing it?
A6) Yes.
Q7) To your recollection is the Part 'C' Staff Report accurate?
A7) To my recollection.
Q8) According to your Part 'C' Staff Report you and Rocha physically supported BARNETT'S weight (2) two feet from the triangle so BARNETT was at that point fully supported by you and C/O Rocha at the point you activated your personal alarm?
A8) Statement.
Q9) How and at what point did you and C/O Picazo change places?
A9) When you headed butted me.
Q10) Did you use any force on BARNETT as defined in Title CCRS 3268 (a)(6) use of force options?
A10) No.
Q11) According to crime Incident Report Part 'C' Supplement authored by it states, "I reported the assault to Sergeant Washington and was given a 7219, by LVN Zygler (Sic)", What did you do with the CDC 7219?
A11) It's apart of the incident package. (CON'T SEE ADDITIONAL 115 PART 'C')

Sevilla, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 10/11/06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | | 10/11/06 | 1500 |

X by mail copy to I/M

CDC 115-C (5/95)                                                          Daniel        11/3/06       1800

OSP 99 25082

STATE OF CALIFORNIA                                                           DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                          PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-33323 | BARNETT | D-05-06-0045 | SVSP | 10/10/06 |

☐ SUPPLEMENTAL   ☒ CONTINUATION OF:   ☐ 115 CIRCUMSTANCES   ☐ HEARING ☒   ☐ IE REPORT   ☐ OTHER_____

Q12) Did you at any point physically hit or kick Inmate BARNETT, while he was on the ground inside the triangle?
A12) No.
Q13) Did your training as a Peace Officer include the necessity of preserving photographic evidence?
A13) Yes.
Q14) Why did you not seek to preserve evidence of your allege injuries photographically?
A14) I did.
Q15) Prior to writing your reports did you discuss the likely contents of your report with anyone? If so who?
A15) No.
Q16) Who specifically in Facility 'D' Clinic treated your injuries?
A16) I believe the name is J. Ziegler.

**Questions for Officer Rocha**

Q1) On 06/24/05, at or around 2048 hrs, according to a report authored by you, you indicated that you were a primary role player in the incident is that correct?
A1) Yes.
Q2) You and C/O Sotelo were observed carrying Inmate BARNETT from walk alone #9, towards the front entrance of building 1, of Facility 'D'. You on BARNETT'S left and Sotelo's on his right is that correct?
A2) We did not carry Inmate BARNETT.
Q3) You stated that you and Sotelo attempted to escort Inmate BARNETT to D1, Ad-Seg Mini Yard triangle on whose instructions were you doing this action?
A3) Washington.
Q4) According to your report C/O Sotelo maintained firm grasp of BARNETT'S right arm, while you supposedly trailed behind is that customary in escorting a prisoner?
A4) Yes.
Q5) Did you discuss the contents of your report with anyone prior to writing it?
A5) Irrelevant.
Q6) According to your report, you specifically stated that you and Sotelo "Supported BARNETT by maintaining his arms and shoulders which caused BARNETT to bend at the waist" is that correct?
A6) Yes.
Q7) At this point (Question 6) what type of hold did C/O Sotelo have on BARNETT?
A7) Not sure.
Q8) Besides Sergeant L. Washington did you allow any staff member involved in the incident review your Crime Incident Report Part 'C' Supplement prior to it being submitted for processing?
A8) Irrelevant.
Q9) While you and C/O Sotelo maintained a hold on BARNETT'S arm and shoulder where was C/O Picazo?
(CON'T SEE ADDITIONAL 115 PART 'C')

Sevilla, Correctional Officer

| | SIGNATURE OF WRITER | DATE SIGNED |
|---|---|---|
| | | 10/11/06 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 10/11/06 | 1500 |

X final copy to I/M          David          "Blue   1500

CDC 115-C (5/95)                                                              OSP 99 25082

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**

PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38323 | BARNETT | FD-05-06-0045 | SVSP | 10/10/06 |

☐ SUPPLEMENTAL    ☒☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☐ HEARING    ☒☒ IE REPORT    ☐ OTHER_____

A9) Assisting in restraining Inmate.
Q10) Do you have independent visual recollection of the incident of 06/24/05?
A10) Follow my report.
Q11) You state in your report that BARNETT slowly leaned his head forward and instantaneously threshed his head back striking Sotelo in the face. You observed this alleged action.
A11) Yes.
Q12) To your recollection when this act occurred who was holding BARNETT'S right arm and shoulder?
A12)
Q13) You stated, that the retention ring was applied to BARNETT prior to his allegedly head butting himself is that an accurate description of facts?
A13) Yes.
Q14) Now according to your report C/O Sotelo maintained firm grasp of BARNETT and when you grasp him was your grasp equally firm?
A14) Don't know.
Q15) Approximately how much force would have been required to break say Sotelo firm grasp?
A15) Don't know.
Q16) Upon whose instructions was BARNETT being placed into the D1 triangle?
A16) Washington.
Q17) Why was he being removed from walk alone cage #9?
A17) Don't know.
Q18) Was it yours and C/O A. Sotelo's intent to only place BARNETT in the triangle, if so why?
A18) Not sure.

**Questions for Officer S. Picazo:**

Q1) On 06/24/05, at or around 2048 hrs, according to the report authored by you, you indicate that you were a responder in role to the alarm that was said to have been activated (2) two feet from the Delta 1, Mini-Yard is that correct?
A1) As my report stands.
Q2) Is your report correct and accurate as to time line of each action you state occurred?
A2) There is no time line during an incident. this is why the times are approximate.
Q3) According to your report you state Inmate BARNETT threw his head back striking Officer Sotelo in the facial area, are you stating that C/O Sotelo was behind BARNETT? Or describe C/O Sotelo's proximity to the suspect?
A3) Officer Sotelo was to the side and about one feet behind Inmate BARNETT.
Q4) Since BARNETT according to your report was two (2) feet in front of the Delta #1, Mini Yard. You and C/O Rocha effectively man handled or forced BARNETT to the ground inside the triangle?
A4) Inmate BARNETT became resistive and I used the necessary force to gain compliance of Inmate BARNETT.
Q5) Was the alarm activated before you and C/O Rocha forced BARNETT to the ground or after?
A5) D1 alarm was activated at the time Inmate BARNETT struck Officer Sotelo.
Q6) According to your report while you were using your body to hold BARNETT down is this the point that the retention ring was applied based upon Sergeant Washington order?
A6) yes.
Q7) You stated that you used your body to hold BARNETT down in what way and what portion of your body was used to accomplish this fray?
A7) Using my upper body weight, I maintained control of Inmate BARNETT'S right side.

Sevilla, Correctional Officer

(CON'T SEE ADDITIONAL 115 PART 'C')

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 10/11/06 |
| GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
| Davis | 10/11/06 | 1630 |

☒ COPY OF CDC 115-C GIVEN TO INMATE

Xfinal copy to I/M    Davis    11/3/06    1800

OSP 99 25082

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                                    PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38323 | BARNETT | FD-05-06-0045 | SVSP | 10/10/06 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☐ HEARING    ☒ IE REPORT    ☐ OTHER_____

Q8) You state in your report that you allegedly assisted Inmate BARNETT to his feet and out of the triangle, are you suggesting that BARNETT willingly stood up for you?

A8) Inmate BARNETT calmed down after several direct orders and was assisted to his feet and willingly stood up on his own.

Q9) If you saw a video tape of (9) nine Sheriff deputies piled on BARNETT in leg shackles and cuffs still managing to stand up would you still stand by you claim to have allegedly held BARNETT down with you body?

A9) Not applicable due to you asking my opinion. My report states facts not opinions.

Q10) While you were holding BARNETT down with your body according to your report, who was kicking and hitting BARNETT?

A10) Inmate BARNETT was kicking. I never observed any person hitting or kicking BARNETT.

Q11) You claim that a direct order was given to BARNETT to calm down, would you respond to a direct order of any kind while you are being attacked?

A11) Refer. Title 15 #3005(A).

Q12) Why was BARNETT being moved from walk alone cage #9, in the first place?

A12) Inmate BARNETT was in walk alone #9, due to their being available urinal, waiting to be housed until his cell became open.

Q13) To your knowledge upon whose instructions was BARNETT being placed in the Mini Yard triangle?

A13) D1, Ad-Seg Sergeant Washington.

Q14) To your knowledge was there bed space for BARNETT in either building 1 or 2 of facility 'D', on June 24, 2005, to be singularly housed?

A14) A 154 was processed to open housing for Inmate BARNETT. Once the house was inspected for contraband.

<u>Questions for Sergeant L. Washington:</u>

Q1) On June 24, 2005, at or around 8:00 p.m prior to you responding to a code #1 audible alarm in facility 'D' building #1, did you instruct C/O D. Rocha and A. Sotelo to remove BARNETT from walk alone #9?

A1) Yes.

Q2) A careful review of your report indicates that you never specifically saw BARNETT strike C/O Sotelo did you?

A2) No.

Q3) Other than the fact that you are aware of BARNETT being CCCMS are you factually aware of his actual Psychological Diagnosis?

A3) No.

Q4) According to you report you stated that due to there being no available housing on facility 'D'. BARNETT was placed in walk alone #9, while waiting facility 'B' staff arrival to take him to facility 'C-8'?

A4) This is a statement.

Q5) Is your supplement report of the 06/24/05, incident complete and accurate?

A5) Yes.

Q6) Did you review your supplement report of the 06/24/05?

A6) Yes.

Q7) To your recollection did you specifically observe C/O Sotelo and C/O Rocha utilizing physical force on BARNETT?

A7) To my recollection.

Q8) Based upon your supervisory role on 06/24/05, you reviewed the handwritten incident reports and approved the accuracy of the report?

A8) Yes.

Q9) Your report indicates that BARNETT was rehoused in facility C-8, Cell #231, to your knowledge is that placement accurate?

A9) Yes.

(CON'T SEE ADDITIONAL 115 PART 'C')

Sevilla, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 10/11/06 |

| | GIVEN BY: (Staffs Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☐ COPY OF CDC 115-C GIVEN TO INMATE | *Davil* | 10/11/06 | 1370 |
| X final copy to IM | Daniel | 11/3/06 | 1802 |

CDC 115-C (5/95)                                                                        OSP 99 25082

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS
**RULES VIOLATION REPORT - PART C**                                                          PAGE____OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| T-38323 | BARNETT | FD-05-06-0045 | SVSP | 10/10/05 |

☐ SUPPLEMENTAL    ☒ CONTINUATION OF:    ☐ 115 CIRCUMSTANCES    ☐ HEARING    ☒ IE REPORT    ☐ OTHER

Q10) How was BARNETT transported to Facility 'C' building 8?
A10) He was escorted.
Q11) According to your report you state that you instructed staff to place a retention ring on BARNETT after he is alleged to have struck his forehead on a table twice.
A11) True.
Q12) Your report states that BARNETT exhibited Bizarre behavior, when you say Bizarre what do you mean?
A12) By bending his head on the holding cell door.
Q13) Your answers to these questions posed to you are based upon you independent recollection or what
A13) Yes.
Q14) Why as supervisory staff with over 14 years experience did you not direct Photographic evidence to be preserved of C/O Sotelo's alleged bruising, redness and swelling to his left facial cheek area?
A14) The 7219 is sufficient to injuries.
Q15) On June 24, 2005, a video tape of BARNETT being escorted to facility 'C', building 8, was produced by C/O E. Perez, upon completion of the escort the video tape was turned over to you, what did you do with the video?
A15) Submit.
Q16) Did building D2, Floor staff respond to building D1, at the time of the incident?
A16) Yes.

**QUESTIONS FOR C/O PEREZ**
Q1) According to the crime/incident report part-C staff report authorized by you on 6/24/05, you indicated that your role was that of responder, is that accurate?
A1) True.
Q2) As a responder you observed the force being used on BARNETT T-38323 up and until you were instructed by Sergeant Washington to report to the front of the building. Is that correct?
A2) True.
Q3) What use was it for you to be standing in the front of the building to await medical staff?
A3) To escort medical staff.
Q4) Prior to medical staff's arrival and after Sergeant Washington instruction to report to the front of the building. Did you observe how BARNETT came to be in holding cell #1 did you?
A4) No.
Q5) You stated that MTA Ziegler attempted to perform a medical evaluation. However you state BARNETT refused to cooperate with the process. How did he accomplish this action?
A5) Don't know.
Q6) Did you observe MTA Ziegler attempt to perform a psychological evaluation on BARNETT?
A6) No.
Q7) Who instructed you to video tape the escort of BARNETT from D1 to C8?
A7) SGT. Washington.
Q8) In the video recording did you obtain any profiles of BARNETT's face and general appearance?
A8) Don't remember.
Q9) During other alarms in D1 have you been instructed to report to the front of the building and wait for medical staff?
A9) Irrelevant.
Q10) Did LVN Ziegler respond by herself or did other medical staff also respond accompanying her?
A10) By herself.
(CON'T SEE ADDITIONAL 115 PART 'C')

Sevilla, Correctional Officer

| SIGNATURE OF WRITER | | DATE SIGNED |
|---|---|---|
| | | 10/11/06 |

| ☒ COPY OF CDC 115-C GIVEN TO INMATE | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| | | 10/11/06 | 1510 |

X bural copy to Im        Daus        1/3/06        1800

CDC 115-C (5/95)                                                                    OSP 99 25082

STATE OF CALIFORNIA                                                          DEPARTMENT OF CORRECTIONS

**RULES VIOLATION REPORT - PART C**                                          PAGE____ OF____

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| | | | | |

☐ SUPPLEMENTAL  ☐ CONTINUATION OF:  ☐ 115 CIRCUMSTANCES  ☐ HEARING  ☐ IE REPORT  ☐ OTHER____

Q11) If other medical staff responded , what was their names?
A11) N/A.

## Question for Officer Ruffin
Q1) On 6/24/05, according to the report authored by you, were you the D1 control booth officer?
A1) yes.
Q2) Is it your job to observe and report?
A2) Yes.
Q3) ou opened the door for C/O Sotelo & Rocha to exit and approach the walk alone cage #9 is that correct?
A3) Don't remember what cage inmate was in.
Q4) What was C/O's Sotelo & Rocha purpose in getting BARNETT out of the cage?
A4) Don't know.
Q5) Did you observe BARNETT's application of handcuffs to him being taken to the mini yard triangle?
A5) No.
Q6) Did you observe C/O Sotelo get headbutted by BARNETT?
A6) No.
Q7) If so how was it done?
A7) Don't know what you are talking about.
Q8) Was BARNETT picked up from the triangle and carried?
A8) No, you walked.
Q9) Did BARNETT have any control over what direction he was taken?
A9) Don't know.
Q10) Are you familiar with the use of force in CCR 3268?
A10) Yes.
Q11) Was any of the force used by C/O Sotelo observed by you?
A11) What are you talking about?
Q12) What was the female Lieutenant name that escorted me to C8?
A12) Don't know.
Q13) What was your view of the incident, or was it obstructed if any?
A13) Don't recall.
Q14) Would you have any reason not to answer any questions honestly?
A14) I answer all questions honestly.

## INVESIGATIVE EMPLOYEE'S STATEMENT:
Correctional Officer Sevilla made the following Statement: " I interviewed all staff and Inmate BARNETT concerning this RVR."

Sevilla, Correctional Officer

| SIGNATURE OF WRITER | DATE SIGNED |
|---|---|
| | 10/11/06 |

| | GIVEN BY: (Staff's Signature) | DATE SIGNED | TIME SIGNED |
|---|---|---|---|
| ☒ COPY OF CDC 115-C GIVEN TO INMATE | Davis | 10/11/06 | 1800 |

X dual copy to I/m

David        11/3/06    1800

CDC 115-C (5/95)                                                             OSP 99 25082