ORIGINAL

1  MR. BRIAN KEITH BARNETT
2  T-38323 FACILITY D8-124 ASU
   SALINAS VALLEY STATE PRISON
3  POST OFFICE BOX 1050
   SOLEDAD, CALIFORNIA 93960-1050
4
   PRO SE PLAINTIFF
5



FILED

07 AUG -8 PM 1:53

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

6
7
8                    UNITED STATES DISTRICT COURT          CW    (PR)
9
              NORTHERN DISTRICT OF CALIFORNIA
10
11  BRIAN KEITH BARNETT,                    C  07    4071
12          PLAINTIFF,                      CASE NO.
13      VS.                                 SEPARATELY BOUND EXHIBITS B-F
                                            RELATIVE THE OFFICIAL OBSTRUCTION
14  ELOY MEDINA CCII et al.                 OF ADMINISTRATIVE APPEAL PROCESS
15          DEFENDANTS                      AND DECLARATION IN SUPPORT HEREIN
16
17      TO THE CLERK OF THE UNITED STATES DISTRICT COURT CONTAINED HEREIN IS THE
18  FOLLOWING SEPARATELY BOUND EXHIBITS B-F IN SUPPORT OF THE PLAINTIFFS COMPLAINT
19  BEING FILED UNDER THE ABOVE ENTITLED NAME AND DECLARATION IN SUPPORT UNDER
20  THE PENALTY OF PERJURY REGARDING THE SPECIFIC ATTEMPTS THE PLAINTIFF HAS MADE
21  TO ADDRESS THE MANY PROCEDURAL DUE PROCESS ISSUES THAT HAS BECOME APPARENT IN
22  VIOLATION OF THE PLAINTIFFS RIGHTS THAT HE PROPERLY SOUGHT TO EXHAUST ADMINISTRATIVE-
23  LY AND WAS DENIED BY THE DEFENDANTS IN WHAT APPEARS TO BE AN ATTEMPT TO OBSTRUCT
24  THE PLAINTIFF FROM PRESENTING THE MATTER TO THIS COURT.
25  DATED: JULY 27, 2007
26
27                                          BRIAN  KEITH  BARNETT
28

## DECLARATION UNDER PENALTY OF PERJURY

STATE OF CALIFORNIA          §

COUNTY OF MONTEREY          §


I BRIAN KEITH BARNETT DECLARE:

1. I AM THE PLAINTIFF IN THE 42 U.S.C. §1983 ACTION ENTITLED BRIAN KEITH BARNETT VS. ELOY MEDINA CCII, SALINAS VALLEY STATE PRISON et al.. IN WHICH THE PLAINTIFF SEEKS DECLARATORY JUDGMENT AND DAMAGES FOR HIS BEING DENIED HIS PROCEDURAL DUE PROCESS HEARING RIGHTS IN ADMINISTRATIVE HEARING PROCEEDINGS AND THE INTENTIONAL OBSTRUCTION OF ADMINISTRATIVE APPEAL PROCESS BY DEFENDANT ELOY MEDINA CCII WHO HAS USED HIS POSITION AS APPEALS COORDINATOR TO MANUFACTURE FRAUDULENT EXCUSES TO SCREEN OUT OR CANCEL ADMINISTRATIVE APPEALS SO AS TO DENY THE PLAINTIFF HIS RIGHT TO EXAUST ADMINISTRATIVE REMEDIES IN KEEPING WITH PROVISIONS OF 42 U.S.C. §1997e.

2. THE ATTACHED EXHIBITS B-E CLEARLY SEEK TO ADDRESS INDIVIDUAL SEPARATE THOUGH RELATED PROCEDURAL DUE PROCESS ISSUES WHICH ARE PROPERLY PRESENTED INDIVID-UALLY SO THAT DEFENDANT ELOY MEDINA CCII COULD NOT JUSTIFIABLY SCREEN OUT SUCH ADMINISTRATIVE APPEALS ON THE PREMISE OF NUMEROUS AND SEPARATE ISSUES OR ANY OF THE VALID BASIS SET FORTH IN 15 CCR §3084.3 "SCREENING APPEALS" WHILE THE EXHIBITS MAY IN A WAY RELATE TO THE MATTER OF RULES VIOLATION REPORT LOG NO. FD-05-06-0045 EACH ADMIN-ISTRATIVE APPEAL SUBMITTED SEEKS TO ADDRESS CLEARLY DISTINCT ISSUES WHICH WERE IMPROPERLY SCREENED OUT AND OR CANCELLED

UNDER THE PENALTY OF PERJURY AND THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED THIS 27 DAY OF JULY _____ 2007 AT SALINAS VALLEY STATE PRISON, SOLEDAD, CALIFORNIA.


MR. BRIAN KEITH BARNETT

EXHIBIT "B"

INMATE PAROLEE APPEAL' SVSP D 06-00456 DATED
JANUARY 10, 2006 IN WHICH THE PLAINTIFF SOUGHT TO
EXAUST ADMINISTRATIVE REMEDIES RELATIVE HIS DUE
PROCESS HEARING RIGHTS ON THE ALLEGED ALLEGATION
OF "BATTERY ON STAFF" DATED 6-24-2005 THAT THE
PLAINTIFF WAS NEVER ISSUED ANY REPORT OF UNTIL
AFTER HE SUBMITTED THE ATTACHED ADMINISTRATIVE
APPEAL. WHICH WAS SCREENED OUT AND CANCELLED
BY ELOY MEDINA CCII DENYING THE PLAINTIFF THE
RIGHT TO EXAUST THE ISSUES THAT BECOME APPARENT IN
VIOLATION OF PLAINTIFFS PROCEDURAL DUE PROCESS AND
EQUAL PROTECTION RIGHTS UNDER THE LAWS 15 PAGES

EXHIBIT "B"

State of California

INMATE / PAROLEE APPEAL SCREENING FORM     Department of Corrections and Rehabilitation

CDCR-695

RECEIVED
5/15/06 8:10

INMATE: Barnett     CDC #: T-38323     CDC HOUSING: D8-110

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

## YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):

[ ] Duplicate Appeal; Same Issue

[ ] Do Not Combine Staff Complaints with Other Issues

[ ] Time Constraints Not Met

[ ] Cannot Submit On Behalf Of another Inmate

[ ] No Significant Adverse Effect Demonstrated

[ ] Pointless Verbiage/Appeal is vague

[ ] Incomplete 602

[ ] Attempting to Change Original Appeal Issue

[ ] Not Authorized to Bypass Any Level

[ ] Request for Interview; Not an Appeal

[X] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached

[ ] Inappropriate Statements

[ ] Action / Decision Not Taken By CDCR

[ ] DRB Decisions Are Not Appealable

[ ] Appealing Action Not Yet Taken

[ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Not A Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362. If necessary, sign up for sick call.

[ ] Write your appeal in black or blue ink, this is a legal document and pencil/inks other than black or blue do not copy legibly

## PLEASE FOLLOW INSTRUCTIONS AND RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS

Comments:  You may write on back of this form to clarify or respond to the above.

Barnett - upon further review of this appeal, I discovered that you had:

• numerous & separate issues

• Appealing an RVR before it is fully adjudicated

• combined staff complaint issues w/other issues

• changed the appeal issue at each level.

therefore I am Screening this appeal.

In addition, the attached documents prove that the Appellant has falsified the 602. The appellant states he received no paperwork, other than the 114D. The Appellant received a copy of the RVR on 7/5/05 & 837 on 8/16/05. Appellant's date on appeal is 1/10/06. Therefore, this appeal is cancelled.

oy Medina, CC-II

ppeals Coordinator

Date: 5/12/06

is screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*  Please urn this form to the Appeals Coordinator with the necessary information attached.

## CANCELLED

*Byrd*

*CAII 8/16 1st*

STATE OF CALIFORNIA                                                                                   DEPARTMENT OF CORRECTIONS

# INMATE/PAROLEE APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region    Log No.    Category
1. SVSP-d         1. 06-00456         2
2. _____         2. _____          CAI - 1st

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BARNETT, BRIAN KEITH | T-38323 | UN-ASSIGNED | D8-110 ASU |

A. Describe Problem: I AM WRITING THIS ADMINISTRATIVE APPEAL PURSUANT TO CCR TITLE 15 SECTION §3084.1 RIGHT TO APPEAL AND ARTICLE 5 SECTION §3312 DISCIPLINARY METHODS SUB (G)(3) IN THAT ACCORDING TO CLASSIFICATION CHRONO CDC 128G DATED 12/8/2005 I AM ALLEGED TO BE CHARGED WITH AN ALLEGATION OF "BATTERY ON STAFF" ON 6/24/2005 WHICH I HAVE NEVER BEEN ISSUED ANY CDC 115 OR CRIME INCIDENT REPORT OR ANYTHING OTHER THAN A 114-D WHICH SUGGEST THAT SOME ALLEGED BATTERY SUPPOSEDLY TOOK PLACE AND THE ATTACHED CLASSIFICATION CHRONO. THIS ALLEGATION SUPPOSEDLY OCCURRED WELL OVER (6) SIX MONTHS AGO AND IT SEEMS TO ME, THAT DUE PROCESS HEARING RIGHTS REQUIRE THAT I RECEIVE A HEARING WHICH I APPARENTLY HAVE BEEN DENIED AND ACCORDING TO THE ATTACHED THERE IS SUPPOSEDLY A DA/DF PROCESS WHICH I WOULD DEDUCE FROM THE ABBRV/MBER'S THAT THE MATTER SUPPOSEDLY IS A D.A. REFERRAL YET I HAVE NOT BEEN ISSUED ANY OF THE

DELIVERED JAN 3 1 2006 CONTINUED:

If you need more space, attach one additional sheet.

B. Action Requested: THAT I BE PROVIDED A COPY OF ALL RECORDS RELATIVE TO THIS MATTER AND BE AFFORDED ALL OF MY DUE PROCESS HEARING RIGHTS AS I AM ENTITLED PURSUANT TO SECTION §3320, 3321, 3316 & 3318 AND THAT ALL CLASSIFICATION RECORDS BE PROPERLY CORRECTED I.e. CDC 840 RECLASSIFICATION SCORE SHEET AND THAT THE CLASSIFICATION CHRONO DATED 12/8/05 BE CORRECTED TO REFLECT THAT IT IS NOT A INITIAL ASU REVIEW AND THE 6 PL

Inmate/Parolee Signature: Brian Barnett    RECEIVED JAN 1 2 2006    Date Submitted: JANUARY 10, 2006

C. INFORMAL LEVEL (Date Received: _____ )

RECD FEB 01 2006

Staff Response: _____

DELIVERED FEB 0 9 2006

## BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

RECD FEB 1 0 2006

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

## CANCELLED        DELIVERED APR 1 0 2006

## BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by completed    CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

PURSUANT TO CCR TITLE 15, ART. 8 SECTION §3084.5 (a)(c)(D)(F)(G) THE INFORMAL LEVEL IS NOT APPLICABLE AND THE FIRST LEVEL SHOULD BE BYPASSED AS THIS MATTER CAN ONLY BE ADDRESSED AT THE SECOND LEVEL OR ABOVE.

1-13-06

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____ 2/14/06 _____    Due Date: 3/27/06

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 2/14/06

Interviewed by: _Sgt Nava_

Staff Signature: _____    Title: _LT_    Date Completed: 3/9/06

Division Head Approved: _R Travis_    Title: _AW_    Returned

Signature: _OA Travis_    Date to Inmate: 3/24/06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

ON APRIL 10, 2006 THIS ADMINISTRATIVE APPEAL WAS RETURNED TO ME IN WHICH IT IS ALLEGED TO BE PARTIALLY GRANTED HOWEVER I DO NOT AGREE WITH WHAT HAS BEEN SAID AND IT APPEARS TO ME THAT AN ATTEMPT IS AFOOT TO TRY AND COVER UP THE ERRORS OF STAFF IN THIS MATTER AS IF ITS MY FAULT SO SEE ATTACHED BASES OF OPPOSITION AND DISSATISFACTION TO FIRST LEVEL REVIEWERS RESPONSE."

RECD APR 11 2006

Signature: _____    Date Submitted: APRIL 10, 2006

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____    DELIVERED MAY 16 2006

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 4/17/06    Due Date: 5/9/06

☐ See Attached Letter

Signature: _LT R. Beccari_    Date Completed: 5/11/06

Warden/Superintendent Signature: _____    Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____    Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

Inmate/Parolee
Appeal Section A. Continued:

The so called notification of referral for criminal prosecution as required pursuant to CCR Title 15. Article 5. Inmate Discipline Section § 3316 (a)(3) which require that "inmates shall be notified in writing when misconduct is referred for possible prosecution" Id. at 3316 (a)(3) and "Referral of an inmate's misconduct for prosecution shall not stay time limits for disciplinary hearing unless the inmate submits a written request to the chief disciplinary officer or signs and dates the CDC form 115-A Serious Rules Violation Report, requesting postponement of the hearing pending the outcome of the referral." Id at CCR 3316 (c) Since I have never been issued any such CDC 115 alleging battery on staff and I have not signed any such waiver or postponement request. Something is not quite right here.

Then when one considers the fact that according to CCR section § 3320 (a) "A copy of the CDC 115 and all nonconfidential reports to be relied upon in a disciplinary hearing shall normally be provided to the inmate within 24 hours after the CDC form 115 has been classified serious or administrative and within 30 days of the misconduct. But not later than 15 days from the date the information leading to the charges is discovered by staff or, in the case of an escapee . . . ." Id at 3320(a) In this case it appears to me that over (6) six months has subsequently elapsed and I have not been served with nothing but innuendo's in the form of CDC 114-D which does not say any more about the allegation than the attached CDC 128G dated 12/8/2005 which I also noted has suggested a predetermination of guilt since a projected SHU term MERD has already been established.

This reminds me of what was done on a June 16, 2004 allegation in which I was charged with a bogus battery on staff allegation at which time I was improperly found guilty, supposedly assessed a SHU term and the matter was reviewed reheard and I was not found guilty of the charge yet the records remained un-corrected and I was made closed custody and returned to general population with a increased classification score for a alleged Division B. offense that never took place and the attached classification chrono shows a 4 point increase for the CDC 115 that was ordered re-issued and re-heard according to the November 22, 2006 Second level appeal response log number SVSP-D-05-03187 which also resulted in "Modification Order # 05-160" which clearly states "Additionally, all past classification actions regarding this matter will be vacated . . ."

Thus a pretty good paper game has been taking place which require several corrections to be made in the records in fact prior to June 20, 2005 I pointed out several errors to Mr. Haggar CCI B4 which were supposedly being looked into but as is usually the case things seem to never get done so I am pointing out these things for the record again based on the attached CDC 128G dated 12/8/05 which basically continues promulgating misleading and inaccurate facts which any records specialist could or should be able to see.

Signature: [signature]                                    Dated: January 10, 2006

Attachment: CDC 128G dated 12/8/05

**CANCELLED**

# CALIFORNIA DEPARTMENT OF CORRECTIONS

| NAME: BARNETT | CDC #: T38323 | BED: D8-110L |
|---|---|---|

### COMMITTEE ACTION SUMMARY

**REFER TO THE CSR REQUEST A 90 DAY ASU EXTENSION** TO COMPLETE THE ADJUDICATION OF RVR FOR BATTERY ON A PEACE OFFICER, DATED 6/24/05, WHICH HAS A PROJECTED MERD OF 08-09-06. RETAIN IN ASU PENDING CSR REVIEW AND D/DA PROCESSES. CONTINUE 2X CELL & W/A YARD, PSYCH IS CCCMS.

### COMMITTEE'S COMMENTS

Inmate BARNETT declined to appear before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Initial ASU Review and therefore ICC was held in absentia. BARNETT did receive his 72-hour notice for the purpose of this review.

According to BARNETT'S CDC 114D, he was placed into SVSP's ASU on 6/20/2005 for: Threatening Staff, Subsequently rec RVR for Battery on Staff while in ASU.

Based upon a review of BARNETT'S CDC 114D, Central File, and case factors committee elects to: Refer to the CSR request a 90 day ASU extension to complete the adjudication of RVR for Battery on a Peace Officer, dated 6/24/05, which has a projected MERD of 08-09-06. Retain in ASU pending CSR review and D/DA processes. Continue 2X Cell & W/A Yard, Psych is CCCMS.

At the conclusion of this review, BARNETT will be informed of his Appeal Rights with regards to this committee's actions.

### INMATE CASE FACTORS

| CUSTODY | CSI/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | ETHNIC | PSYCH - DATE 128C | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|
| MAX | 64/IV | D1D - 6/20/2005 | EPRD 9/2/2009 | 8.4 | 2/25/2006 | BLA | CCCMS 9/2/2004 | N/A |

### COMMITTEE MEMBERS

**MEMBERS**

J. Celaya FC (A), P. Bonilla, PhD

*D. Travers*
CHAIRPERSON
D. Travers, CDW (A)

*W. Wilson*
RECORDER
W. Wilson, CCII (Spec)

| Committee Date: 12/8/2005 | **INITIAL ASU REVIEW (ABSENTIA)** | Committee: D120805PPN1 |
|---|---|---|

| Typed By:   - Distribution: C-File & Inmate | SALINAS VALLEY STATE PRISON | Classification Chrono CDC 128G (Rev: 1/05) |
|---|---|---|

THIS CHRONO WAS RECEIVED JANUARY 10, 2006

*[signature]*


INMATE COPY

CDCR-695

INMATE: **Barnett**    CDC #: **T 38323**    CDC HOUSING: **D8-110**

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

*(Handwritten note in left margin, running vertically):* IN ADDITION TO SUPPORT MY CONTENTION AND ENTEAN ONE NOTES ON INCOME PASSAGE OF THE DISCUSSED PROBLEM THAT IS EITHER SAME NOTES THIS PROGRAM AND POINTS IT OUT TO OFFICIALS AND THEY FAIL TO ACT THIS STUFF W/ JUST AMOUNTS AS IS IN THIS CASE ... TO ME. A ...

| | |
|---|---|
| [ ] Requested Action Already Taken | [ ] Requested Appeal Withdrawn |
| [ ] Duplicate Appeal; Same Issue | [ ] Appeal Previously Received and Processed |
| [ ] Appealing Action Not Yet Taken | [ ] Incomplete 602 – Complete Next Appropriate Section |
| [ ] Incomplete Appeal – Documents Not Attached | [ ] Incomplete 602 – Sign and Date Appropriate Section |
| [X] Time Constraints Not Met | [ ] Limit of One Continuation Page May Be Attached |
| [ ] Cannot Submit On Behalf Of another Inmate | [ ] Incomplete Disciplinary Appeal – Missing Documents* |
| [ ] Appeal Process Abuse – Inappropriate Statements | [ ] Incomplete Property Appeal – Missing Documents* |
| [ ] No Significant Adverse Effect Demonstrated | [ ] Failed to Provide Necessary Copies of Chrono(s)* |
| [ ] Action / Decision Not Taken By CDCR | [ ] Appeal Process Abuse – Pointless Verbiage |
| [ ] Action Sought Is Under Sentencing Court Jurisdiction | [ ] May Submit One (1) Non-Emergency Appeal Per Week |
| [ ] Submit Issue to Assigned Parole Office | [ ] Attempting to Change Original Appeal Issue |
| [ ] Appeal Matter to VCGCB | [ ] Not Authorized to Bypass Any Level |
| [ ] DRB Decisions Are Not Appealable | [ ] Appeal Issue & Reasonable Accommodation Not 1824 |
| [ ] Request for Interview; Not an Appeal | [ ] Do Not Combine Staff Complaints with Other Issues |
| [ ] Emergency Not Warranted-CCR 3084.7 | [ ] Not A Request Form; Use CDCR-7362 – to access Medical Services, submit your request on a CDCR-Form 7362, Health Care Services Form, and send it to the Medical Department for a appointment. If necessary, sign up for sick call. |

<u>PLEASE ATTACH AS NOTED BELOW:</u>

| | |
|---|---|
| [ ] CDC 115/Hearing Officer's Results | [ ] CDC 128C Medical Chrono |
| [ ] CDC 115 with IE/DA information | [ ] CDC 1819 Denied Publications |
| [ ] Supplemental Reports to CDC 115 | [ ] CDC 128 A |
| [ ] CDC 1030 Confidential Disclosure | [ ] CDC 128 B |
| [ ] CDC 114D Lockup Order | [ ] CDC 143 Property Transfer Receipt |
| [ ] CDC 128G ICC/UCC | [ ] Cell Search Slip |
| [ ] CDC 128G CSR Endorsement Chrono | [ ] Receipts |
| [ ] CDC 839/840 Class/Reclass Score Sheet | [ ] Qtr. Pkg. Inventory Slip |
| [ ] CDC 7219 Medical Report | [ ] Trust Account Statement |
| [ ] **Other: SEE COMMENTS BELOW** | [ ] Property Inventory Receipt |

PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>
Comments:  You may write on back of this form to clarify or respond to the above.

*(Handwritten):* I WROTE THE ATTACHED 602 THE DAY THAT I RECEIVED THE CLASSIFICATION CHRONO, I HAVE ALSO SOUGHT TO BRING THIS TO THE ATTENTION OF THE APPROPRIATE OFFICIAL V/A MEMORANDUM/REQUEST FOR INTERVIEW AND ALL HAS BEEN IGNORED SO IF YOU AGAIN RETURN THIS ADMINISTRATIVE APPEAL TO ME SUCH WOULD MEAN THAT ADMINISTRATIVE APPEAL IS BEING RENDERED UNAVAILABLE TO ME AS SEEMS TO BE THE CASE SEE BROWN V. VALOFF 422 F.3d 926, 935 (9TH CIR. 2005) SEE ALSO HALL V. ALAMEIDA NO. 5-03-1595 DFL KJM P 2005 WL 203 0728 AT #3 (E.D. CAL. AUG. 20, 2005)    BKN 01/31/06

T. Variz, CC-II
Appeals Coordinator

**CANCELLED**

Date: 1-13-06

REC'D FEB 01 2006

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please return this form to the Appeals Coordinator with the necessary information attached.

<u>PERMANENT APPEAL ATTACHMENT - *DO NOT REMOVE*</u>

State of California      INMATE / PAROLEE APPEAL SCREENING FORM      Department of Corrections and Rehabilitation
CDCR-695

INMATE: Barnett _____ CDC #: T-38323 _____ CDC HOUSING: D8-110

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[ ] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**
Comments:  You may write on back of this form to clarify or respond to the above.

What Facility did you come from prior to placement
in ASU so I can process your appeal ?

I CAME FROM FACILITY "B" I WAS HOUSED BUILDING-4 CELL 131 AND I SIMPLY SOUGHT TO GET
A CELL MOVE AND AS OF A RESULT BEEN SUBJECTED TO THIS WHOLE ORDEAL THATS FULL OF LIES
MISTATEMENT OF FACT AND TYPICAL DISSEMINATION BASED UPON THE COMMON PERCEPTION THAT
ALL PRISONERS ARE IGNORANT OF THE LAW AND THE PROCEDURES
                                                          _____ 2/9/2006

NOTE: I TAKE EXCEPTION TO THIS QUESTION SINCE THIS INFORMATION IS FACTUALLY MORE
READILY ACCESSIBLE TO YOUR FINGER TIPS AND YOU ARE APPARENTLY DELAYING THIS AGAIN
WHICH IS IN VIOLATION OF MY RIGHTS AS A INSTITUTIONALIZED PERSON I.E. 42 U.S.C. 1997 et seq.

REC'D FEB 10 2006

Eloy Medina, CC-II
Appeals Coordinator

CANCELLED      Date: 2/11/06

his screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation on
separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself*.  Please return
is form to the Appeals Coordinator with the necessary information attached.

INMATE/PAROLEE APPEAL                                    DATED: APRIL 10, 2006
SVSP D-06-0056
BASIS OF OPPOSITION AND DISSATISFACTION
TO FIRST LEVEL REVIEWERS RESPONSE

STATEMENT OF FACTS: CONTRARY TO THE ALLUSIONS IN THE FIRST LEVEL REVIEWERS RESPONSE THE APPELLANT NEVER WAIVED HIS RIGHT TO A TIMELY HEARING ON ANY ALLEGATION ALLEGED TO HAVE BEEN COMMITTED ON (C). THE APPELLANT FURTHER WAS NEVER FACTUALLY PROVIDED A COPY OF CDC RVR FD-05-06-0045 IN WHICH HE ALLEGED TO HAVE COMMITTED THE SPECIFIC ACT OF "BATTERY ON STAFF/USE OF FORCE" OR THE ALLEGED CRIME IN CIDENT REPORT SVP-FDI-05-06-0403

BASIS OF OPPOSITION AND DISSATISFACTION: IN THE FIRST LEVEL REVIEWERS RESPONSE IT IS STATED THAT ON OR ABOUT 3/9/06 IT IS SAID THAT I WAS INTERVIEWED BY SGT. R. NAVA AND THAT I STATED ALLEGEDLY THAT I WAS BEING BEING HELD IN AD-SEG FOR UNKNOWN REASONS SUCH NEVER HAPPENED IN FACT OTHER THAN THE ALLUSION TO THE CLAIMED CDC 115 IN CLASSIFICATION COMMITTEE CHRONO'S THE APPELLANT HAS BEEN HELD IN AD-SEG BASE UPON THE ALLEGATION OF "THREATENING STAFF" RVR B06-06-0092/B05-12-0021R.

THE APPELLANT WOULD FURTHER POINT OUT THAT ON MARCH 14, 2006 FOR THE FIRST TIME A STAFF MEMBER CAME TO THE CELL I AM HOUSED WITH 2 OTHER OFFICERS IN TOW TRYING TO TELL ME THAT HE ISSUED THE CDC RV WHICH IS NOT TRUE AND THEN WHAT WAS PROVIDED TO ME ON MARCH 14, 2006 WAS A 2 PAGE RULES VIOLATION REPORT THAT WAS NOT SIGNED BY 90 A. GOTELO BUT BY THE SAME PERSON WHO SUPPOSEDLY ISSUED 7219's PRE-HEARING 115 PACKET ON 7/6/06 AT 0700HRS WHO ALSO ON 8/16/06 SIGNED AS THE PERSON ISSUING INCIDENT REPORT LOG NL FDI-05-06-0403.

THE IRONY OF THIS IS THE FACT THAT WHAT WAS FINALLY ON MARCH 14, 2006 ISSUED TO THE APPELLANT IS MISSING # 115-A PAGE 4 CRIME/INCIDENT REPORT PART B2-STAFF (CDC 837-B2) HAS BEEN OMITTED AS WELL AS CRIME/INCIDENT REPORT PAR C-1 SUPPLIMENT PAGE 3 WHICH WAS BROUGHT TO THE ATTENTION OF STAFF WHO HAVE FAILED TO REMEDY THE OMITTIONS IN FACT THE APPELLANT IS ALSO ENTITLED TO A COPY OF THE 602 FORM 8715 SINCE THE MATTER ALLEGEDLY WAS REFERRED TO THE D.1

ACCORDINGLY: IN VIEW OF THE ABOVE STATED FACTS AND BASIS OF OPPOSITION AND THE NECESSITY TO PURSUE EXHUSTION OF ADMINISTRATIVE REMEDIES IN THE EVENT THAT THIS MATTER SHOULD BE PRESENTED IN THE COURTS FOR REVIEW OR OTHER CONSIDERATIONS THE MATTER IS ACCORDINGLY BEING RE-SUBMITTED FOR SECOND LEVEL REVIEW.

RESPECTFULLY RE-SUBMITTED

MR. BRIAN KEITH BARNETT
T-38323 FACILITY D# 110 ASU
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1050
SOLEDAD, CALIFORNIA 93960-1050

WC: BKB/AF

CANCELLED

State of Calife                                                        California Department of Corrections and Rehabilitation

# APPEAL - FIRST LEVEL REVIEW
## SALINAS VALLEY STATE PRISON

**DATE:**    March 10, 2006

**NAME:**    Barnett    CDC # T-38323

**APPEAL #:**    FIRST LEVEL APPEAL LOG #SVSP-D-06-00456

**APPEAL DECISION:** Partially Granted

**SUMMARY OF APPEAL:** Appellant alleges that he was charged with "Battery on Staff" on 6/24/05, which he never was issued a CDCR-115 or crime scene incident report, CDCR 837. Appenllant said he only received a CDCR-114D suggesting he committed the specific act.

The appellant is requesting to be provided all records and documentation and be afforded the right to have a due process hearing. Appellant also request the reclassification score sheet and classification chrono dated 12/8/05, be corrected to reflect that it is not an initial ASU review.

**SUMMARY OF INVESTIGATION:** Appellant was interviewed on 3/9/06, by Sergeant R. Nava. Appellant stated he was being held in ASU for unknown reasons and he never received any documentation to explain why. Appellant was informed that he was pending a CDCR-115 hearing for , "Battery on Staff" while housed in ASU. Appellant requested to have the hearing as soon as possible.

On 3/9/06, a review of the incident log book indicated appellant was involved in an incident, at approximately 2050 hours, "Battery On A Peace Officer," incident log # SVP-FD1-05-06-0403. A review of the Disciplinary log book indicates appellant received a Rules Violation Report (RVR) for a specific act of, "Battery on Staff", Log # FD-05-0045. The hearing was postponed pending D.A. Referral. If the appellant Waives the D.A. postponement, his RVR hearing will be heard as soon as possible commensurate with CCR 3320. Appellant must address classification issues, with the counselors.

**APPEAL RESPONSE:** Partially Granted, a thorough review of the documents presented in this appeal has been completed. Therefore, based on the review, the action requested to resolve this appeal is **Partially Granted**.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.


N. Walker
Correctional Lieutenant
Salinas Valley State Prison


G. Lewis
Facility D Captain
Salinas Valley State Prison


CANCELLED

804 to Records: _____ Date: _____
STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTION

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. FD |
|---|---|---|---|---|---|---|
| T-38323 | BARNETT | | | SVSP | | 05-06-0045 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| CCR §3005(c) | BATTERY ON STAFF/USE OF PHYSICAL FORCE | DELTA #1 | 06/24/05 | 2048 hours |

CIRCUMSTANCES

On 06/24/05, at approximately 2048 hours, I alone with Officer D. Rocha were escorting Inmate BARNETT form walk alone caige #9 into the Ad Seg mini-yard triangle. Inmate BARNETT was agitated stating "You aint putting me where ever you want." Two feet from the triangle Inmate BARNETT, threw his weight forward and let his legs out. Officer Rocha and I supported his weight taking control of his arms and shoulder, I was positioned on Inmate BARNETT right side and Officer Rocha was on his left side. Officer Rocha and I physically supported Inmate BARNETT's weight causing me to bend at the waist BARNETT threw his head to the right striking me in the left cheek. I activated my personal alarm device, Officer Rocha and Picazo forced Inmate BARNETT to the ground. Inmate BARNETT was yelling "I'm going to kill all of you". Inmate BARNETT was forced to the ground, he then kicked his legs and made his body stiff then contorted and tried to roll around in an attempt to make Officer Picazo and Rocha loose his grip. I saw Inmate BARNETT spit at Inmate BARNETT is not a participant in the Mental Health Services Delivery System.

(CONT ON CDC 115-C)

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| A. Sotelo, Correctional Officer | 07/03/05 | D1 Floor Officer #2 | T/W |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| D. Capelan | 7-3-05 | DATE _____ LOC _____ | |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☒ SERIOUS | B | 7/5/05 | CCII Hughes | ☐ HO ☒ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 7/5/05 | 0700 | 7219s Pre hearing 115 Packet /115X |

| ☒ INCIDENT REPORT LOG NUMBER: SVP FD1-05-06-0403 | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| | | 8/11/05 | 1700 | | 8/11/05 | 1700 |

HEARING

REFERRED TO ☐ CLASSIFICATION  ☐ BPT/N&EA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| | | | |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| | | | |

| | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| T-38323 | BARNETT | C.C.R. §3005 (c) | 06/24/05 | SVSP | FD-05-06-0045 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT   ☒ YES   ☐ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | N/A | |
| ☒ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ RTS | 7/5/05 |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | N/A |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | N/A | |

## STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☒ NOT ASSIGNED | REASON | DNMC 3315 (d)(2)(a) |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED   ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ RTS | DATE |
|---|---|---|
| ☐ ASSIGNED | DATE | NAME OF STAFF |
| ☒ NOT ASSIGNED | REASON | DNMC 3315 (d)(1)(A) |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER ____   ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 0700 | DATE 7/5/05 |
|---|---|---|---|

CDC 115-A (7/88)          *— If additional space is required use supplemental pages —*          OSP 03 748

CDC - 128B (Rev. 4/74)

NAME and NUMBER    BARNETT, T-38323

Case #SVP-FD1-05-06-0403, dated 6/24/2005, 115 Log # _____ was forwarded to the Investigative Services Unit (ISU) for referral to the District Attorney's Office.  On 4/4/2006 this case was returned to ISU indicating the case has been:

☐ Accepted by the D.A.
☒ Rejected by the D.A.   (Rejected on 3/30/2006)
☐ Declined by I.S.U.

cc:   C-File
      Inmate
      115 Desk
      ISU case file
      Facility CCII

ISU STAFF
Salinas Valley State Prison

Date: 4/4/2006

(DISTRICT ATTORNEY REFERRAL)          GENERAL CHRONO

RECEIVED
APR 6 2006
A/W COMPLEX II

RECEIVED
APR 6 2006
FACILITY D

# 32085394 SUBSEQUENT ACTION DISPOSITION INFORMATION

## A. LAW ENFORCEMENT INFORMATION

| FP CARD/OCA NO. | CII NO. |
|---|---|

NAME (LAST, FIRST, MIDDLE)

| SEX | RACE | HGT | DOB | AGE | ARRESTING AGENCY | | BOOKING/CITE NO. | FBI NO. |
|---|---|---|---|---|---|---|---|---|

| ARREST DATE | | BOOKING AGENCY | CRIME REPORT NO | S.S. NO. |
|---|---|---|---|---|

| CHARGE 1 (SECTION, CODE) | | CHARGE 2 (SECTION, CODE) | | IN-COUNTY WARR. NO | D.L. NO. |
|---|---|---|---|---|---|

| CHARGE 3 (SECTION, CODE) | | CHARGE 4 (SECTION, CODE) | | REMARKS |
|---|---|---|---|---|

## B. PROSECUTION INFORMATION

| REOPEN FROM PROSECUTOR PREFILING DEFERRAL | DATE | ☐ SUCCESSFUL Case Not Filed | ☐ UNSUCCESSFUL Case Filed |
|---|---|---|---|

## C. SUBSEQUENT ACTION COURT INFORMATION

| ORIGINAL L.C. JUD. DIST. NO. | ORIGINAL FILE NO. |
|---|---|
| ORIGINAL S.C. JUD. DIST. NO. | ORIGINAL FILE NO. |

| REOPEN AFTER PROCEEDINGS SUSPENDED | DATE | ☐ LC/SC BENCH WARRANT ISSUED<br>☐ LC/SC 1368/1370 - FOUND MENT. INCOMP - COMM<br>☐ LC/SC 3050 WI - NARCOTIC COMMITMENT<br>☐ SC 3051 WI - NARCOTIC COMMITMENT | DIVERSION/DEFERRED ENTRY OF JUDGEMENT<br>☐ SUCCESSFUL<br>☐ UNSUCCESSFUL |
|---|---|---|---|

| PROBATION CHANGE | DATE | ☐ PROBATION VIOLATED/REVOKED/REINSTATED WITH SENTENCE MODIFICATION ( MUST COMPLETE SECTION F.)<br>☐ PROBATION TERMINATED/1203.3 PC ☐ PROBATION TRANSFERRED/1203.9 PC (SPECIFY)<br>COUNTY _____ COURT CASE NO. _____ |
|---|---|---|

| SENTENCE CHANGE | DATE | ☐ SENTENCE VACATED ☐ CYA VACATED/ REJECTED ☐ 1170 PC - SENTENCE MODIFIED<br>☐ SENTENCE MODIFIED ☐ APPEAL - JUDGEMENT REVERSED |
|---|---|---|

## D. COURT

| LOWER COURT | DATE FILED | L.C.JUD.DIST.NO. | FILE NO. | CONSOLIDATED FILE NO. | TYPE OF TRIAL ☐ COURT ☐ JURY |
|---|---|---|---|---|---|
| SUPERIOR COURT | DATE FILED | S.C.JUD.DIST.NO. | FILE NO. | CONSOLIDATED FILE NO. | |

| TYPE OF FILING | ☐ INFORMATION | ☐ CERTIFICATION | ☐ INDICTMENT | TYPE OF TRIAL ☐ JURY ☐ COURT ☐ TRANSCRIPT |
|---|---|---|---|---|

| #CHRG | FILE LEVEL | | FIRST PLEA | | | FINAL PLEA | | | DISPOSITION | | | | DISPO DATE | CHARGES AND ENHANCEMENTS AT DISPOSITION | DISPO LEVEL | | | 17 PC |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | I | M | F | NG | NGI | G | NOL | CONV | DISM | CERT AW | ACQ | | SECTION/CODE/LITERAL | I | M | F | |
| 1 | | | | | | | | | | | | | | | | | | |
| 2 | | | | | | | | | | | | | | | | | | |
| 3 | | | | | | | | | | | | | | | | | | |

## E. ADMONISHMENTS AND WAIVERS

☐ DEFENDANT WAS ADVISED AND UNDERSTOOD.
☐ DEFENSE COUNSEL CONCURRED IN DEFENDANTS PLEA OR ADMISSION
☐ COURT FOUND PLEA WAS KNOWLEDGEABLE, INTELLIGENTLY MADE AND VOLUNTARY
☐ DEFENDANT WAIVED COUNSEL

☐ RIGHT TO TRIAL BY JURY ☐ WAIVED
☐ PRIVILEGE AGAINST COMPULSORY SELF INCRIMINATION ☐ WAIVED
☐ RIGHT TO CONFRONT AND CROSS EXAMINE WITNESSES ☐ WAIVED
☐ CHARGES AND DIRECT CONSEQUENCES OF PLEA
☐ DEFENDANT REPRESENTED BY COUNSEL

## F. SUBSEQUENT ACTION SENTENCE INFORMATION

DATE OF SENTENCE

| CHRG | 17 PC | ISS | PROB | JAIL | | | FINE | | RSTN | | JAIL OR FINE | | | CONC | CONS | VOL | COSTS | CYA | PRISON SENTENCE INFORMATION | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Y | X | MOS | DAYS | DAYS SUS | X | SUS | X | DAYS | PAID | COMV | SUS | X | X | X | X | X | TOTAL FIXED TERM | | STAYED INFORMATION (SPECIFY COUNTS) |
| | | | | | | | | | | | | | | | | | | | YEARS | MONTHS | |
| 1 | | | | | | | | | | | | | | | | | | | | | ☐CONC ☐CONS |
| 2 | | | | | | | | | | | | | | | | | | | | | W/CASE NO. |
| 3 | | | | | | | | | | | | | | | ☐ SUSPENDED | | | | | | |

| CONDITION OF PROBATION ☐ FIREARMS PROHIBITED | REMARKS |
|---|---|

## G. CLERK OF THE COURT'S CERTIFICATION

I CERTIFY THAT THE FOREGOING IS A CORRECT ABSTRACT OF THE DISPOSITION OF ARREST AND COURT ACTION IN THIS CASE

PRINTED OR TYPED SIGNATURE AND TITLE          DATE AND COUNTY

## H. SET ASIDE/ DISMISSED/ SEALED

| CONVICTION SET ASIDE/DISMISSED | DATE | ☐ 17 PC - REDUCED | ☐ 1203.4A PC | ☐ 1203.4 PC | ☐ 1772 WI | ☐ 3200 WI |
|---|---|---|---|---|---|---|
| RECORD SEALED² | DATE | ☐ 851.7 PC - SEAL<br>☐ 851.8 PC - SEAL/DESTROY | ☐ 851.85 PC - SEAL<br>☐ 1203.45 PC - MISD SEAL | ☐ 781 WI - JUVENILE SEAL<br>☐ 389 WI - JUVENILE SEAL | | |

¹Use 1203.4 PC only when final sentence included probation; 1203.4A PC when no probation granted.
²A certified copy of the court order must be attached to each JUS 8715A when a sealing order is issued.

JUS 8715A · Subsequent Action Disposition Information    COPIES: DOJ-Orange, COURT-reproduce copy for court files.

# MONTEREY COUNTY

## OFFICE OF THE DISTRICT ATTORNEY
## DEAN D. FLIPPO
240 CHURCH STREET – P.O. BOX 1131 SALINAS, CALIFORNIA 93902
(831) – 755-5070          FAX (831) – 755-5068

March 30, 2006

M.S. Evans, Warden (A)
Salinas Valley State Prison
31625 Hwy. 101
P.O. Box 1020
Soledad, CA  93960-1020

RECEIVED

APR  6 2006

AW/COMPLEX II

**RE:     Barnett – T38323**

Your incident report June 24, 2005 has been reviewed and evaluated.  We decline prosecution as we feel this matter could best be handled administratively.

Very truly yours,

DEAN D. FLIPPO
District Attorney

Rick Storms,
Deputy District Attorney

**I.R.**  **SVP-05-06-0403**
**Orig.** **Central File**
Cc:     Assoc. Warden's File
          Facility Captain
          Inmate ISU File

STATE OF CALIFORNIA                                      DEPARTMENT OF CORRECTIONS
**CRIME / INCIDENT REPORT**
**PART B2- STAFF**
CDC 837-B2 (09/03)                        PAGE __4__ OF __5__

| INSTITUTION | FACILITY | INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | D | SVP-FD1-05-05-0403 |

### STAFF (ENTIRE SHEET)

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| WASHINGTON | L | | SERGEANT | M | BLK | S/S |

| CHECK ONE | BADGE # 44966 | ID # 286188 | POST ASSIGN. # 340376 | POSITION D1&D2 SERGEANT |
|---|---|---|---|---|

☐ PRIMARY ☐ CAMERA  ☒ RESPONDER  ☐ WITNESS  ☐ VICTIM
DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED  NAME/LOCATION OF HOSP./TREAT. FACILITY  USED FORCE: ☐ YES ☒ NO  PROCESSED EVIDENCE: ☐ YES ☒ NO
☐ REFUSED TREATMENT  ☐ DECEASED DATE: ☒ N/A ☐ N/A  TYPE:

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| SOTELO | A. | | OFFICER | M | MEX | T/W |

| CHECK ONE | BADGE # 62190 | ID # 288754 | POST ASSIGN. # 342403 | POSITION D1 FLOOR #2 |

☒ PRIMARY ☐ CAMERA  ☐ RESPONDER  ☐ WITNESS  ☐ VICTIM
DESCRIPTION OF INJURIES: BRUISED LEFT CHEEK AREA ☐ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED  USED FORCE: ☒ YES ☐ NO  PROCESSED EVIDENCE: ☐ YES ☐ NO
☒ REFUSED TREATMENT  ☐ DECEASED DATE: ☒ N/A  TYPE: PHYSICAL

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| ROCHA | D | | OFFICER | M | MEX | S/S |

| CHECK ONE | BADGE # 65173 | ID # 2862439 | POST ASSIGN. # 342433 | POSITION D1 S&E #1 |

☒ PRIMARY ☐ CAMERA  ☐ RESPONDER  ☐ WITNESS  ☐ VICTIM
DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED  USED FORCE: ☒ YES ☐ NO  PROCESSED EVIDENCE: ☐ YES ☒ NO
☐ REFUSED TREATMENT  ☐ DECEASED DATE: ☒ N/A ☒ N/A  TYPE: PHYSICAL

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| PICAZO | S. | | OFFICER | M | MEX | T/W |

| CHECK ONE | BADGE # 65954 | ID # 2862617 | POST ASSIGN. # 342405 | POSITION D2 FLOOR #2 |

☐ PRIMARY ☐ CAMERA  ☒ RESPONDER  ☐ WITNESS  ☐ VICTIM
DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED  USED FORCE: ☒ YES ☐ NO  PROCESSED EVIDENCE: ☐ YES ☒ NO
☐ REFUSED TREATMENT  ☐ DECEASED DATE: ☒ N/A ☒ N/A  TYPE: PHYSICAL

| NAME: LAST | FIRST | MI | TITLE | SEX | ETHNICITY | RDO'S |
|---|---|---|---|---|---|---|
| RUFFIN | D. | | OFFICER | M | BLK | W/T |

| CHECK ONE | BADGE # 62558 | ID # 2861382 | POST ASSIGN. # 341402 | POSITION D1 CONTROL BOOTH |

☐ PRIMARY ☐ CAMERA  ☐ RESPONDER  ☒ WITNESS  ☐ VICTIM
DESCRIPTION OF INJURIES: ☒ N/A

☐ HOSPITALIZED ☐ TREATED & RELEASED  USED FORCE: ☐ YES ☒ NO  PROCESSED EVIDENCE: ☐ YES ☐ NO
☐ REFUSED TREATMENT  ☐ DECEASED DATE: ☒ N/A ☒ N/A  TYPE:

STATE OF CALIFORNIA
CRIME / INCIDENT REPORT
PART C1- SUPPLEMENT
CDC 837-C1 (Rev. 09/03)

DEPARTMENT OF CORRECTI

PAGE _3_ OF _3_

INCIDENT LOG NUMBER
SUP-FDI-05-06-

NAME: LAST  Sotelo

FIRST  A

MI  R

TYPE OF INFORMATION:

☐ CONTINUATION OF REPORT    ☐ CLARIFICATION OF REPORT    ☐ ADDITIONAL INFORMATION

NARRATIVE:

To calm down. Barnett stopped screaming and appeared to calm down. Sgt Washington told Picazo and Rocha to assist Barnett to his feet and place him in holding cell #1. Barnett was placed in holding cell #1 he immediatly started banging his head on the cage yelling "kill me" over and over again. I saw Barnett bang his head on the cage at least 5 times + I heard Barnett say "If I ever get the chance I'll kill all of you" I reported the assault to Sgt Washington and was given a 7219 by LVN Zyller and returned to work

☐ CHECK IF NARRATIVE IS CONTINUED ON ADDITIONAL C1

SIGNATURE OF REPORTING STAFF

TITLE
C/O

BADGE #
62190

ID #
286754

DATE
06-24-05

NAME AND TITLE OF REVIEWER (PRINT / SIGNATURE)  Washington 6-24-05

DATE RECEIVED

APPROVED
☑ YES ☐ NO

CLARIFICATION NEEDED
☐ YES ☑ NO

DATE
6-24-05

EXHIBIT " C "

INMATE PARDLEE APPEAL SUBMITTED SPECIFICALLY
PRESENTED PURSUANT TO 42 U.S.C. § 1997 e WHICH
REQUIRIES AN PLAIN EXPEDIENT MEANS TO GRIEVE
A MATTER AS TO THE PLAINTIFFS DUE PROCESS ADMIN -
1STRATIVE HEARING RIGHTS WHICH WERE DENIED
AND OTHERWISE EXCESSIVELY POSTPONED WITHOUT
THE PLAINTIFFS WRITTEN APPROVAL  4  PAGES

EXHIBIT " C "

State of California INMATE / PAROLEE APPEAL SCREENING FORM Department of Corrections and Rehabilitation
CDCR-695

INMATE: _Barnett_ CDC #: _T-38323_ CDC HOUSING: _D8-110_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[✓] Pointless Verbiage/Appeal is vague
[ ] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>
Comments: **You may write on back of this form to clarify or respond to the above.**

Barnett - I don't understand all the legal jargon. Simply state the problem & requested action.

if you are Appealing ASU retention, attach copy of 128G.

7/3/06 received w/o compliance to the screening form

REC'D JUN 30 2006

Eloy Medina, CC-II
Appeals Coordinator

Date: 6/26/06

RET'D JUN 28 2006

This screening action may not be appealed. If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

STATE OF CALIFORNIA                                                                                    DEPARTMENT OF CORRECTIONS

## INMATE/PAROLEE
## APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region         Log No.                    Category _____2_____

1. _____          1. _____
2. _____          2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.          ASU          ASU retention

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BARNETT, BRIAN KEITH | T-38323 | NONE | D8-110 ASU |

A. Describe Problem: THIS ADMINISTRATIVE APPEAL IS BEING PRESENTED PURSUANT TO 15 CCR § 3084.1 "RIGHT TO APPEAL" IN THAT "(a) ANY INMATE OR PAROLEE UNDER THE DEPARTMENTS JURISDICTION MAY APPEAL ANY DEPARTMENTAL DECISION, ACTION CONDITION, OR POLICY WHICH THEY CAN DEMONSTRATE AS HAVING AN ADVERSE EFFECT UPON THEIR WELFARE" THIS MATTER IS ALSO BEING PRESENTED PURSUANT TO 42 U.S.C. § 1997 e WHICH REQUIRES A PLAIN EXPEDIENT MEANS TO GRIEVE A MATTER AS WELL AS EXHAUSTING ADMINISTRATIVE NOTICE REQUIREMENTS PRIOR TO THE PURSUIT OF CIVIL REVIEW OF THE VIOLATION OF MY PROCEDURAL DUE PROCESS RIGHTS WHICH IS THE BOTTOM LINE BASIS OF THIS APPEAL AND ALL OTHER FACTS BEING PROVIDED IN THIS APPEAL ARE STATED TO PROVID FACTS AND TIME LINE ALL RELATIVE TO THE VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS WHICH HAS BEEN A ONGOING

If you need more space, attach one additional sheet.          RECEIVED JUN 26 2006          CONTINUED

B. Action Requested: THAT THE DEPARTMENT REVIEW THE MATTER AND ACCEPT THE LIABILITY FOR THE EXCESSIVE DELAY AS WELL AS ANY RELIEF THE APPELLANT IS ENTITLED AND MAY SEEK AS OF A RESULT OF THIS MATTER

Inmate/Parolee Signature: _B____B____S____          DELIVERED JUL 19 2006    Date Submitted: JUNE 22, 2006

C. INFORMAL LEVEL (Date Received: _____ )          REC'D JUN 28 2006

Staff Response: _____          REC'D JUN 30 2006

_____

_____

_____

Staff Signature: _____          Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____          Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

_____

INMATE PAROLEE APPEAL
DESCRIBE PROBLEM CONTINUATION:

PROBLEM AT THIS PRISON IN THAT THE RECORDS WILL REFLECT THAT I HAVE BEEN IN THE ADMINISTRATIVE SEGREGATION UNIT SINCE JUNE 20, 2005 ON INITIALLY AN ALLEGATION IN WHICH I SUPPOSEDLY THREATENED STAFF. HOWEVER ON OR ABOUT JUNE 24, 2005 I AM ALLEGED TO HAVE COMMITTED BATTERY ON A 9% A. SOTELO AS SET FORTH IN CDC RV. FD 05-06-0045 AND CRIME INCIDENT LOG NUMBER SVP-FD1-05-06-0403 WHICH ALLEGEDLY WAS REFERRED TO THE MONTEREY COUNTY DISTRICT ATTORNEY FOR PROSECUTION HOWEVER NO REFERRAL WAS TRANSMITTED UNTIL SEP-TEMBER 20, 2005. THE APPELLANT FOR THE RECORD WAS NEVER ISSUED ANY DOCUMENTATION RELATIVE TO THE MATTER AS REQUIRED PURSUANT TO 15 CCR § 3320 HEARING PROCEDURES AND TIME LIMITATIONS UNTIL AFTER HE SUBMITTED THE INMATE PAROLEE APPEAL DATED JANUARY 10, 2006 APPEAL LOG # SVSP D 06-00456. WHICH RESULTED IN THE APPELLANT RECEIVING A PARTIAL COPY OF CRIME INCIDENT REPORT LOG # SVP-FD1-05-06-0403 AND CDC RVR FD 05-06-0045 WHICH WAS MISSING A CDC 115-A. ON MARCH 14, 2006. THE APPELLANT AT NO TIME PERSONALLY WAIVE HIS PROCEDURAL DUE PROCESS ADMINISTRATIVE HEARING RIGHTS IN FACT THE MANNER IN WHICH SUCH WOULD BE DONE IS CLEARLY SET FORTH IN THE PROVISIONS OF 15 CCR § 3316 (c) WHICH SPECIFICALLY STATES: "(c) REFERRAL OF AN INMATE'S MISCONDUCT FOR PROSECUTION SHALL NOT [MANDATORY LANGUAGE] STAY TIME LIMITS FOR DISCIPLINARY HEARING UNLESS THE INMATE SUB-MITS A WRITTEN REQUEST TO THE CHIEF DISCIPLINARY OFFICER OR SIGNS AND DATES THE CDC FORM 115-A [OF THE] SERIOUS RULES VIOLATION REPORT REQUESTING POSTPONEMENT OF THE HEARING PENDING OUTCOME OF THE REFERRAL" THE RECORDS ON WILL DEMONSTRATE THAT THE APPELLANT DOES NOT POSTPONE HEARINGS IN FACT THE APPELLANT WAS NOT OFFICIALLY AWARE OF THE ALLEGED ALLEGATION EXCEPT AS OF A RESULT OF ALLUSIONS MADE IN CLASSIFICATION CHRONO'S AND A CDC 114-D ISSUED BY AN A. WILLIAMS CCII ON 11-20-05 WHICH CULMINATED IN THE APPELLANT SUBMITTING THE JANUARY 10, 2006 INMATE PAROLEE AP-PEAL SVSP D 06-00456 AFTER HIS RECEIVING CDC 128G CLASSIFICATION CHRONO DATED 12-8-05 BUT ISSUED TO THE APPEL-LANT ON JANUARY 10, 2006 THE APPEAL WHICH REQUESTED THAT THE APPELLANT BE PROVIDED WITH COPIES OF ALL RELEVANT DOCUMEN-AS WELL AS PROCEDURAL DUE PROCESS HEARING RIGHTS WAS CANCELLED BY ELOY MEDINA CCII ON 5/12/06 HOWEVER ON OR ABOUT MAY 11, 2006 THE APPELLANT WAS PROVIDED WITH COPIES OF MISSING PAGES FROM THE CRIME INCIDENT REPORT SVP-FD1-05-06-040 BY LT. R. BOCCELLA AS WELL AS OTHER NON CONFIDENTIAL DOCUMENTATION REQUESTED AND SINCE THE ISSUE OF THE HEARING WAS ALSO RAISED THE SAID FURTHER INDICATES THAT PROCEDURES WERE NOT FOLLOWED AND THAT THE APPELLANTS HEARING HAS BEEN IMPROPERLY DELAYED AS THE RECORD REFLECTS THAT THE APPELLANT NEVER SUBMITTED ANY REQUEST FOR POSTPONEMENT AND MORE OVER EVEN A THE INVALID POSTPONEMENT THAT HAS BEEN EMPLOYED HAS BEEN EXCEEDED IN THAT ACCORDING TO 15 CCR § 3316(c)(1) WHICH CLEARLY STATES: "(1) A POSTPONED DISCIPLINARY HEARING SHALL BE HELD [MANDATORY LANGUAGE] WITHIN 30 DAYS AFTER ONE OF THE FOLLOWING EVENTS: (c) WRITTEN NOTICE IS RECEIVED THAT THE PROSECUTING AUTHORITY DOES NOT INTEND TO PROSEC UTE." WHICH IN THIS CASE WAS OFFICIALLY SENT TO THE WARDEN AT THIS PRISON ON MARCH 30, 2006 AND WAS FURTHER SENT TO BE STAMPED RECEIVED BY ASSOCIATE WARDEN COMPLEX II APRIL 6, 2006. IN FACT THE APPELLANT NOTES THAT THERE WAS IN FACT AN EXCEPTIONAL DELAY OF 3 MONTHS PRIOR TO THE MATTER EVEN BEING SENT TO THE MONTEREY COUNTY DISTRICT ATTORN. OFFICE FOR CONSIDERATION AND SUCH WAS NOT THE RESULT OF A NECESSITY TO INVESTIGATE THE MATTER SINCE ACCORDING TO THE RECO OF THE DISTRICT ATTORNEYS OFFICE THE RECORDS RELATIVE TO THE MATTER ACCORDING TO MR. RICK STORMS SR. D. A. WERE SENT/R CEIVED ON SEPTEMBER 20, 2005 WHICH RAISES ADDITIONAL QUESTIONS HOWEVER THIS APPEAL IS BEING PRESENTED TO ADDRESS AND SPECIFICALLY ATTACK THE FACT THAT THE APPELLANTS PROCEDURAL DUE PROCESS HEARING RIGHTS HAVE BEEN VIOLATED IN SUCH A MANNER AS APPARENTLY INTENDED TO PROTECT A PARTY WHO HAS BY FRAUDULENT CONCEALMENT. DELAYED THE ASSERTION OF A RIGHT AGAINST HIM SO AS TO TRY AND CAUSE THE CAUSE OF ACTION ACCRUAL DATE TO BE AVOIDED BY THE STATUTE OF LIMITATIONS WHICH IS DIRECTLY RELATED TO THE APPELLANT BEING DENIED HIS PROCEDURAL DUE PROCESS AND SUBSTANTIVE HEARING RIGHTS PURSUANT TO U.S. CONSTITUTIONAL AMENDMENTS 5TH + 14TH AS WELL AS CORRESPONDING CALIFORNIA PROVISIO.

VERY SINCERELY SUBMITTED

MR. BRIAN KEITH BARNETT
T-38323 FACILITY D8-110 ASU
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1050
SOLEDAD, CALIFORNIA 93960-1050

State of California                                                    Department of Corrections

# Memorandum

Date    : JUNE 28, 2006

To      : ELOY MEDINA CC II
          APPEALS COORDINATOR
          SALINAS VALLEY STATE PRISON

FROM    : BARNETT, BRIAN KEITH
          T-38323 FACILITY D8-110 ASU


Subject : SCREENING FORM DECISION OF 6-26-06
          RELATIVE MY APPEAL OF VIOLATION OF PROCEDURAL
          DUE PROCESS HEARING RIGHTS

IN YOUR SCREENING FORM DECISION YOU STATE THAT YOU DO NOT UNDERSTAND SOME AS YOU PUT IT "ALL
THE LEGAL JARGON" I DO NOT UNDERSTAND WHAT YOU DO NOT UNDERSTAND SO MAYBE YOU SHOULD HIGHLIGH
WHAT YOU DO NOT UNDERSTAND SO I CAN ATTEMPT TO EXPLAIN IT TO YOU.  SINCE I HAVE IN FACT
QUITE SIMPLY STATED THAT MY PROCEDURAL DUE PROCESS RIGHTS HAVE BEEN VIOLATED AND ALL OTHER
FACTS PRESENTED DIRECTLY RELATE TO THAT SIMPLE FACT.  AND I IN THE ACTION REQUESTED SIMPLY ASK
THAT THE DEPARTMENT ACCEPT THE LIABILITY FOR VIOLATING MY PROCEDURAL DUE PROCESS HEARING RIGHTS
I COULD CARE LESS ABOUT ASU RETENTION AS I BASICALLY HAVE BECOME ACCLIMATED TO BEING LOCKED
DOWN 24/7 AND THERE HAS NOT BEEN ISSUED TO ME ANY OTHER CDC 128G OTHER THAN THE ONE THAT
WAS ATTACHED TO THE APPEAL LOG NO. # SVSP D-06-00456 THAT YOU CANCELLED  SO I DO NOT UNDER
STAND WHAT YOU ARE ASKING FOR.  I HAVE WENT THROUGH GREAT PAINS TO EMPHASIZE IN THE APPEAL
THAT IT IS TO SIMPLY ADDRESS THE VIOLATION OF MY PROCEDURAL DUE PROCESS HEARING RIGHTS SO YOU DO
NOT BECOME CONFUSED WITH THE SURROUNDING FACTS SO WHAT YOU CONTEND TO BE POINTLESS VERBIAGE
OR WHAT YOU DO NOT UNDERSTAND I ASK THAT YOU HIGHLIGH SO I CAN ATTEMPT TO EXPLAIN TO YOU WHAT
IT IS OR SINCE I AM CCING YOU AS THE APPEALS COORDINATOR CAN ASSIGN A STAFF ASSISTANT TO RE-WRI
THE APPEAL FOR ME YET THE ORIGINAL STILL HAS TO BE ATTACHED HOWEVER YOU SLICE IT SINCE I FRANKLY D
NOT BELIEVE YOUR CLAIM TO NOT UNDERSTAND THE OBVIOUS FACTS PRESENTED SO I AM ACCORDINGLY RETURN
ING THIS APPEAL TO YOU FOR YOU TO EITHER HIGHLIGHT WHAT YOU DO NOT UNDERSTAND OR CONTEND IS POINTLESS
VERBIAGE SINCE THE BOTTOM LINE IS THE VIOLATION OF MY PROCEDURAL DUE PROCESS HEARING RIGHTS.

VERY SINCERELY

MR. BRIAN KEITH BARNETT
T-38323 FACILITY D8-110 ASU
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1050
SOLEDAD, CALIFORNIA 93560-1050

CDC 1617 (3/89)

EXHIBIT "D"

THE PLAINTIFF SOUGHT TO HAVE PROCESSED A CITIZEN's
COMPLAINT WITHIN THE MEANING OF CAL. PEN. & 832.5
ADDRESSING THE FACT ONE CORRECTIONAL STAFF MEMBER
FALSELY REPRESENTED TO THE PLAINTIFF THE HE WAS
ASSIGNED AS THE INVESTIGATIVE EMPLOYEE WHEN HE
WAS NOT IN FACT ASSIGNED ON THE MATTER WHICH WAS
SCREENED OUT AND CANCELLED BY ELOY MEDINA CCII
IN A REPORT TO EFFECTIVELY DENY ME MY RIGHT TO GRIEVE
THE MISCONDUCT WHICH WAS SEPARATE AND DISTINCT
FROM THE RULES VIOLATION REPORT D 05-06-0045
AS IS CLEARLY STATED IN THE SUBSTANCE OF THE ADMIN-
ISTRATIVE APPEAL AND CLEARLY POINTED OUT TO ELOY
MEDINA CCII WHO CHOSE TO CANCELL THE APPEAL
(4 PAGES)

EXHIBIT "D"

State of California    INMATE / PAROLEE APPEAL SCREENING FORM    Department of Corrections and Rehabilitation
CDCR-695

INMATE: _Barnett_____    CDC #: _T-28323____    CDC HOUSING: _D5-110_____

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[ ] Duplicate Appeal; Same Issue
[ ] Do Not Combine Staff Complaints with Other Issues
[ ] Time Constraints Not Met
[ ] Cannot Submit On Behalf Of another Inmate
[ ] No Significant Adverse Effect Demonstrated
[ ] Pointless Verbiage/Appeal is vague
[✓] Incomplete 602
[ ] Attempting to Change Original Appeal Issue
[ ] Not Authorized to Bypass Any Level
[ ] Request for Interview; Not an Appeal
[ ] Numerous and separate issues

[ ] Limit of One Continuation Page May Be Attached
[ ] Inappropriate Statements
[ ] Action / Decision Not Taken By CDCR
[ ] DRB Decisions Are Not Appealable
[ ] Appealing Action Not Yet Taken
[ ] May Submit One (1) Non-Emergency Appeal Per Week
[ ] Not A Request Form; Use CDCR-7362 – to access Medical
    Services, submit your request on a CDCR-Form 7362.
    If necessary, sign up for sick call.
[ ] Write your appeal in black or blue ink, this is a legal
    document and pencil/inks other than black or blue do
    not copy legibly

PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>
Comments:  You may write on back of this form to clarify or respond to the above.

to appeal on RVR you must attach
a complete final copy w/in 15 days
of receipt

8/24/06
CANCELLED
pr 3084.41(d)

Eloy Medina, CC-II                                      Date: 8/7/06
Appeals Coordinator

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.*  Please
return this form to the Appeals Coordinator with the necessary information attached.

PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE

STATE OF CALIFORNIA

*STAFF MISCONDUCT COMPLAINT*

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: | Institution/Parole Region | Log No. | | Category | |
|---|---|---|---|---|---|
| 1. | | 1. | | | / |
| 2. | | 2. | | | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   RVR                    IE for D05-06-004.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BARNETT, BRIAN KEITH | T-38323 | NONE | D8-110 ASU |

A. Describe Problem: THIS IS A CITIZENS COMPLAINT WITHIN THE MEANING OF CAL. PEN. C. § 832.5, 15 CCR § 3391(a) "EMPLOYEE CONDUCT", 15 CCR § 3291 (d) "LAW ENFORCEMENT RESPONSIBILITY" etc., 15 CCR § 3084.5 (G) "ALLEGED MIS-CONDUCT BY DEPARTMENTAL PEACE OFFICER" IN THAT ON AUGUST 3, 2006 DURING SECOND WATCH C/O J. SPAULDING INTEN-TIONALLY PREVARICATED TO ME BY INFORMING ME AFTER BEING SPECIFICALLY ASKED THAT HE WAS THEN AND THERE ASSIGNED AS THE INVESTIGATIVE EMPLOYEE RELATIVE TO CDC RVR FD-05-06-0045. I ASKED THE OFFICER SEVERAL TIMES TO BE QUITE SURE THAT HE WAS THE INVESTIGATIVE EMPLOYEE IN VIEW OF THE FACT THAT ON A PRIOR OCCASION A C/O HICKS APPROACHED ME STATING THAT SHE WAS THERE TO PICK UP OR OBTAIN A WRITTEN STATEMENT FROM ME. I ASKED HER WAS SHE THE I.E. AND SHE INDICATED THAT SHE WAS NOT AND ASKED ME IF I HAD SPOKEN WITH THE INVESTIGATIVE EMPLOYEE TO WHICH

If you need more space, attach one additional sheet.      REC'D AUG 24 2006      CONTINUED ON THE ATTACHED:

B. Action Requested: THAT THE MATTER BE REFERED TO THE CDCR INTERNAL AFFAIRS DIVISION TO INVESTIGATE THE MATTER AND THAT THE ADMINISTRATIVE PROCESS BE APPROPRIATELY EXHAUSTED SO THAT IF I SO DESIRE TO PRESENT THE MATTER TO THE COURT FOR CONSIDERATION AND A CIVIL PENALTY / INJUNCTIVE RELIEF SUCH MAY ACCORDINGLY BE DONE.

RECEIVED AUG 07 2006

Inmate/Parolee Signature: _____      Date Submitted: 8/4/2006

C. INFORMAL LEVEL (Date Received: _____ )      RET'D AUG 21 2006

Staff Response:

8/24/06

**CANCELLED**      DELIVERED SEP 01 2006

p. 3084.4(d)

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _____      Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

State of California                                                    Department of Corrections

# Memorandum

Date  : August 23, 2006

To    : Eloy Medina CCII
        Appeals Coordinator
        Salinas Valley State Prison

From  : Barnett, Brian Keith
        T-38323 Facility D8-110 ASU

Subject : Inaccurate Screening Decision

Today the attached inmate parolee appeal was returned to me with a inmate/parolee appeal screening form CDCR-695 dated 8/7/06 in which you checked the box "incomplete 602" and then you in the section of the form that states: "please follow instructions an return your CDC 602 within 15 working days the following:

   To appeal an RVR you must attach a complete final copy w/in 15 days of receipt.

Now the above is interesting if the appeal was to appeal a rules violation report since the attached 602 is a staff complaint regarding the misconduct of C/o J. Spaulding who lied to me by saying he was the investigative employee on CDC RVR FD-06-06-0045, and in this case the officer violated the following:

   15 CCR §3291 "employee law enforcement and peace officer personnel (a) law enforcement responsibilities" etc.

   15 CCR §3391 "employee conduct (a) employees shall be alert, courteous, and professional in their dealings with inmates, parolees" etc.

Thus I am returning the attached inmate parolee appeal for the appropriate processing or you can on your own authority cancel this appeal also and I will simply add it to the collection I have maintained for when I come after you for misconduct in the future if or when I choose since you seem to think that I am illiterate or something.

Very sincerely re-submitted

Mr. Brian Keith Barnett

WC: BKB/AF

CDC 1617 (3/89)

INMATE PAROLEE APPEAL CD 2
STAFF MISCONDUCT COMPLAINT
CONTINUED:

I HAD REPLIED IN THE NEGATIVE AND FROM THAT POINT I BECAME MORE SO SUSPICIOUS THAN I ALREADY HAVE BEEN ABOUT THE EXISTENT IN WHICH MY PROCEDURAL DUE PROCESS RIGHTS HAVE BEEN TRAMPLED. SO WHEN C/O J. SPAULDING APPROACHED THE CELL AND INDICATED THAT HE WAS IN FACT THE INVESTIGATIVE EMPLOYEE ASSIGNED TO INVESTIGATIVE DUTIES RELATIVE TO RVR F.D-05-06-0045 I THEN PROVIDED HIM WITH AN OPPORTUNITY TO MAKE A PHOTO COPY OF MY WORK PRODUCT NOTES OF QUESTIONS TO BE POSED TO WITNESSES PRIOR TO THE HEARING AS WELL AS A SECOND STATEMENT WHICH ASSERTS THE FACT THAT A WRITTEN STATEMENT REGARDING THE INCIDENT WAS REQUESTED AND PROVIDED TO LIEUTENANT J.J. HUGHES BACK IN JULY 200: WHICH SHOULD BE A PART OF THE DOCUMENTATION.

I LATER ON AUGUST 3, 2006 WHEN THE EVENING MEAL WAS BEING SERVED BECAME AWARE THAT C/O J. SPAULDING WAS DOIN OVERTIME AND WORKING AGAIN IN D8 AS ONE OF THE AD-SEG OFFICERS AND I AGAIN SOUGHT TO EMPHASIZE THE IMPORTANCE OF MAINTAINING THE INTEGRITY OF THE INVESTIGATION AT WHICH POINT C/O J. SPAULDING THEN INFORMS ME THAT HE WAS NOT THE INVESTIGATIVE EMPLOYEE AND THAT HE SUPPOSEDLY WAS ONLY DOING A FAVOR FOR A C/O SCHLITZ WHO HE SAID WAS IN FACT THE ASSIGNED INVESTIGATIVE EMPLOYEE WHICH RAISED MY CONCERN SINCE IT WAS A C/O SCHLITZ WHO ALLEGEDLY ISSUED THE CDC RVR F.D-05-06-0045 ON 7-5-05 WHICH IS NOT ACCURATE AS I STATED IN CDC INMATE PAROLEE APPEAL SVSP D-00456 THAT WAS SCREENED OUT AND CANCELLED ON 5-12-06 AND I WOULD ACCORDINGLY REJECT A INVESTIGATIVE EMPLOYEE WHO I KNOW FOR A FACT FROM EXPERIENCE FALSIFIES DOCUMENTS AND PREVARICATES AS I SOUGHT TO POINT OUT IN THE INMATE PAROLEE APPEAL SVSP D 06-00456 IN WHICH I AM THEN SAID TO HAVE FALSIFIED DOCUMENTS WHICH I HAVE NOT BEEN CHARGED WITH FORMALLY AS IS MANDATE BY REGULATIONS. I IN FACT SIMPLY DO WHAT IS REQUIRED TO TRY AND PROTECT MY INTEREST AS IS ONLY RIGHT AND THE STAFF ~~MEMBER~~ MEMBER IN QUESTION OBVIOUSLY SOUGHT TO TRY AND CREATE A PROBLEM FOR ME SO THE FACT OF THE MATTER IS THAT THE OFFICIAL WAS WRONG AND SHOULD ACCORDINGLY BE SANCTIONED.

RESPECTFULLY SUBMITTED

~~signature~~

AUGUST 4, 2006

MR. BRIAN KEITH BARNWAT
T-38323 FACILITY D8-110 ASU
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1050
SOLEDAD. CALIFORNIA 93960-1050

incl: 12KB/pf

EXHIBIT "E"

ANOTHER EXAMPLE OF THE IMPROPER SCREENING OUT OF
AN ADMINISTRATIVE APPEAL WHILE RELATED TO RULES VIOLATION
REPORT FD-05-06-0045 IT IS A DISTINCT ISSUE BEING
RAISED RELATIVE TO THE MISCONDUCT OF A C/O SEVILLA
WHO SIGNED HIS NAME TO A FALSIFIED REPORT IN WHICH
THE SAID IS CLAIMED TO HAVE AUTHORED AN INVESTIGATIVE
EMPLOYEE REPORT WHICH FRAUDULENTLY CLAIMED I WAS
INTERVIEWED BY THE SAID WHEN SUCH NEVER TOOK PLACE
WHEN IN FACT THE ONLY INTERVIEW THAT TOOK PLACE WAS
THE ONE THE PLAINTIFF COMPLAINS OF IN EXHIBIT "D"
WITH C/O J. SPAULDING  (7 PAGES)

EXHIBIT "E"

STATE OF CALIFORNIA —DEPARTMENT OF CORRECTIONS AND REHABILITATION                    ARNOLD SCHWARZENEGGER, GOVERNOR

**INMATE APPEALS BRANCH**

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001



January 25, 2007

BARNETT, CDC #T-38323
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA  93960-1020

Re:

Dear Mr. BARNETT:

The enclosed documents are being returned to you for the following reasons:

This office provides the Director's Level Review of inmate/parolee appeals.  The form must be completed through the Second Level of Review on behalf of the Warden or Parole Region Administrator.  Your appeal was rejected, withdrawn or cancelled.  If you disagree with that decision, contact the Appeals Coordinator. You must comply with instructions from that office.

Your assigned counselor, the Appeals Coordinator, or your Parole Agent can answer any questions you may have regarding the appeals process.  Library staff can help you obtain any addresses you need.

N. GRANNIS, Chief
Inmate Appeals Branch

****PERMANENT APPEAL ATTACHMENT-DO NOT REMOVE****

MR. JAMES TILTON, SECRETARY (A)
CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION
1515 S STREET SUITE 502
SACRAMENTO, CALIFORNIA 95814

NOVEMBER 8, 2006

RE: IMPROPER SCREENING PRACTICES

DEAR MR. SECRETARY

    I AM WRITING THIS COMMUNICATION TO YOU SINCE I HAVE ALREADY SOUGHT TO PRESENT THE PROBLEM TO THE WARDEN AT THIS PRISON AS IS DEMONSTRATED BY THE ENCLOSED MEMORANDUM DATED OCTOBER 15, 2006. TO BE QUITE FRANK CORRECTIONAL STAFF HERE ARE VIOLATING NUMEROUS REGULATIONS AND WHEN A PERSON POINTS OUT A INDIVIDUAL SEPARATE ISSUE THAT HAS TO DO WITH STAFF MISCONDUCT RATHER THAN AS IN THE PAST I PRESENTED ALL ISSUES IN ONE APPEAL AND THE APPEALS COORDINATOR ELOY MEDINA SCREENED OUT THE APPEAL CLAIMING NUMEROUS AND SEPARATE ISSUES EVEN THOUGH THE APPEAL JUST PRESENTED THE FULL SCENARIO OF THE SITUATION AS IT MANIFESTED IN DETAIL SO THEN I WAS INSTRUCTED TO SEPARATE THE ISSUES RESULTING IN (3) THREE SEPARATE ISSUES AND THEN SUBMITTED THEM AND THEN THIS APPEALS COORDINATION AGAIN SCREENS THE APPEAL OUT, CANCELS AMONG OTHER PATENTLY OBSTRUCTIONIST PRACTICES.

    THE ENCLOSED APPEAL IS A STAFF MISCONDUCT COMPLAINT AND IT IS BASED UPON CLEAR VIOLATIONS OF STATE LAWS WHICH INCLUDE BUT IS NOT LIMITED TO FALSIFYING REPORTS IN VIOLATION OF I BELIEVE ITS P.C. 8118, 1181 FALSIFICATION OF OFFICIAL RECORDS WHICH APPEARS TO BE A VERY COMMON PRACTICE AT THIS PRISON. IN FACT THERE HAS BEEN SO MANY REAL AND OBVIOUS PROBLEMS WITH THE RULES VIOLATION REPORT WHICH INCLUDE THE FACT THAT ALL PROCEDURAL DUE PROCESS RIGHTS HAVE BEEN VIOLATED YET THIS APPEAL DID NOT SEEK TO ADDRESS ANYTHING BUT THE STAFF MISCONDUCT ISSUES AND THIS APPEAL DOES NOT DUPLICATE ANY APPEAL AS IT IS A SEPARATE DISTINCT ISSUE OF STAFF MISCONDUCT.

    I ACCORDINGLY REQUEST THAT THIS MATTER BE TURNED OVER TO YOUR INTERNAL AFFAIRS OFFICE AND PROPERLY INVESTIGATE SINCE THE FACTS OF THE MATTER CLEARLY WARRANTS INVESTIGATION SINCE IT APPEARS TO ME THAT THE IDEA IS TO MAKE PRISONERS SERIOUSLY CONSIDER VIOLENT ACTIONS SINCE THE APPEAL PROCESS AT THIS PRISON IS A EXERCISE IN FUTILITY.

VERY SINCERELY

MR. BRIAN KEITH BARNETT
T-38323 FACILITY D8-110 ASU
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1050
SOLEDAD, CALIFORNIA 93960-1050

CC: BKB/H

ENCLOSURE: 602 APPEAL WITH IMPROPER SCREENING

P.S. I AM SO SICK OF THESE GAMES PLAYED THAT I WOULD GLADLY VOLUNTEER TO BE SENT TO ADX FLORENCE COLORADO RATHER THAN BE PRESSED INTO DOING SOMETHING THAT COULD RESULT IN SOME ACTION NEITHER YOU NOR I REALLY WANT TO OCCUR, JUST SEND ME TO THE PELICAN BAY SHU FOR THE DURATION WOULD BE FINE WITH ME SINCE I AM NOT AND DO NOT INTEND TO JUST KEEP ALLOWING THE ABUSE, HUMILIATION, HARM AND OTHER ACTIONS THAT HAVE BEEN DONE IN EXCESS OF THE SENTENCE IMPOSED ON ME OR JUST SHOOT ME AND END IT ALL SINCE I AM BEGINNING TO LOSE MY ABILITY TO MAINTAIN MY CONTROL OF MY IMPULSES WHEN I AM CLEARLY BEING WRONGED WITH IMPUNITY AND I AM BEING DENIED LAWFUL RELIEF ALL THAT IS LEFT IS UNLAWFUL.

State of California     **INMATE / PAROLEE APPEAL SCREENING FORM**     Department of Corrections and Rehabilitation
                                                                                                  CDCR-695

INMATE: _Barnett_        CDC #: _T-38323_      CDC HOUSING: _D8-110_

THIS IS *NOT* AN APPEAL RESPONSE – THIS APPEAL IS EITHER REJECTED FOR ONE OR MORE REASONS NOTED BELOW OR
                              RETURNED TO YOU TO ATTACH SUPPORTING DOCUMENTS.

<u>YOUR APPEAL IS BEING RETURNED TO YOU FOR THE FOLLOWING REASON(S):</u>

[X] Duplicate Appeal; Same Issue                      [ ] Limit of One Continuation Page May Be Attached

[ ] Do Not Combine Staff Complaints with Other Issues  [ ] Inappropriate Statements

[ ] Time Constraints Not Met                          [ ] Action / Decision Not Taken By CDCR

[ ] Cannot Submit On Behalf Of another Inmate          [ ] DRB Decisions Are Not Appealable

[ ] No Significant Adverse Effect Demonstrated         [ ] Appealing Action Not Yet Taken

[ ] Pointless Verbiage/Appeal is vague                 [ ] May Submit One (1) Non-Emergency Appeal Per Week

[ ] Incomplete 602                                     [ ] Not A Request Form; Use CDCR-7362 – to access Medical

[ ] Attempting to Change Original Appeal Issue             Services, submit your request on a CDCR-Form 7362.

[ ] Not Authorized to Bypass Any Level                     If necessary, sign up for sick call.

[ ] Request for Interview; Not an Appeal               [ ] Write your appeal in black or blue ink, this is a legal

[ ] Numerous and separate issues                           document and pencil/inks other than black or blue do

                                                           not copy legibly

**PLEASE FOLLOW INSTRUCTIONS AND <u>RETURN YOUR CDC 602 WITHIN 15 WORKING DAYS</u>**
**Comments:  You may write on back of this form to clarify or respond to the above.**

_this is another Appeal regarding FD-05-06-0045_

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Eloy Medina, CC-II**              Date: _10/24/06_
**Appeals Coordinator**

This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation
on a separate piece of paper, or use the back of this screen out – *do not write any more on the appeal itself.* Please
return this form to the Appeals Coordinator with the necessary information attached.

PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE

*STAFF MISCONDUCT COMPLAINT*

STATE OF CALIFORNIA                                                                 DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region ___ SVP    Log No.    Category    /

1. _____    1. _____
2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.      RVR          FD-05-06-0045

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| BARNETT, BRIAN KEITH | T-38323 | NONE | D8-110 ASU |

A. Describe Problem: ON OCTOBER 11, 2006 A INVESTIGATIVE EMPLOYEE REPORT DATED OCTOBER 10, 2006 BY A C/O SEVILLA WHO CLAIMS TO HAVE BEEN ASSIGNED AS THE INVESTIGATIVE EMPLOYEE ON RVR FD-05-06-0045 ON OCTOBER 10, 2006 AND STATES ON THE INVESTIGATIVE EMPLOYEE REPORT THAT THE SAID C/O SEVILLA INFORMED THE APPELLANT OF THE ASSIGNMENT AND DUTIES AND THE APPELLANT ALLEGEDLY STATED THAT HE HAD NO OBJECTIONS TO THE C/O SEVILLA SERVING IN THAT CAPACITY. THE STATEMENT IS UNTRUE. THE INVESTIGATIVE EMPLOYEE REPORT FURTHER STATES AT INVESTIGATIVE EMPLOYEE'S STATEMENT "I INTERVIEWED ALL STAFF AND INMATE BARNETT CONCERNING THIS RVR" WHICH IS ALSO UNTRUE THE REPORT FURTHER STATES THAT INMATE BARNETT REQUESTED WITNESSES YET THE LIST OF WITNESSES OMITS LVN J ZEIGLER AND THEN ON AUGUST 3 2006 A C/O J. SPAULDING AS I STATED IN A PRIOR INMATE PAROLEE APPEAL DATED AUGUST 4, 2006 CAME TO THE CELL I AM HOUSED

If you need more space, attach one additional sheet.        RECD OCT 24 2006        CONTINUED.

B. Action Requested: THAT THE MATTER BE INVESTIGATED BY C.D.C.R. INTERNAL AFFAIRS DIVISION AND THAT THE APPROPRIATE REFERRALS BE MADE TO THE PROSECUTORIAL AUTHORITIES AND THAT THE DEPARTMENT ACCEPT FULL LIABILITY FOR ALL HARM TO THE APPELLANT AS OF A RESULT

RET'D NOV 08 2006

Inmate/Parolee Signature: _____    Date Submitted: OCTOBER 15, 2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

Signature: _____    Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim
CDC Appeal Number: _____

INMATE/PAROLEE APPEAL
ITEM A. DESCRIBE PROBLEM CONTINUED:

AND SPECIFICALLY STATED TO ME THAT HE WAS THE ASSIGNED INVESTIGATIVE EMPLOYEE, I AT THE TIME ASKED C/O J. SPAULDING SEVERAL TIMES IF HE WAS IN FACT THE INVESTIGATIVE EMPLOYEE DUE TO THE FACT THAT A C/O HICKS ON A PRIOR OCCASION CAME TO THE CELL ASKING ME FOR MY WRITTEN STATEMENT AND ANY QUESTIONS I MAY HAVE FOR A C/O SCHLITZ. I AT THAT TIME ASKED HER WHO WAS SCHLITZ SINCE I NEVER SPOKE TO ANY C/O SCHLITZ SO WHEN THIS J. SPAULDING APPROACHED ME REGARDING THE MATTER I NATURALLY ASKED HIM SEVERAL TIMES IF HE WAS INFACT THE I.E. ON RVR FD-05-06-0045 AND WHEN HE CONTINUED TO AFFIRM HIS ASSIGNMENT VERBALLY I THEN PROVIDED TO HIM AN (8) EIGHT PAGE SET OF QUESTIONS AS WELL AS A WRITTEN STATEMENT WHICH I ALLOWED C/O J. SPAULDING TO MAKE A COPY OF AND RETURN MY ORIGINAL TO ME THAT SAME DAY. C/O SPAULDING I NOTED WAS WORKING A DOUBLE AND SINCE HE HAD TOLD ME HE WAS MY INVESTIGATIVE EMPLOYEE I AGAIN SOUGHT TO EMPHASIZE THE IMPORTANCE OF MAINTAINING THE INTEGRITY OF THE INVES- TIGATION AT WHICH POINT C/O J. SPAULDING THEN INFORMS ME THAT HE WAS NOT THE INVESTIGATIVE EMPLOYEE BUT C/O SCHLITZ WAS THE INVESTIGATIVE EMPLOYEE AND THAT HE C/O SPAULDING WAS ONLY DOING SCHLITZ A FAVOR SO I ACCORDINGLY WROTE A 602 APPEAL CITIZENS COMPLAINT WHICH I SUBMITTED AUGUST 4, 2006 AND ON AUGUST 7, 2006 ELOY MEDINA CCII APPEALS COORD- INATOR SVSP SCREENED OUT THE APPEAL ON THE PREMISE THAT "TO APPEAL AN RVR YOU MUST ATTACH A COMPLETE FINAL COPY WITHIN 15 DAYS OF RECEIPT" HOWEVER AS I STATED IN THE MEMORANDUM I SENT BACK DATED AUGUST 23, 2006 (I RECEIVED THE APPEAL BACK AUGUST 21, 2006) IN WHICH I POINTED OUT THAT THE APPEAL WAS NOT ADDRESSING THE RVR BUT IN FACT TO ADDRESS A EMPLOYEE MISCONDUCT MATTER HOWEVER ELOY MEDINA CCII ON AUGUST 24, 2006 CANCELLED THE APPEAL DENYING ME MY RIGHT TO APPEAL BASED UPON A BOGUS PREMISE CLAIMED TO BE PER 15 CCR § 3084. 4(D) "LACK OF COOPER- ATION" WHICH IS CLEARLY SPECIOUS OR MISLEADING. AND NOW AGAIN A ISSUE OF STAFF MISCONDUCT WHICH INCLUDE THE FALSE OR FABRICATED CLAIMS TO HAVE INTERVIEWED THE APPELLANT AND FALSIFICATION OF DOCUMENTS WHICH INTERESTINGLY ENO- UGH ARE NOT SIGNED BY C/O SEVILLA ON OCTOBER 11, 2006 BUT SOME OTHER STAFF MEMBER ① C/O SEVILLA WHICH IN EFFECT IS AN ATTEMPT TO SHIELD THE ACTUAL CULPRITS OF THIS MASSIVE CONSPIRACY TO TRY AND CONCEAL FACTS, FALSIFICATION OF OFF- ICIAL DOCUMENTS, AND THE DENIAL OF MY DUE PROCESS HEARING RIGHTS FOR WHAT HAS NOW BEEN WELL OVER A YEAR.
RESPECTFULLY SUBMITTED

DATED: OCTOBER 15, 2006

MR. BRIAN KEITH BARNETT
T-38323 FACILITY D8-110 ASU
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1050
SOLEDAD, CALIFORNIA 93960-1050

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS

CDC 1858  (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

RE: %o SILVILLA INVESTIGATION REPORT I.E. DATED 10-10-2006  SEE ATTACHED INMATE PAROLEE APPEAL DATED OCTOBER 15, 2006

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer]  **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE.  IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.**  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| BARNETT, BRIAN KEITH | | OCTOBER 15, 2006 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| BARNETT BRIAN KEITH | | T-38323 | 10-15-2006 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

State of California                                                                                                  Department of Corrections

# Memorandum

Date : OCTOBER 15, 2006

To : MR. MICHAEL EVANS WARDEN
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1020
SOLEDAD, CALIFORNIA 93960-1050

FROM : BARNETT, BRIAN KEITH
T-38323 FACILITY D8-110 ASU
SALINAS VALLEY STATE PRISON
POST OFFICE BOX 1050
SOLEDAD, CALIFORNIA 93960-1050

Subject : STAFF MISCONDUCT COMPLAINT (CONSPIRACY)

DEAR WARDEN:

    I AM SENDING THE ENCLOSED 602 ADMINISTRATIVE APPEAL IN VIEW OF THE FACT THAT IT IS A STAFF MISCONDUCT COMPLAINT AND IT IMPLICATES MORE THAN (2) TWO PERSONS IN A CONSPIRACY TO DENY ME MY PROCEDURAL DUE PROCESS RIGHTS AND THE SITUATION ENCOMPASSES THE FALSIFICATION OF DOCUMENTS THE OMITION OF RELEVANT FACTS THE DENIAL OF MY RIGHT TO APPEAL ISSUES THAT MAY BE RELATED YET NOT DEALING WITH THE ACTUAL DISCIPLINARY HEARING ON RVR FD-05-06-0045, CRIME INCIDENT REPORT SVP-FD1-05-06-040. BOTH BEING DATED JUNE 24, 2005 YES TWO THOUSAND AND FIVE WHICH HAS NOT BEEN HEARD AS OF THE DAY OF THIS COMMUNICATION. AS STATED IN THE BODY AT SECTION A. DESCRIBE PROBLEM A C/O SEVILLA IS SAID TO HAVE BEEN ASSIGNED AS INVESTIGATIVE EMPLOYEE I.E. ON THE ABOVE REFERENCED RVR HOWEVER I WAS NEVER INFORMED NOR WAS I EVER INTERVIEWED AMONG OTHER ISSUES AS MENTIONED IN THE ATTACHED ADMINISTRATIVE APPEAL. NOW FOR ME TO SEND THIS APPEAL TO ELOY MEDINA CCII APPEALS COORDINATOR THE APPEAL WOULD BE SCREENED OUT AS THE ONE PREVIOUSLY SUBMITTED ON AUGUST 4, 2006 REGARDING SIMILAR STAFF MISCONDUCT ON THE SO CALLED PREMISE THAT I AM REQUIRED TO ATTACH A COMPLETED FINAL COPY OF THE RVR WHICH IN THIS CASE THE ISSUE BEING APPEALED IS NOT A ACTUAL HEARING BUT ISSUES PRIOR TO THE HEARING THAT ARE CRIMES PURSUANT TO BOTH STATE AND FEDERAL LAW AND IT SEEMS AS THOUGH EVERY EFFORT HAS BEEN MADE TO TRY AND CONCEL THE FACTS YET I AM NOT ABOUT TO JUST SIT AND ACCEPT IT. I HAVE BEEN IN AD-SEG SINCE JUNE 2005 CONTINUOUSLY AND EACH PREVIOUS INMATE PAROLEE APPEAL I HAVE SUBMITTED REGARDING THIS ISSUE OR BETTER YET A ISSUE RELATED TO THE ABOVE STATED RULES VIOLATION REPORT THE APPEALS COORDINATOR HAS SCREENED THE MATTER OUT AND THEN EVEN WHEN I PROVIDE A REASONABLE EXPLAINATION AS TO WHY THE SCREENING IS IN ERROR THEN THE SAID ELOY MEDINA CCII CANCELLS THE APPEAL CLAIMING I AM NOT COOPERATING. NO I WILL NOT COOPERATE IN A FRAUD OR ACCEPT WHAT I KNOW IS CONTRARY TO THE RULES REGULATIONS AND LAWS. THE MATTER RAISE IN THIS APPEAL IS A VALID ISSUE AND IT WILL NOT KEEP TIL AFTER A HEARING SINCE I ANTICIPATE OTHER ISSUES TO COME UP AND THEN THE EXCUSE WILL NUMEROUS AND SEPARATE ISSUES AS HAS BEEN PREVIOUSLY THE CASE SO I ASK THAT YOU SPECIFICALLY TAKE CONTROL OF THIS APPEAL TO INSURE IT IS PROPERLY PROCESSED TO ITS CONCLUSION.

VERY SINCERELY

MR. BRIAN KEITH BARNETT

wc: 0KB/PC
CDC 1617 (3/89)

EXHIBIT "F"

MAY 25, 2006 COMMUNICATION FROM MONTEREY COUNTY
DISTRICT ATTORNEYS OFFICE IN RESPONSE TO PETITIONERS
MAY 17, 2006 WRITTEN INQUIRE TO THE DISTRICT ATTOR-
NEY AS TO CRIME INCIDENT REPORT #05-06-0403 THAT
WAS NOT SUBMITTED FOR DISTRICT ATTORNEY REVIEW UNTIL
SEPTEMBER 20, 2005 APPROXIMATELY 90 DAYS LATER.
CDC 128 G CLASSIFICATION CHRONO DATED 4-27-2006
AND CDC 128 G CLASSIFICATION- CSR ACTION DATED 5-24-
2006

EXHIBIT "F"

# MONTEREY COUNTY

## OFFICE OF THE DISTRICT ATTORNEY

**DEAN D. FLIPPO**
DISTRICT ATTORNEY

May 25, 2006

Mr. B. K. Barnett
T-38323 Facility D1-210 ASU
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dear Inmate Barnett:

I am in receipt of your letter dated May 17, 2006. In your letter, you have requested the dates for case #05-06-0403.

I rejected the case, and it will not be filed. The case was received in our office on September 20, 2005. I rejected the case on March 30, 2006. The files are no longer in my possession, and this is the only information I can give you. If you need anything further, you will need to make your request to CDC.

Sincerely,

DEAN D. FLIPPO
District Attorney

Rick Storms
Deputy District Attorney

240 CHURCH STREET, ROOM 101
P.O. BOX 1131
SALINAS, CALIFORNIA 93902
TELEPHONE: (831) 755-5070
FAX:           (831) 755-5068

1200 AGUAJITO ROAD, ROOM 301
MONTEREY, CALIFORNIA 93940
TELEPHONE: (831) 647-7770
FAX:           (831) 647-7762

250 FRANCISCAN WAY
P.O. BOX 632
KING CITY, CALIFORNIA 93930
TELEPHONE: (831) 385-8325
FAX:           (831) 385-8365

# CALIFORNIA DEPARTMENT OF CORRECTIONS

*(handwritten left margin, rotated): A. WILLIAMS CCII DID THIS 1114-D JUNE 29, 2005*

NAME: BARNETT                     CDC #: T38323                     BED: D-8-110L

## COMMITTEE ACTION SUMMARY

VACATE 5 MONTH MIDRANGE SHU TERM. RETAIN ASU PENDING COMPLETION OF RVR # FD-05-06-0045 DATED 6-20-05 & SHU AUDIT. RVR B05-12-0021R DATED 6-20-05, ASSESS & IMPOSE 5 MONTH MIDRANGE SHU TERM MERD DATED 10-13-05. REFER TO CSR FOR SHU AUDIT ONLY & RX 90 DAY EXT., CONTINUE DOUBLE CELLING/WALKALONE YARD. PSYCH. CCCMS.

## COMMITTEE'S COMMENTS

Inmate BARNETT declined to appear before Salinas Valley State Prison's (SVSP's) Administrative Segregation Unit (ASU) Institutional Classification Committee (ICC) today for his Program Review and therefore ICC was held in absentia. BARNETT did receive his 72-hour notice for the purpose of this review. According to BARNETT'S CDC 114D, he was placed into SVSP's ASU on 12/12/2005 for: Battery on Non-Inmate without SBI. ICC notes on the RVR for Battery on Staff, the inmate postponed pending DA referral. ICC notes that the DA office has it still pending. ICC notes that the inmate declined to appear for ICC. The inmate expressed himself on a inmate interview that will be attached to his CDC-128G dated 4-27-06. Based upon a review of BARNETT'S CDC 114D, Central File, and case factors committee elects to: Vacate 5 month midrange SHU term. Retain ASU pending completion of RVR # FD-05-06-0045 dated 6-20-05 & SHU audit. RVR B05-12-0021R dated 6-20-05, assess & impose 5 month midrange SHU term MERD dated 10-13-05. Refer to CSR for SHU audit only & rx 90 Day ext., continue double celling/walkalone yard. Psych. CCCMS.

*(handwritten): STILL HAVE NOT HAD A HEARING NEVER WAIVED ANY RIGHTS*

### SHU ASSESSMENT

SHU MERD: 10-13-05 - RVR #: B05-12-0021R (Threatening Staff)

FOC: 30 days (Division F Offense) - D2D: From 6-20-05 to 7-20-05

SHU Term: 5 month(s), ICC elects not to Mitigate or Aggravate due to:

At the conclusion of this review, BARNETT will be informed of his Appeal Rights with regards to this committee's actions.

*(handwritten left margin, rotated): ADMINISTRATIVE SGT. AT SVSP*

## INMATE CASE FACTORS

| CUSTODY | PSI/LEVEL | WG/PG & EFF. DATE | RELEASE DATE | GPL | RECLASS | AGE | ETHNIC | TERMER | NEXT BPT & DATE |
|---|---|---|---|---|---|---|---|---|---|
| MAX | 64/IV | D1D - 6/20/2005 | EPRD 9/2/2009 | 8.4 | 2/25/2006 | 48 | BLA | 4th | N/A |

| RECEIVED | RECEIVED FROM & TYPE OF TX | RECEIVED CDC | COUNTY OF COMMITMENT | SENTENCE | RESTITUTION |
|---|---|---|---|---|---|
| 10/29/2002 | 03/07/2002 Adverse | 12/20/2001 | San Diego | 11 Years | $1200.00 |

**COMMITMENT OFFENSE**
Trans/Sell/CS

| PRIOR ARREST HISTORY | DISCIPLINARY HISTORY |
|---|---|
| Trans/Sell/ C/S CYA 12/1971,8/1972, 4/1975 Assault with a Deadly Weapon, 5/1973 Robbery, 7/1974, Taking a Vehicle w/out Owner's Consent. 7/1975, Battery, Burglary. Adult 11/1978, Assault with a Deadly Weapon. | Battery on Peace Officer reduced to Disrespect W/Potential for Vilence/Disruption, Mututal Combat, Willfully Resiting a Peace Officer, Threatening Staff |

| SEX OFFENSES | ARSON OFFENSES | ESCAPES |
|---|---|---|
| Clear as of 11/30/2005 | Clear as of 11/30/2005 | Clear as of 11/30/2005 |

| ENEMIES | GANG/TIP | CONFIDENTIAL |
|---|---|---|
| Noted on CDC 812 & CDC 812C | None | Noted & Reviewed |

| MEDICAL | TB - DATE 128C | DENTAL | DPP | SUBSTANCE ABUSE |
|---|---|---|---|---|
| Full Duty | 22 - 5/29/2005 | 3 | N/A | Alcohol, Marijuana |

| PSYCH | MDO | DDP |
|---|---|---|
| CCCMS | Doesn't Meet MDO Criteria | NCF |

| HOUSING | CELL STATUS | CAMP, MSF, CCF, SAP, CCRC, REST. CENTER, & MCCF ELIGIBILITY | | |
|---|---|---|---|---|
| 180 Design (A1) | Double Cell 9/2/2004 | Camp Eligible: No TIM - PLS | CCF Eligible: No TIM - PLS | CCRC Eligible: No TIM - PLS |
| | | MSF Eligible: No TIM - PLS | SAP Eligible: No TIM - PLS | Rest. Center Eligible: No TIM - PLS |
| | | MCCF Eligible: No TIM - PLS | | |

| FPTTP | HWD | JOB ASSIGNMENT |
|---|---|---|
| US Citizen | None | Unassigned |

## COMMITTEE MEMBERS

*MEMBERS*
G. Lewis, FC.; P. Bonilla, Psych.

*CHAIRPERSON*
D. Travers, CDW (A)

*RECORDER*
A. Williams, CCII

Committee Date: 4/27/2006          **PROGRAM REVIEW (ABSENTIA)**          Committee: ICC

Typed By: ALW - Distribution: C-File & Inmate     SALINAS VALLEY STATE PRISON     Classification Chrono CDC 128G (Rev: 3/05)

State of California

Department of Corrections
CDC 128-G

No. T-38323                    NAME:  BARNETT

*Comment*:        90 day ASU extension from ICC action of 4/27/06 approved to complete RVR/DA referral process relative to RVR of 6/24/05 for Battery on Staff.

- 5 month SHU term for RVR of 12/13/05 for Threat to a Non-Inmate approved as assessed by ICC action of 4/27/06 with an expired MERD of 10/13/05.

**Return to CSR no later than 7/26/2006 with status update.**

Isola, CSR

**Date: 5/24/2006**            **Classification - CSR ACTION**                **SVSP**

---

RVR OF 6/24/05
D.A. REJECT MARCH 30, 2006
DATE REFERRED SEPTEMBER 20, 2005
15 CCR § 3316. (b)(1)(C) WOULD APPLY IF I HAD WAIVE HEARING RIGHTS BUT I NEVER WAIVE ANY SUCH AND THAT IS CLEAR BY EXAMINING THE 115-A HOWEVER THEY CLAIM THAT I HAD WAIVE THE HEARING BY PUTTING RTS (REFUSED TO SIGN) ON THE 115-A WHICH I NEVER RECEIVED UNTIL I FILED INMATE PAROLEE APPEAL SVSP D06-00456 WHICH ELOY MEDINA CCII APPEALS COORDINATOR CANCELLED OUT THIS SHOWS THAT EVEN THOUGH THE D.A. REJECTED THE ALLEGATION ON 3/30/06 (THOUGH I NEVER WAIVED ANY HEARING RIGHTS) THIS CSR CHRONO WAS GENERATED 5/24/06 WELL OVER THE 30 DAYS IN WHICH A HEARING IS MANDATED TO TAKE PLACE IF I HAD WAIVED TIME