IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRIAN KIETH BARNETT,

    Plaintiff,

  v.

ELOY MEDINA, et al.,

    Defendants.
                          /

No. C 07-04071 CW (PR)

ORDER OF DISMISSAL

Plaintiff Brian Kieth Barnett, a state prisoner, has filed a pro se complaint under 42 U.S.C. § 1983. The Court has granted Plaintiff's application for leave to proceed in forma pauperis. Plaintiff has not exhausted California's prison administrative process, however.

The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner

suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 2387 (2006).

The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides them the right to file appeals alleging misconduct by correctional officers/officials. Id. § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second level appeal to the institution head or designee; and (4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12 (b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). However, a complaint may be dismissed by the court for failure to exhaust if a

prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

Here, Plaintiff concedes he has not exhausted his administrative remedies to the Director's level of review. However, he alleges in his complaint that he submitted administrative appeals as to all of his claims. He maintains that his "efforts to exhaust administrative remedies were obstructed in the (5) five instances the matters were sought to be raised via the CDC administrative appeal process." (Compl. at 2.)

Plaintiff alleges that he was unable to exhaust his administrative remedies because prison officials did not respond to his appeals. However, Plaintiff's conclusory allegation that the administrative remedies process was inadequate is insufficient to defeat dismissal of the claims for failure to exhaust. See White v. McGinnis, 131 F.3d 593, 595 (6th Cir. 1997). According to Plaintiff, some of his 602 appeals were "screened out" at the informal level of appeal. (Compl. at 2-A-2-C, 3-J.) Plaintiff also claims that his other 602 appeals were reviewed at the first and/or second level before they were "cancelled." (Id.) Attached to Plaintiff's complaint is one of his 602 appeal forms, log. no. 06-03432, which reached the second level of review and was subsequently "cancelled" due to Plaintiff's "refusal to interview." Thus, although some claims allegedly went unanswered, an allegation of overall inadequacy is not supported. Moreover, some of the matters complained of occurred as far back as 2005, giving Plaintiff more than adequate time to renew his attempt to exhaust his administrative remedies before filing the present lawsuit. The purposes of the exhaustion requirement include allowing the prison

3

to take appropriate responsive action, filtering out frivolous cases, and creating administrative records which can be reviewed in court proceedings. See Porter, 534 U.S. at 524-25. "Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources," Turner v. Safley, 482 U.S. 78, 84-85 (1987); absent substantial evidence to the contrary, courts should defer to prison officials' judgment regarding prison security and administration, id. at 86. Plaintiff's claims should be addressed by prison officials before they are addressed by the federal courts.

Plaintiff has not presented any extraordinary circumstances which might compel that he be excused from complying with PLRA's exhaustion requirement. Cf. Booth, 532 U.S. at 741 n.6 (courts should not read "futility or other exceptions" into § 1997e(a)). For these reasons, the Court finds that Plaintiff has not exhausted his administrative remedies and is not excused from so doing.

Accordingly, Plaintiff's complaint is DISMISSED without prejudice to refiling after exhausting California's prison administrative process. See McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (action must be dismissed without prejudice unless prisoner exhausted available administrative remedies before he filed suit, even if prisoner fully exhausts while the suit is pending).

The Clerk of the Court shall enter judgment in accordance with this Order and close the file.

IT IS SO ORDERED.

Dated: 5/20/08

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

BRIAN K BARNETT,

        Plaintiff,

v.

ELOY MEDINA et al,

        Defendant.

Case Number: CV07-04071 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 20, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Brian Keith Barnett T-38323
Facility 4A2R-005L
CSP-Corcoran SHU
4001 King Avenue
P.O. Box 3476
Corcoran, CA 93212-3476

Dated: May 20, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

P:\PRO-SE\CW\CR.07\Barnett4071.dismiss.wpd   5